IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETRUSS MEDIA GROUP, LLC f/k/a TAKE 5 MEDIA GROUP, LLC, et al.,<br><br>            Petitioners,<br><br>v.<br><br>ADVANTAGE SALES & MARKETING LLC, et al.,<br><br>            Respondents. | Case No.   1:22-cv-3278 |

**DECLARATION OF LAUREN H. EVANS IN SUPPORT OF TAKE 5 PARTIES'
PETITION TO VACATE OR SET ASIDE ARBITRATION AWARDS**

I, Lauren H. Evans, declare under penalty of perjury as follows:

I am an associate at the law firm of McDermott Will & Emery LLP and counsel for Petitioners Petruss Media Group, LLC, f/k/a Take 5 Media Group, LLC, Alexander Radetich, Richard Gluck, and RJV Marketing Corp. (collectively the "Take 5 Parties" or "Petitioners") in the above-captioned action. I make this declaration based upon personal knowledge and in support of the Take 5 Parties' Petition to Vacate or Set Aside Arbitration Awards.

1. Attached as **Exhibit 1** is a true and correct copy of the Interim Award entered in the underlying arbitration on August 4, 2022, which is filed under seal pursuant to paragraph 13 of the parties' Stipulated Order Governing the Production and Exchange of Confidential and Highly Confidential Information ("Stipulated Order").

2. Attached as **Exhibit 2** is a true and correct copy of the Final Award entered in the underlying arbitration on October 4, 2022.

3. Attached as **Exhibit 3** is a true and correct copy of the Modified Final Award entered in the underlying arbitration on October 20, 2022.

4. Attached as **Exhibit 4** is a true and correct copy of the Take 5 Parties' Amended Statement of Claim filed in the underlying arbitration on November 19, 2020.

5. Attached as **Exhibit 5** is a true and correct copy of Exhibit A to the Take 5 Parties' Statement of Claim, Asset Purchase Agreement by and among Advantage Sales & Marketing LLC, Take 5 Media Group, LLC, Alexander Radetich, Richard Gluck, and RJV Marketing Corp dated March 15, 2018.

6. Attached as **Exhibit 6** is a true and correct copy of the Respondent and Counter-Claimant/Cross-Claimant Advantage Sales & Marketing LLC's Response to Arbitration Demand and Second Amended Counter-Demand and Cross-Demand filed in the underlying arbitration on November 16, 2020.

7. Attached as **Exhibit 7** is intentionally left blank.

8. Attached as **Exhibit 8** is a true and correct copy of the of the Notice of Claim Pursuant to Section 8.4(b) and Notice of Dispute Pursuant to Section 10.11 of the Asset Purchase Agreement sent on August 20, 2019.

9. Attached as **Exhibit 9** is a true and correct copy of the Demand for Arbitration and Statement of Claim filed in the underlying arbitration on September 3, 2019.

10. Attached as **Exhibit 10** is a true and correct copy of the Respondent and Counter-Claimant/Cross-Claimant Advantage Sales & Marketing LLC's Response to Arbitration Demand

and Counter-Demand and Cross-Demand for Indemnification, Breach of Contract and Fraud filed in the underlying arbitration on September 19, 2019.

11. Attached as **Exhibit 11** is a true and correct copy of the Order Ruling on Advangage's [sic] Motion to Dismiss Cetain [sic] Counts in Take 5's Amended Statement of Claim filed in the underlying arbitration on January 20, 2021.

12. Attached as **Exhibit 12** is a true and correct copy of the Report of Preliminary Hearings and Scheduling Order entered in the underlying arbitration on July 19, 2020.

13. Attached as **Exhibit 13** is a true and correct copy of the Memorandum of Points and Authorities in Support of Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P's Motion for Summary Judgment, or in the Alternative, for Summary Adjudication filed in the underlying arbitration on November 17, 2021, filed under seal pursuant to the Stipulated Order.

14. Attached as **Exhibit 14** is a true and correct copy of The Take 5 Parties' Memorandum of Law in Opposition to the Advantage Parties' Motion for Summary Judgment, or in the Alternative, for Summary Adjudication filed in the underlying arbitration on December 7, 2021, filed under seal pursuant to the Stipulated Order.

15. Attached as **Exhibit 15** is a true and correct copy of the Reply in Support of the Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P's Motion for Summary Judgment, or in the Alternative, for Summary Adjudication filed in the underlying arbitration on December 15, 2021, filed under seal pursuant to the Stipulated Order.

16. Attached as **Exhibit 16** is a true and correct copy of The Take 5 Parties' Corrected Motion for Summary Disposition as to All Claims Alleged in the Advantage Parties' Second Amended Counter-Demand and Cross-Demand filed in the underlying arbitration on November 18, 2021, filed under seal pursuant to the Stipulated Order.

17. Attached as **Exhibit 17** is a true and correct copy of the Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P.'s Opposition to Take 5's Motion for Summary Disposition as to All Claims Alleged in the Advantage Parties' Second Amended Counter-Demand and Cross-Demand filed in the underlying arbitration on December 7, 2021, filed under seal pursuant to the Stipulated Order.

18. Attached as **Exhibit 18** is a true and correct copy of The Take 5 Parties' Reply Memorandum of Law in Further Support of the Summary Disposition as to All Claims Alleged in the Advantage Parties' Second Amended Counter-Demand and Cross-Demand filed in the underlying arbitration on December 15, 2021, filed under seal pursuant to the Stipulated Order.

19. Attached as **Exhibit 19** is a true and correct copy of the Order Denying Cross Motions for Summary Disposition and Take 5's Daubert Motion Relating to Wei and Lacaster. Reserving on Take 5's Motion Concerning Spoliation of Evidence; Take5's Motion Based on Advantage's Noncompliance with Orders; Advantage's Motion for Evidentiary Sanctions; and Advantage's Motion to Strike Statements by Findeisen, Stricchiola, and Hochman entered in the underlying arbitration on December 29, 2021, filed under seal pursuant to the Stipulated Order.

20. Attached as **Exhibit 20** is a true and correct copy of the Emergency Motion and Memorandum of Law of Claimants/Counter-Respondents Petruss Media Group, LLC f/k/a Take

5 Media Group, LLC, et al. in Support of Emergency Motion for Stay of Arbitration Action filed in the underlying arbitration June 23, 2021, filed under seal pursuant to the Stipulated Order.

21. Attached as **Exhibit 21** is a true and correct copy of excerpts of the Deposition Transcript of Gary Colen for the deposition taken in the underlying arbitration on June 8, 2021, filed under seal pursuant to the Stipulated Order.

22. Attached as **Exhibit 22** is a true and correct copy of the Respondent and Counter-Claimant/Cross-Claimants' Response to Claimant/Cross-Respondents' First Request for Production of Documents and Information served in the underlying arbitration on June 12, 2020.

23. Attached as **Exhibit 23** is a true and correct copy of the Take 5 Parties' Motion to Compel with exhibits filed in the underlying arbitration on August 14, 2020, filed under seal pursuant to the Stipulated Order.

24. Attached as **Exhibit 24** is a true and correct copy of the Opposition of Advantage Parties to Emergency Motion of Petruss Media Group, LLC f/k/a Take 5 Media Group, LLC et al., for Stay of Arbitration Action filed in the underlying arbitration on June 28, 2021, filed under seal pursuant to the Stipulated Order.

25. Attached as **Exhibit 25** is a true and correct copy of the Advantage Parties' Response to the Take 5 Parties' Motion to Compel filed in the underlying arbitration on August 24, 2020, filed under seal pursuant to the Stipulated Order.

26. Attached as **Exhibit 26** is a true and correct copy of the Reply by Take 5 Parties in Support of Emergency Motion for Stay of Arbitration Action filed in the underlying arbitration on June 29, 2021, filed under seal pursuant to the Stipulated Order.

27.     Attached as **Exhibit 27** is a true and correct copy of the Order Denying Take 5's Motion to Stay entered in the underlying arbitration on June 29, 2021, filed under seal pursuant to the Stipulated Order.

28.     Attached as **Exhibit 28** is a true and correct copy of the Deposition Transcript of Alexander Radetich for the deposition taken in the underlying arbitration on July 1, 2021, filed under seal pursuant to the Stipulated Order.

29.     Attached as **Exhibit 29** is a true and correct copy of the Deposition Transcript of Richard Gluck for the deposition taken in the underlying arbitration on July 8, 2021, filed under seal pursuant to the Stipulated Order.

30.     Attached as **Exhibit 30** is a true and correct copy of the Take 5's Motion for Advantage to Turn Over Records of Witness Interviews – Relied Upon in its Expert Report – Forthwith filed in the underlying arbitration on October 1, 2021, filed under seal pursuant to the Stipulated Order.

31.     Attached as **Exhibit 31** is a true and correct copy of the Respondent and Counter-Claimant Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P.'s Responses to Claimant/Counter-Respondent Petruss Media Group, LLC, f/k/a Take 5 Media Group, LLC's Second Request for Production of Documents and Information served in the underlying arbitration on September 3, 2020.

32. Attached as **Exhibit 32** is a true and correct copy of Hearing Exhibit A-0431A entered into the hearing record in the underlying arbitration on May 2, 2022, filed under seal pursuant to the Stipulated Order.

33. Attached as **Exhibit 33** is a true and correct copy of the Take 5 Parties' Motion to Preclude Testimony and Evidence Regarding the Advantage Parties' Damages Claims filed in the underlying arbitration on April 27, 2022, filed under seal pursuant to the Stipulated Order.

34. Attached as **Exhibit 34** is a true and correct copy of Discovery Order No 2 entered in the underlying arbitration on September 10, 2020, filed under seal pursuant to the Stipulated Order.

35. Attached as **Exhibit 35** is a true and correct copy of the Take 5 Parties' Motion for Relief and Exhibits 13-15 and 19 to the motion filed in the underlying arbitration on April 14, 2022, filed under seal pursuant to the Stipulated Order.

36. Attached as **Exhibit 36** is a true and correct copy of the Order Ruling on Take 5's Motion to Produce FTI Report entered in the underlying arbitration on September 16, 2021, filed under seal pursuant to the Stipulated Order.

37. Attached as **Exhibit 37** is a true and correct copy of Correspondence from Michael Strub sent on August 20, 2021, filed under seal pursuant to the Stipulated Order.

38. Attached as **Exhibit 38** is a true and correct copy of the Order Ruling on Take 5's Motion to Produce Notes of Witness Interviews filed in the underlying arbitration on October 8, 2021, filed under seal pursuant to the Stipulated Order.

39. Attached as **Exhibit 39** is a true and correct copy of Take 5's Motion to Remedy Advantage's Obstreperous Refusal to Comply with Orders and exhibits filed in the underlying arbitration on December 15, 2021, filed under seal pursuant to the Stipulated Order.

40. Attached as **Exhibit 40** is a true and correct copy of the Advantage Parties' Response to Take 5 Parties' Discovery Motions filed in the underlying arbitration on January 10, 2022, filed under seal pursuant to the Stipulated Order.

41. Attached as **Exhibit 41** is a true and correct copy of the Order Relating to Notes of Interviews by FTI and L&W entered in the underlying arbitration on February 21, 2022, filed under seal pursuant to the Stipulated Order.

42. Attached as **Exhibit 42** is a true and correct copy of Correspondence from the Honorable Judge Eyler to the parties in the underlying arbitration on April 24, 2022, filed under seal pursuant to the Stipulated Order.

43. Attached as **Exhibit 43** is a true and correct copy of The Take 5 Parties' Memorandum of Law in Support of Their Motion for an Adverse Inference and Sanctions for Spoliation of Evidence Against the Advantage Parties filed in the underlying arbitration on November 24, 2021, filed under seal pursuant to the Stipulated Order.

44. Attached as **Exhibit 44** is a true and correct copy of the Rebuttal Expert Report of Jessie Stricchiola served in the underlying arbitration on October 6, 2021, filed under seal pursuant to the Stipulated Order.

45. Attached as **Exhibit 45** is a true and correct copy of Hearing Exhibit T-127, Declaration of Jessie Stricchiola in Support of the Take 5 Parties' Motion for Summary Disposition

executed in the underlying arbitration on December 15, 2021, filed under seal pursuant to the Stipulated Order.

46. Attached as **Exhibit 46** is a true and correct copy of the December 15, 2020 Discovery Order entered in the underlying arbitration on December 15, 2020.

47. Attached as **Exhibit 47** is a true and correct copy of excerpts of the Deposition Transcript of Michael Boy for the deposition taken in the underlying arbitration on May 18, 2021, filed under seal pursuant to the Stipulated Order.

48. Attached as **Exhibit 48** is a true and correct copy of the Hearing Transcript Volume I (Day 1) for the hearing that took place in the underlying arbitration on January 25, 2022, filed under seal pursuant to the Stipulated Order.

49. Attached as **Exhibit 49** is a true and correct copy of the Hearing Transcript Volume II (Day 2) for the hearing that took place in the underlying arbitration on January 26, 2022, filed under seal pursuant to the Stipulated Order.

50. Attached as **Exhibit 50** is a true and correct copy of the Hearing Transcript Volume III (Day 3) for the hearing that took place in the underlying arbitration on January 27, 2022, filed under seal pursuant to the Stipulated Order.

51. Attached as **Exhibit 51** is a true and correct copy of the Hearing Transcript Volume IV (Day 4) for the hearing that took place in the underlying arbitration on January 28, 2022, filed under seal pursuant to the Stipulated Order.

52. Attached as **Exhibit 52** is a true and correct copy of the Hearing Transcript Volume V (Day 5) for the hearing that took place in the underlying arbitration on January 31, 2022, filed under seal pursuant to the Stipulated Order.

53. Attached as **Exhibit 53** is a true and correct copy of the Hearing Transcript Volume VI (Day 6) for the hearing that took place in the underlying arbitration on February 1, 2022, filed under seal pursuant to the Stipulated Order.

54. Attached as **Exhibit 54** is a true and correct copy of the Hearing Transcript Volume VII (Day 7) for the hearing that took place in the underlying arbitration on February 2, 2022, filed under seal pursuant to the Stipulated Order.

55. Attached as **Exhibit 55** is a true and correct copy of the Hearing Transcript Volume VIII (Day 8) for the hearing that took place in the underlying arbitration on February 3, 2022 filed under seal pursuant to the Stipulated Order.

56. Attached as **Exhibit 56** is a true and correct copy of the Hearing Transcript Volume IX (Day 9) for the hearing that took place in the underlying arbitration on February 4, 2022, filed under seal pursuant to the Stipulated Order.

57. Attached as **Exhibit 57** is a true and correct copy of the Hearing Transcript Volume X (Day 10) for the hearing that took place in the underlying arbitration on May 2, 2022, filed under seal pursuant to the Stipulated Order.

58. Attached as **Exhibit 58** is a true and correct copy of the Hearing Transcript Volume XI (Day 11) for the hearing that took place in the underlying arbitration on May 3, 2022, filed under seal pursuant to the Stipulated Order.

59. Attached as **Exhibit 59** is a true and correct copy of the Hearing Transcript Volume XII (Day 12) for the hearing that took place in the underlying arbitration on May 4, 2022, filed under seal pursuant to the Stipulated Order.

60. Attached as **Exhibit 60** is a true and correct copy of the Hearing Transcript Volume XIII (Day 13) for the hearing that took place in the underlying arbitration on May 5, 2022, filed under seal pursuant to the Stipulated Order.

61. Attached as **Exhibit 61** is a true and correct copy of the Hearing Transcript Volume XIV (Day 14) for the hearing that took place in the underlying arbitration on May 6, 2022, filed under seal pursuant to the Stipulated Order.

62. Attached as **Exhibit 62** is a true and correct copy of the Hearing Transcript Volume XV (Day 15) for the hearing that took place in the underlying arbitration on June 6, 2022, filed under seal pursuant to the Stipulated Order.

63. Attached as **Exhibit 63** is a true and correct copy of the Hearing Transcript Volume XVI (Day 16) for the hearing that took place in the underlying arbitration July 5, 2022, filed under seal pursuant to the Stipulated Order.

64. Attached as **Exhibit 64** is a true and correct copy of the Stipulated Order Governing Protocol for Remote Evidentiary Hearing entered in the underlying arbitration on January 20, 2022.

65. Attached as **Exhibit 65** is a true and correct copy of Order Ruling on Admissibility of Excerpts from Certain Depositions entered in the underlying arbitration on February 11, 2022, filed under seal pursuant to the Stipulated Order.

66. Attached as **Exhibit 66** is a true and correct copy of the Written Summation of Petruss Media Group, LLC f/k/a Take 5 Media Group, LLC, Richard Gluck and RJV Marketing Corp. filed in the underlying arbitration on June 29, 2022, filed under seal pursuant to the Stipulated Order.

67. Attached as **Exhibit 67** is a true and correct copy of the Post Hearing Memorandum of Law on Behalf of Alex Radetich filed in the underlying arbitration on June 29, 2022, filed under seal pursuant to the Stipulated Order.

68. Attached as **Exhibit 68** is a true and correct copy of The Advantage Parties' Post-Hearing Brief filed in the underlying arbitration on June 29, 2022, filed under seal pursuant to the Stipulated Order.

69. Attached as **Exhibit 69** is a true and correct copy of the Advantage Parties' Submission on Costs and Interest and exhibits filed in the underlying arbitration on August 19, 2022, filed under seal pursuant to the Stipulated Order.

70. Attached as **Exhibit 70** is a true and correct copy of the Advantage Parties' Supplemental Submission on Costs and Interest filed in the underlying arbitration on August 29, 2022, filed under seal pursuant to the Stipulated Order.

71. Attached as **Exhibit 71** is a true and correct copy of the Claimant's, Counter-Respondent's and Cross-Respondents' Reply Submission on Costs and Interest filed in the underlying arbitration on September 16, 2022, filed under seal pursuant to the Stipulated Order.

72. Attached as **Exhibit 72** is a true and correct copy of Correspondence from the American Arbitration Association to the parties in the underlying arbitration on September 20, 2022.

73. Attached as **Exhibit 73** is a true and correct copy of Correspondence from Michael Strub to the Honorable Judge Eyler attaching the Advantage Parties' Response to the Claimant's, Counter-Respondent's and Cross-Respondents' Reply Submission on Costs and Interest sent in the underlying arbitration on September 20, 2022, filed under seal pursuant to the Stipulated Order.

74. Attached as **Exhibit 74** is a true and correct copy of Correspondence from the Honorable Judge Eyler to the parties in the underlying arbitration on September 20, 2022, filed under seal pursuant to the Stipulated Order.

75. Attached as **Exhibit 75** is a true and correct copy of Correspondence from the American Arbitration Association to the parties in the underlying arbitration on October 4, 2022.

76. Attached as **Exhibit 76** is a true and correct copy of Correspondence from Michael Strub to the Honorable Judge Eyler in the underlying arbitration on October 4, 2022.

77. Attached as **Exhibit 77** is a true and correct copy of Correspondence from the American Arbitration Association to the parties in the underlying arbitration on October 5, 2022.

78. Attached as **Exhibit 78** is a true and correct copy of Take 5 Parties' Response to Request for AAA Commercial Rule R-50 Modification of Final Award in the underlying arbitration on October 14, 2022.

79. Attached as **Exhibit 79** is a true and correct copy of Correspondence from Michael Strub to the American Arbitration Association in the underlying arbitration on October 20, 2022.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 26, 2022.

                                                        */s/ Lauren H. Evans*
                                                      LAUREN H. EVANS