# EXHIBIT 12

# REPORT OF PRELIMINARY HEARINGS AND SCHEDULING ORDER

Case Number: 01-19-0002-7532

Petruss Media group, LLC, Claimant and Counter-Respondent
-vs-
Advantage Sales & Marketing, LLC, Respondent, Counter-Claimant, and Cross-Claimant
Advantage Sales & Marketing, Inc.
Karman Intermediate Corp.
Advantage Solutions, Inc.
Karman Topco, L.P., Counter-Claimants and Cross-Claimants
-vs-
Richard Gluck
Alexander Radetich, Cross-Respondents

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), Preliminary Hearings via telephone conference were held on May 28, 2020, June 18, 2020, and July 16, 2020 before Arbitrator Hon. James R Eyler (Ret.). Counsel for all parties participated in the Preliminary Hearings. In addition, counsel for the parties filed written submissions relating to the scope of discovery and the contents of this scheduling order.

By Order of the Arbitrator, the following is now in effect.

The demand for arbitration was filed in September 2019. The arbitration agreement provides, in pertinent part, that discovery is governed by the Federal Rules of Civil Procedure (FRCP) and the award shall be rendered within sixty days after appointment of an arbitrator. See §10.11(b) of the Asset Purchase Agreement. That section also contains requirements relating to selection of the arbitrator. The parties agreed to waive the selection procedure and the sixty-day limitation and so advised the AAA. The arbitrator was appointed in May 2020.

Although the parties agree that they waived the sixty-day limitation, they disagree on whether they agreed on another specific time frame in lieu of the sixty days. Applying contract principles, there is no enforceable agreement for a specific period of time within which to reach a disposition of this matter. It is noteworthy that, applying the FRCP, including discovery principles, would result in a significantly longer time period than sixty days. Without criticism or attribution, it is also noteworthy that informal discovery could have begun, to the extent it was uncontested, well before May 2020. The schedule set forth herein is based on the input of all counsel, the AAA Rules, and the overall experience of the arbitrator.

The parties do not anticipate any amendments to the claims. Amendments will be permitted only by agreement or on motion, a showing of good cause, and the absence of undue prejudice.

Prior to the preliminary hearings, Claimant filed written discovery requests. Any additional written discovery requests by any party shall be filed by July 31, 2020. Responses to such additional requests shall

# REPORT OF PRELIMINARY HEARINGS AND SCHEDULING ORDER

**Case Number: 01-19-0002-7532**

**Petruss Media group, LLC, Claimant and Counter-Respondent**
-vs-
**Advantage Sales & Marketing, LLC, Respondent, Counter-Claimant, and Cross-Claimant**
**Advantage Sales & Marketing, Inc.**
**Karman Intermediate Corp.**
**Advantage Solutions, Inc.**
**Karman Topco, L.P., Counter-Claimants and Cross-Claimants**
-vs-
**Richard Gluck**
**Alexander Radetich, Cross-Respondents**

be due thirty days after service of the requests.

Written responses to previously filed written discovery requests shall be filed by July 31, 2020.

All responsive documents shall be produced on a rolling basis and completed by October 5, 2020.

Discovery motions relating to written discovery/document production may be filed at any time but no later than October 15, 2020. A response to any such motion may be filed within ten days after service of the motion, and a reply may be filed within five days after service of the response.

If any motions to compel are granted, the supplemental responses/production shall be completed by November 30, 2020.

The cutoff date for completion of fact-based discovery is March 15, 2021.

Discovery motions relating to depositions may be filed at any time but no later than February 16, 2021.

A party shall identify any non-rebuttal experts by March 1, 2021. A party may identify any rebuttal experts by March 22, 2021. The parties shall disclose information in accordance with FRCP 26. Depositions of experts, if any, shall be completed by April 15, 2021.

A party may file a motion for summary disposition or partial summary disposition by April 15, 2021. A response to any such motion shall be filed with thirty days after service of the motion, and a reply may be filed within ten days after service of the response. If deposition transcripts are not available by the filing date(s), the motion papers may be supplemented later but no later than May 30, 2021. If a motion(s) is filed and denied, the motion papers may serve as prehearing briefs. In the absence of a motion or as supplemental briefing, a party may file a prehearing brief by May 30, 2021. A motion in limine may be filed by the same date.

The parties shall exchange exhibits to be offered at the hearing and shall identify witnesses expected to be called at the hearing by May 28, 2021. The disclosure of witnesses shall include the full name and a short summary of anticipated testimony.

## REPORT OF PRELIMINARY HEARINGS AND SCHEDULING ORDER

**Case Number: 01-19-0002-7532**

**Petruss Media group, LLC, Claimant and Counter-Respondent**
**-vs-**
**Advantage Sales & Marketing, LLC, Respondent, Counter-Claimant, and Cross-Claimant**
**Advantage Sales & Marketing, Inc.**
**Karman Intermediate Corp.**
**Advantage Solutions, Inc.**
**Karman Topco, L.P., Counter-Claimants and Cross-Claimants**
**-vs-**
**Richard Gluck**
**Alexander Radetich, Cross-Respondents**

Additional preliminary hearings will be held as necessary.

Twelve days are reserved for an evidentiary hearing. The hearing will be held on June 17, 2021 through July 2, 2021, excluding weekends, beginning at 10 a.m., ET, at a location to be determined. These dates are subject to counsel checking on and confirming their availability and the availability of parties and witnesses on those dates. Counsel are requested to do so promptly and advise by August 3, 2021 if there is any reason why those dates are not reasonably possible. If desired, the parties will arrange for a court reporter at the hearing.

Communication with the Arbitrator will be conducted via a direct exchange. All written communications shall be submitted directly to the Arbitrator. Copies of said documents shall also be sent simultaneously to all other case participants. The Arbitrator may communicate in writing with the parties and shall send a copy of the communication to the AAA. There shall be no direct oral communication between the parties and the Arbitrator, except at oral hearings. E-mail transmission is acceptable.

The Arbitrator shall issue a reasoned award.

This schedule will not be amended except by agreement or on motion, a showing of good cause, and the absence of undue prejudice. The failure of a party to comply with discovery obligations fully and timely may constitute good cause. A failure to obtain necessary discovery if the failure is not attributable to a party may constitute good cause. The latter includes but is not limited to the challenges presented by the current coronavirus pandemic.

This order shall continue in effect unless and until amended by subsequent order of the Arbitrator.

Dated: July 19, 2020

*James R Eyler*
Hon. James R. Eyler (Ret)
Arbitrator