# EXHIBIT 22

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| Petruss Media Group, LLC f/k/a Take 5 Media Group LLC, | AAA Case No. 01-19-0002-7532 |
| Claimant, | **RESPONDENT AND COUNTER-CLAIMANT/CROSS-CLAIMANTS' RESPONSE TO CLAIMANT/CROSS-RESPONDENTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INFORMATION** |
| v. | |
| Advantage Sales & Marketing LLC, | |
| Respondent. | |
| Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P., | |
| Counter-Claimant and Cross-Claimants, | |
| v. | |
| Petruss Media Group, LLC f/k/a Take 5 Media Group LLC, RJV Marketing Corp., Richard Gluck, and Alexander Radetich, | |
| Counter-Respondent and Cross-Respondents | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure as adopted by that certain Asset Purchase Agreement, dated as of March 15, 2018, entered into by and among Respondent and Counter-Claimant/Cross-Claimant Advantage Sales & Marketing, LLC, and Cross-Claimants Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P., (collectively "Respondents") and Claimant and Cross-Respondents Petruss Media Group, LLC f/k/a Take 5 Media Group LLC, RJV Marketing Corp., Richard Gluck, and Alexander Radetich's (collectively "Claimants"), Respondents hereby

respond to the Claimant's First Request for Production of Documents and Information (the "Requests") as follows:

## PRELIMINARY STATEMENT

1.    Respondents submit their responses based upon information and/or documentation presently available to and located by them, subject to their objections stated herein.  Respondents' responses represent their good faith effort to answer the Requests propounded by Claimants.  Respondents are conducting a continuing search for responsive documents and information, and subject to the objections specified below, Respondents will provide their responses to the Requests based upon their present knowledge.  Without assuming any obligation to do so, and without waiving the objections asserted herein, Respondents reserve the right to amend or supplement their response and make any further objections or responses that they deems appropriate as and when additional facts or documents are discovered or ascertained.

2.    Any statement to the effect that Respondent will produce certain documents does not represent that any such documents actually exist, but rather that they will make a good faith search and reasonable inquiry to ascertain whether such documents do, in fact, exist.

3.    Respondents' response to the Requests is not intended to be, and shall not be, construed as an agreement, adoption, or acquiescence by Respondents with Claimants' characterization of any facts, circumstances, and/or legal obligations of the parties or non-parties to this Arbitration.

4.    Respondents expressly reserve, and this response to the Requests shall not constitute a waiver of, (a) all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence for any purpose whatsoever of this response and any document or thing produced in response to the Requests in any subsequent deposition, proceeding, or trial of this action or any other action; (b) to object on any ground to the Requests or any other discovery Requests that involve or relate to the subject matter of these Requests; or

(c) to revise, correct, supplement or clarify any of the responses set forth herein at any later date.

5.      Any agreement by Respondents to produce documents found herein is contingent on the parties agreeing to and filing a protective order suitable to protect the confidentiality of any documents or information sought in these Requests, as well as the confidentiality of any other production of information envisioned by these or future Requests from Claimants.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

The following objections are applicable to, and shall be deemed to be incorporated in, each separately numbered response to the Requests.

1.      Respondents object to the Definition of "Person" or "Persons" insofar as it includes "attorneys" of a given person or entity within the meaning of that person or entity. Respondents object to this definition on the grounds that it calls for information and documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

2.      Respondents object to the Definition of "Document" on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege.  Further, Respondents object to this definition to the extent that it calls for information or documents equally as accessible to Claimants.  Further, Respondents object to the terms "original", "non-identical", "statistics", "receipts", "returns", "summaries", "certificates", "plans", "offers", "notations", "bulletins", "printed matter", "ledgers", "worksheets", "alterations", "modifications", "aural records", "representations", "mechanical", and "representations" as overly broad, uncertain, vague, and ambiguous.

3.      Respondents object to the Definition of "Define" on the grounds that it calls for information not the proper subject of Requests for Production.  Requests that call for Respondents to "Define" call for information properly sought through interrogatories under

Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure.

4.      Respondents object to the Definition of "Set Forth" on the grounds that it calls for information not the proper subject of Requests for Production.  Requests that call for Respondents to "Set Forth" call for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure.

5.      Respondents object to the Definition of "Documents that refer or relate to" on the grounds that it calls for information not the proper subject of Requests for Production.  Insofar as "Documents that refer or relate to" is intended, as per the definition, to include "documents underlying, supporting, now or previously attached to or appended to, or used in preparation of any document called for by each interrogatory", the use of the phrase "Documents that refer or relate to" calls for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure.  Further, Respondents object to the Definition of "Documents that refer or relate to" on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege.  Respondents will conduct a reasonable search among documents in their custody and control for those Requests where such a search is warranted according to the responses and objections herein, and will produce those documents that, on their face, are responsive to those Requests.

6.      Respondents object to the definition of "Communication" on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege.  Further, Defendants object to the definition of "Communication" insofar as the definition states that the term "is used herein in the broadest sense", as such a definition is incomprehensible, vague, and unduly burdensome.  Further, Defendants object to the terms "conversations", "discussions"

3

"occasions", "verbal exchange" and "writings" as overly broad, uncertain, vague, and ambiguous. Respondents will conduct a reasonable search of records of communications as negotiated between the parties, but cannot and will not create records of communications that are not memorialized in existing documents, per the Delaware Courts Rules of Evidence, the American Arbitration Association Rules, and any other rules or limitations set by the Arbitrator in this matter.

7. Respondents object to Instruction No. 1 on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Further, Respondents object to Instruction No. 1 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Respondents will conduct a reasonable search among documents in its custody and control for those Requests where such a search is warranted according to the responses and objections herein. Respondents will respond to reasonable Requests to describe the process undertaken to identify responsive documents.

8. Respondents object to Instruction No. 2 on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Further, Respondents object to Instruction No. 2 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Further, Respondents object to the terms "comprehensible", "complete", and "not misleading" as overly broad, uncertain, vague, and ambiguous. Respondents will produce those documents that, on their face, are responsive to Claimants' Requests. To the extent that Claimants would like to Request additional documents pertaining to the issues presented in produced, responsive documents, Claimants can issue additional Requests for production within the scope of the Federal Rules of Civil Procedure.

9. Respondents object to Instruction No. 4 on the grounds that it calls for

4

information not the proper subject of Requests for Production. Instruction No. 4 calls for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure. Respondents further object to Instruction No. 4 on the grounds that that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Further, Respondents object to Instruction No. 4 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Further, Respondents object to the terms "present at", "participated in", "supplied", and "entire substance or content" as overly broad, uncertain, vague, and ambiguous.

10.     Respondents object to Instruction No. 5 on the grounds that it calls for information not the proper subject of Requests for Production. Instruction No. 5 calls for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure. Respondents further object to Instruction No. 5 on the grounds that that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Further, Respondents object to Instruction No. 5 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Further, Respondents object to the terms "source", "answering party", and "obtained" as overly broad, uncertain, vague, and ambiguous.

11.     Respondents object to Instruction No. 6 on the grounds that it calls for information not the proper subject of Requests for Production. Instruction No. 6 calls for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to

the Federal Rules of Civil Procedure.  Respondents further object to Instruction No. 6 on the

grounds that that it is unduly burdensome, overly broad, not proportional to the scope of this

Arbitration, and calls for information protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other privileges.  Further, Respondents object to

Instruction No. 6 to the extent that it seeks to create additional obligations on Respondents

beyond those established by the Federal Rules of Civil Procedure.  Further, Respondents object

to the terms "suitable particularity", "subject matter", "summary", "filing", "location",

"authorized", "executed", and "relationship" as overly broad, uncertain, vague, and ambiguous.

12.     Respondents object to Instruction No. 7 on the grounds that it calls for

information not the proper subject of Requests for Production.  Instruction No. 7 calls for

information properly sought through interrogatories under Federal Rule of Civil Procedure 33,

and Respondents will respond to interrogatories when properly labelled and served according to

the Federal Rules of Civil Procedure.  Respondents further object to Instruction No. 7 on the

grounds that that it is unduly burdensome, overly broad, not proportional to the scope of this

Arbitration, and calls for information protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other privileges.  Further, Respondents object to

Instruction No. 7 to the extent that it seeks to create additional obligations on Respondents

beyond those established by the Federal Rules of Civil Procedure.  Further, Respondents object

to the terms "pertinent", "source", "omissions", and "nature" as overly broad, uncertain, vague,

and ambiguous.

13.     Respondents object to Instruction No. 9 on the grounds that that it is unduly

burdensome, overly broad, and not proportional to the scope of this Arbitration.  Further,

Respondents object to Instruction No. 9 to the extent that it seeks to create additional obligations

on Respondents beyond those established by the Federal Rules of Civil Procedure.  Respondents

will construe subparagraphs and paragraphs of any individual Request together as a single

Request.  Claimants, according to the procedures established in the Federal Rules of Civil

Procedure and any additional rules established by the Arbitrator in this matter may issue

6

additional Requests for Production if subparagraphs and paragraphs, when construed together, result in the production of fewer documents than when construed as a single Request and an additional Request would be reasonable, not unduly burdensome, and proportional to the scope of this Arbitration.  Further, Respondents object to the terms "paragraph", "subparagraph", and "construed" as overly broad, uncertain, vague, and ambiguous.

14.     Respondents object to Instruction No. 10 on the grounds that it is unduly burdensome, overly broad, and not proportional to the scope of this Arbitration.  Respondents will engage in good faith negotiations with Claimants to establish a reasonable procedure for developing a privilege log given the broad scope of Claimants' Requests.  Respondents will enter into a stipulation with Claimants as to the proper format of and timing for production of a privilege log.  Further, Respondents object to the terms "information related", "original", "distributed", "present", "participating", and "general subject matter" as overly broad, uncertain, vague, and ambiguous.

15.     Respondents object to Instruction No. 11 on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Further, Respondents object to Instruction No. 11 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure.  Given the scope of the Requests, the volume of documents and Requests at issue, and the obligations established by the Federal Rules of Civil Procedure, Respondents will not identify individual documents withheld based on the objections herein, and will not conduct a search for documents objected to herein on the basis of proportionality, relevance, or undue burden.  Respondents will negotiate in good faith as to the proper format of and timing for production of a privilege log, but will not provide a log of documents not searched for or not produced on the basis of otherwise stated grounds.  Further, Respondents object to Instruction No. 11 to the extent that it calls for information not the proper subject of Requests for Production.  Instruction No. 11 calls for information properly sought through interrogatories

under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure. Further, Respondents object to the terms "responded", "portion", "part", "communication", "presence", "subject", "place", "substance", "maker", "nature", and "location" as overly broad, uncertain, vague, and ambiguous.

16. Respondents object to Instruction No. 12 on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Further, Respondents object to Instruction No. 12 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Respondents will conduct a reasonable search among documents in its custody and control for those Requests where such a search is warranted according to the responses and objections herein. Respondents will not and cannot conduct searches for documents that have been "destroyed or discarded". Respondents will provide, upon reasonable Request, information regarding Respondents' document retention policies, and has and will continue to abide by its document preservation requirements created by virtue of this Arbitration. Further, Respondents object to the terms "destroyed" or "destruction", "discarded" or "discard", "authorizing", and "carrying out" as overly broad, uncertain, vague, and ambiguous. Further, Respondents object to Instruction No. 12 to the extent that Requests herein seek documents that may have been "destroyed" or "discarded" by Claimants and are therefore not accessible to Respondents.

17. Respondents object to Instruction No. 14 on the grounds that it is incomprehensible and unintelligible. Further, Respondents object to Instruction No. 14 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Further, Respondents object to Instruction No. 14 to the extent that it calls for information not the proper subject of Requests for Production. Instruction No. 14 calls for information properly sought through interrogatories under Federal Rule of Civil

Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure. Further, Respondents object to the terms "precise", "complete", "furnished", "supplied", "estimate", and "method" as overly broad, uncertain, vague, and ambiguous.

18.     Respondents object to Instruction No. 15 on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Further, Respondents object to Instruction No. 15 on the grounds that it calls for burdensome review of documents not likely to lead to discoverable information. Respondents will engage in good faith negotiations to establish appropriate time limits for document collection and review on a per-custodian basis premised on the dates of each individual custodian's involvement with the issues relevant to this Arbitration. Further, Respondents object to Instruction No. 15 on the grounds that it calls for an ongoing and burdensome review of documents after the date of the close of discovery in this matter, contrary to the obligations of the Federal Rules of Civil Procedure and any timelines for the close of discovery as established by the Arbitrator.

19.     Respondents object to Instruction No. 16 on the grounds that it calls for information not the proper subject of Requests for Production. Instruction No. 16 calls for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS

## DOCUMENT REQUEST NO. 1:

Copies of any and all agreements between or among any two or more of the Parties, including all drafts of said agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Respondents hereby incorporate by reference the Objections to Instructions and Definitions ("General Objections") set forth above.  Respondents object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents further object to this Request on the grounds that it calls for documents or information already in the possession, custody, or control of Claimants or their counsel.  Respondents further object to this Request to the extent it calls for documents not in the possession, custody, or control of Respondents or which are equally available to Claimants and their counsel.  Subject to and without waiving the foregoing objection, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce all final agreements between two or more of the Parties found in a reasonable search of Respondents' central repositories.

**DOCUMENT REQUEST NO. 2:**

Such documents as are sufficient to show that each Advantage Party, other than Advantage Sales & Marketing LLC, is an "Affiliate" of Advantage Sales & Marketing LLC, as that term is defined in the Asset Purchase Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Respondents hereby incorporate by reference the General Objections set forth above.  Respondents object to this Request on the grounds that it seeks information not relevant to the current Arbitration.  Respondents further object to the phrase "sufficient to show" as overly broad, uncertain, vague, and ambiguous.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce responsive organizational charts to the extent that they are found within a reasonable search of Respondents' central repositories.

**DOCUMENT REQUEST NO. 3:**

All communications by, among or between any of Respondents on the one hand and any of the Seller Group on the other hand.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request on the grounds that it is overly cumulative and duplicative of other Requests herein. Respondents further object to this Request to the extent that it seeks information not relevant to the current Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request to the extent it calls for documents not in the possession, custody, or control of Respondents or which are equally available to Claimants. Respondents further object to the term "communications" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce responsive, non-privileged documents from the email inboxes of Claimants and former employees of Claimants as they are found in Respondents' files. Respondents will not conduct additional review in response to this Request, but will produce

responsive, non-privileged documents from Respondents' files where those documents are also responsive to additional, reasonable Requests herein.

**DOCUMENT REQUEST NO. 4:**

All communications by, among or between Respondents, or any of their employees, agents, accountants, attorneys, or independent contractors, that refer or relate to the claims in this Arbitration or the factual allegations underlying those claims.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the term "factual allegations underlying those claims" as it calls for attorney work product and legal conclusions that are premature. Respondents further object to the terms "accountants", "independent contractors", "refer", and "relate" as overly broad, uncertain, vague, and ambiguous.

**DOCUMENT REQUEST NO. 5:**

All communications by, among or between Respondents and any non-party that refer or relate to the Seller Group or any of its employees.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent that it seeks information not relevant to the current Arbitration.  Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents further object to this Request on the grounds that it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "communications", "non-party", "refer", "relate", and "employees" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce responsive, non-privileged documents relevant to this dispute after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 6:**

All communications or documents that refer or relate to statements taken from any individual regarding any facts underlying this Arbitration.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration, specifically with respect to the phrase "regarding any facts underlying

13

this Arbitration."  Respondents further object to this Request to the extent it seeks documents

protected from discovery by the attorney-client privilege, the attorney work product doctrine,

and/or other privileges.  Respondents further object to this Request because it is overly

cumulative and duplicative of other Requests herein.  Respondents further object to the terms

"communications", "documents", "refer", "relate", and  "statements taken" as overly broad,

uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing

objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce any responsive, non-privileged documents found during a

reasonable review of documents from the files of Respondent custodians.

## DOCUMENT REQUEST NO. 7:

All documents you intend to introduce as exhibits or otherwise use at the hearing,

introduce as exhibits or otherwise use at a deposition or submit to the Arbitrator.

## RESPONSE TO DOCUMENT REQUEST NO. 7:

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request to the extent it seeks documents protected from discovery by

the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

Respondents further object to the term "documents" as overly broad, uncertain, vague, and

ambiguous.  Respondents further object to this Request because it is premature.  Notwithstanding

and without waiving the foregoing objections, and subject to ongoing investigation and

discovery, Respondents respond as follows:

To the extent Respondents intend to rely on any documents not otherwise produced in

response to these Requests, such documents will be disclosed within the time limits and

requirements of the Federal Rules of Civil Procedure and any additional time limits established by the Arbitrator.

**DOCUMENT REQUEST NO. 8:**

For the period April 1, 2019 to the date of the hearing, all documents that refer or relate to a transfer of anything of value to, the release of any claim against, or the assumption of any obligation of a current or former Take 5 employee or witness in this Arbitration proceeding, or any entity affiliated with such person, or a promise, contingent or otherwise, to make such a transfer, release such a claim or assume such an obligation in the future.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent that it seeks information not relevant to this Arbitration.  Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents further object to the terms "transfer", "anything of value", "release", "any claim", "assumption", "obligation", "documents", "refer", "relate", and "promise" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce any responsive, non-privileged documents found during a reasonable review of documents from the files of Respondent custodians.

**DOCUMENT REQUEST NO. 9:**

All documents that refer or relate to the assertion that Gluck and Radetich or Take 5 represented that Take 5 created a "massive" and "highly regarded" consumer database that was

the "crown jewel" of its assets, and composed of "double opt-in" email addresses together with certain other information as set forth in paragraph 10 of Advantage's Response.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to the terms "documents", "refer", and "relate" as overly broad, uncertain, vague, and ambiguous. Respondents further object to this Request as it is impermissibly compound. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 10:**

All documents that refer or relate to the assertion that: (i) Take 5 stated that it had double opt-in emails; (ii) Take 5 had a merely "supposed" practice of gathering double opt-in email addresses in its consumer database; and (iii) double opt-in emails are regarded in the industry as more reliable potential consumers as set forth in paragraph 11 of Advantage's Response.

16

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to this Request as it is impermissibly compound.  Respondents further object to the terms "documents", "refer", "relate", "gathering", "consumer database", "the industry", and "reliable potential customers" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 11:**

All documents that refer or relate to the assertion that Take 5 "would represent to clients" that it: (i) used its consumer database to identify potential customers for that client; and (ii) sent emails to certain potential customers as part of email marketing campaigns as set forth in paragraph 12 of Advantage's Response.

17

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to this Request as it is impermissibly compound. Respondents further object to the terms "documents", "refer", "relate", "consumer database", "identify", "potential customers", "client", and "certain" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Responsive, non-privileged documents from the files of Respondent custodians will be produced only insofar as they are responsive to other, duplicative Requests herein.

**DOCUMENT REQUEST NO. 12:**

All documents that refer or relate to the assertion that: (i) "over the period from January 2016 through June 2019, email campaigns generated over 77% of Take 5 revenues"; and (ii) Take 5's database was monetized primarily through email campaigns as set forth in paragraph 13 of Advantage's Response.

18

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to this Request as it is impermissibly compound. Respondents further object to the terms "documents", "refer", "relate", "email campaigns", and "monetized" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents sufficient to show the truth of the statements alleged.

**DOCUMENT REQUEST NO. 13:**

All documents that refer or relate to the assertion that Take 5 did not "send emails in anything close to the quantities it promised its clients it would send" as set forth in paragraph 14 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, seeks the

collection and disclosure of information to an extent that is not proportional to the needs of this

Arbitration.  Respondents further object to this Request to the extent it seeks documents

protected from discovery by the attorney-client privilege, the attorney work product doctrine,

and/or other privileges.  Respondents further object to this Request because it is overly

cumulative and duplicative of other Requests herein.  Respondents further object to the terms

"documents", "refer", "relate", "send", "quantities", and "clients" as overly broad, uncertain,

vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and

subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other privileges.  Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent

custodians.

**DOCUMENT REQUEST NO. 14:**

All documents that refer or relate to the assertion that "[i]n the lead up to its sale to

Advantage, Claimant presented Take 5 to Advantage as a successful enterprise engaged in the

provision of ...email marketing services to a broad base of clients." See Advantage Response at ¶

13.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request to the extent it seeks documents protected from discovery by

the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

Respondents further object to this Request because it is overly cumulative and duplicative of

other Requests herein.  Respondents further object to the terms "documents", "refer", "relate", "lead up", "sale", "successful enterprise", and "clients" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 15:**

All documents that refer or relate to the assertion that Take 5's email campaigns were fraudulent as set forth in paragraph 14 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "documents", "refer", "relate", "email campaigns", and "fraudulent" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 16:**

All documents that refer or relate to the assertions that: (i) the graphic presented is a "typical client report that Take 5 would send to its clients;" (ii) "[o]ver the course of [an] internal investigation, Take 5 employees reported that the 'Delivery Rate,' 'Deployed,' and 'Delivered' figures in the 'Send Performance' box were false;" (iii) "[o]ver the course of [an] internal investigation, Take 5 employees reported that the 'Delivery Rate,' 'Deployed,' and 'Delivered' figures in the 'Send Performance' box were...created by an algorithm to match client expectations;" (iv) Take 5 failed to provide the email marketing services that it was contracted to perform; (v) Take 5 used third parties to generate supplemental traffic; (vi) Take 5 used third parties to generate supplemental traffic to create the "Total Clicks" figure in the "Open Performance" box; (vi) Take 5 took action with an intent to hide a failure to provide services that it was contracted to perform; (vii) Take 5 performed were different from the services Take 5 promised to perform as set forth in paragraph 15 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request on the grounds that it is compound, confusing, and overly broad.  Respondents further object to this Request because it is unduly burdensome and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine,

and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to this Request as it is impermissibly compound. Respondents further object to the terms "documents", "refer", "relate", "Deployed", "send", "Send Performance", "Total Clicks", "Open Performance", "box", "typical client report", "third parties", "supplemental traffic", and "took action" as overly broad, uncertain, vague, and ambiguous. Respondents further object to this Request because subpart (vii) is incomprehensible. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians only insofar as they are responsive to other, duplicative Requests herein.

**DOCUMENT REQUEST NO. 17:**

All documents that refer or relate to the assertion that Advantage "aggressively" sought "acquisition opportunities in the sales and marketing space across the country in 2017-2018" as set forth in paragraph 16 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate",

"aggressively", "sought", "opportunities", and "space" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will conduct a reasonable search of documents from Respondent custodians and for any central repositories in Respondents' files for documents relating to potential acquisitions being considered simultaneously with the acquisition of Claimants, and produce responsive, non-privileged documents sufficient to show efforts undertaken by Respondents.

**DOCUMENT REQUEST NO. 18:**

All documents that refer or relate to the due diligence process as set forth in paragraph 20 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent that it seeks information not relevant to this Arbitration.  Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "documents", "refer", "relate", "due diligence", and "process" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will conduct a

reasonable search for any central repositories in Respondents' files for documents relating to the referenced "due diligence process", and produce any non-privileged documents contained therein.  Respondents will further produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 19:**

All documents that refer or relate to communications between Respondents and Take 5 during the due diligence process as set forth in paragraph 21 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents further object to the terms "documents", "refer", "relate", "due diligence", and "process" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will not conduct additional searches beyond those agreed to in response to other, duplicative Requests herein.

**DOCUMENT REQUEST NO. 20:**

All documents reviewed by Respondents in the Take 5 data room as set forth in paragraph 21 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request to the extent that it calls for documents or information equally available to Claimants. Respondents further object to the terms "documents", "review" and "data room" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents' will conduct a reasonable search of central repositories in Respondents' files, and will produce any non-privileged documents found therein.

**DOCUMENT REQUEST NO. 21:**

All documents that refer or relate to the assertion that "clients were already complaining about some of the practices that later emerged during the investigation," including a "failed email marketing campaign...where Take 5 had not provided the services it promised as set forth in paragraph 24 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine,

and/or other privileges.  Respondents further object to this Request because it is overly

cumulative and duplicative of other Requests herein.  Respondents further object the terms

"documents", "refer", "relate", "clients", "complaining", "practices", "investigation", and

"services" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without

waiving the foregoing objections, and subject to ongoing investigation and discovery,

Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other privileges.  Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent

custodians.

## DOCUMENT REQUEST NO. 22:

All documents that refer or relate to the assertion that financial statements in the APA

recognized revenue for emails that were never sent as set forth in paragraph 30(a) of the

Advantage Response.

## RESPONSE TO DOCUMENT REQUEST NO. 22:

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request to the extent it seeks documents protected from discovery by

the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

Respondents further object to this Request because it is overly cumulative and duplicative of

other Requests herein.  Respondent further objects to this Request on the grounds that it is

incomprehensible.  Respondents further object to the terms "financial statements", "recognized

revenue", and "sent" as overly broad, uncertain, vague, and ambiguous  Notwithstanding and

without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will conduct a reasonable search in central repositories for financial statements of the Claimant and Respondents for Fiscal Years 2017-2019 and produce any responsive, non-privileged documents. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians to the extent Respondents understand this Request, and will meet and confer with Claimant to further clarify and narrow this Request.

**DOCUMENT REQUEST NO. 23:**

All documents that refer or relate to the assertion that financial statements in the APA recognized revenue for services that were not performed as set forth in paragraph 30(a) of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to this Request on the grounds that it and is incomprehensible. Respondents further object to the terms "documents", "refer", "relate", "financial statements", "recognized revenue", and "services" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will conduct a reasonable search in central repositories for financial statements of the Claimant and Respondents for Fiscal Years 2017-2019 and produce any responsive, non-privileged documents. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians to the extent Respondents understand this Request, and will meet and confer with Claimant to further clarify and narrow this Request.

**DOCUMENT REQUEST NO. 24:**

All documents that refer or relate to the assertion that Take 5 had undisclosed liabilities as set forth in paragraph 30(b) of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", "undisclosed" and "liabilities" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 25:**

All documents that refer or relate to the assertion that Take 5 "defrauded virtually every client with whom it contracted" as set forth in paragraph 30(c) of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request on the grounds that it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to the terms "documents", "refer", "relate", "defrauded", "virtually", "client", and "contracted" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 26:**

All documents that refer or relate to the assertion that the Take 5 database did not have the double opt-in emails that it represented it had as set forth in paragraph 30(d) of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to the terms "documents", "refer", "relate", "Take 5 database", "double opt-in", and "represented" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 27:**

All documents that refer or relate to your assertion that Take 5's intellectual property included algorithms designed to produce fictitious results as set forth in paragraph 30 (d) of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request on the grounds that it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other

privileges. Respondents further object to the terms "documents", "refer", "relate", "intellectual property", "algorithms", and "fictitious results" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 28:**

All documents that identify the individuals at FTI who performed the investigation into the Take 5 business.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information that is not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondent further objects to the terms "documents", "performed", and "investigation" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will provide a list of individuals at FTI who participated in the review of the Claimant business.

**DOCUMENT REQUEST NO. 29:**

All documents that refer or relate to the assertion that Take 5 lacked authority to retain certain data as set forth in paragraph 30(d) of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", "authority", "retain", "certain", and "data" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 30:**

All documents that refer or relate to the assertion that the Take 5 obtained data without proper authorization as set forth in paragraph 30(d) of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Respondents hereby incorporate by reference the General Objections set forth above.
Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the
collection and disclosure of information to an extent that is not proportional to the needs of this
Arbitration. Respondents further object to this Request to the extent it seeks documents
protected from discovery by the attorney-client privilege, the attorney work product doctrine,
and/or other privileges. Respondents further object to this Request because it is overly
cumulative and duplicative of other Requests herein. Respondents further object to this Request
to the extent that it seeks information not relevant to this Arbitration. Respondents further object
to the terms "documents", "refer", "relate", "obtained", "data", and "proper authorization" as
overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the
foregoing objections, and subject to ongoing investigation and discovery, Respondents respond
as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for
Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,
the attorney work product doctrine, and/or other privileges. Respondents will produce
responsive, non-privileged documents after a reasonable search of documents from Respondent
custodians.

**DOCUMENT REQUEST NO. 31:**

All documents that refer or relate to the assertion that Take 5's intellectual property
included algorithms designed to produce fictitious results as set forth in paragraph 30 (d) of the
Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to the terms "documents", "refer", "relate", "intellectual property", "algorithms", and "fictitious results" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 32:**

All documents that refer or relate to the assertion that Gluck and Radetich engaged in business practices constituting violations of "a host of state and federal laws" including mail and wire fraud as set forth in paragraph 30(e) of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it calls for legal conclusions and sharing of

35

case strategy.  Respondents further object to this Request because it is overly cumulative and

duplicative of other Requests herein.  Respondents further object to this Request to the extent

that it seeks information equally available to Claimants.  Respondents further object to the terms

"documents", "refer", "relate", "practices", "violations", and "host" as overly broad, uncertain,

vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and

subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other privileges.  Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent

custodians.

**DOCUMENT REQUEST NO. 33:**

All documents that refer or relate to the assertion that all of Take 5's marketing

campaigns involved conduct materially violating the law as set forth in paragraph 30(f) of the

Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request because it is entirely duplicative of other Requests herein.

Respondents further object to this Request because it is overly broad, unduly burdensome, and

seeks the collection and disclosure of information to an extent that is not proportional to the

needs of this Arbitration.  Respondents further object to this Request to the extent it seeks

documents protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other privileges.  Respondents further object to this Request because it calls for

legal conclusions and sharing of case strategy.  Respondents further object to this Request to the extent that it seeks information equally available to Claimants.  Respondents further object to the terms "documents", "refer", "relate", "conduct", and "materially violating" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

## DOCUMENT REQUEST NO. 34:

All documents that refer or relate to the assertion that Gluck and Radetich consistently failed to keep repeated promises to send certain quantities of emails after Advantage acquired Take 5 as set forth in paragraph 32 of the Advantage Response.

## RESPONSE TO DOCUMENT REQUEST NO. 34:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy.  Respondents further object to this Request to the

extent that it seeks information equally available to Claimants. Respondents further object to the terms "documents", "refer", "relate", "consistently", "keep repeated promises", and "send" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

## DOCUMENT REQUEST NO. 35:

All documents that refer or relate to the assertion that Gluck and Radetich provided false reports to clients after Advantage acquired Take 5 as set forth in paragraph 32 of the Advantage Response.

## RESPONSE TO DOCUMENT REQUEST NO. 35:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy. Respondents further object to this Request to the

extent that it seeks information equally available to Claimants.  Respondents further object to the terms "documents", "refer", "relate", "provided", and "false reports" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 36:**

All documents that refer or relate to the assertion that Gluck and Radetich directed lower level employees to assist them with hiding fraudulent activity after Advantage acquired Take 5 as set forth in paragraph 33 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to this Request to the extent that it seeks information equally available to Claimants.  Respondents further object to the terms "documents", "refer", "relate", "directed", "lower level employees", "assist", "hiding", and "fraudulent activity" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and

without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 37:**

All documents that refer or relate to the assertion that Take 5 provided artificially inflated numbers for its annual revenue projections, as set forth in paragraph 34 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to this Request to the extent that it seeks information equally available to Claimants.  Respondents further object to the terms "documents", "refer", "relate", "provided", "artificially inflated", "numbers", and "revenue projections" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**<u>DOCUMENT REQUEST NO. 38</u>:**

All documents that refer or relate to the assertion that Take 5 was losing numerous clients after the Advantage acquisition as set forth in paragraph 34 of the Advantage Response.

**<u>RESPONSE TO DOCUMENT REQUEST NO. 38</u>:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", "losing", and "clients" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

## DOCUMENT REQUEST NO. 39:

All documents that refer or relate to the assertion that, following the acquisition by Advantage, newly hired senior personnel at Take 5 estimated that Take 5 was only retaining 1% of its clients after running each email campaign as set forth in paragraph 34 of the Advantage Response.

## RESPONSE TO DOCUMENT REQUEST NO. 39:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", "newly hired", "senior personnel", "estimated", "retaining", and "clients" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 40:**

All documents that refer or relate to the assertion that a 1% retention rate is "an astonishingly poor return" as set forth in paragraph 34 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", "losing", and "clients" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will not conduct additional searches beyond those agreed to in response to other, duplicative Requests herein.

**DOCUMENT REQUEST NO. 41:**

All documents that refer or relate to the two anonymous complaints submitted by employees in April 2019 through a dedicated ethics reporting website maintained by Advantage as set forth in paragraph 35 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", "anonymous", "complaints", "dedicated", and "ethics reporting website" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians. Respondents will produce copies of the two identified ethics complaints.

**DOCUMENT REQUEST NO. 42:**

All documents that refer or relate to the assertion that Take 5's clients were not receiving the email marketing services that they were paying Take 5 to perform as set forth in paragraph 35 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to the terms "documents", "refer", "relate", "clients", "receiving", and "services" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 43:**

All documents that refer or relate to the assertion that Take 5 utilized fake marketing campaign documentation as set forth in paragraph 35 of the Advantage Response, including copies of the fake marketing campaign documentation.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein.

45

Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to the terms "documents", "refer", "relate", "utilized," "fake", and "documentation" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will conduct a reasonable search for any central repositories containing marketing materials in the files of Take 5 as they currently exist.  Respondents will not conduct additional searches of the files of Respondent custodians beyond those agreed to in response to other, duplicative Requests herein.

**DOCUMENT REQUEST NO. 44:**

All documents that refer or relate to the assertion that that Take 5 sent clients reports indicating that their campaigns were underway, when in fact, far fewer, if any emails had actually been sent as set forth in paragraph 35 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the

46

needs of this Arbitration.  Respondents further object to this Request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other applicable privileges.  Respondents further object to the terms

"documents", "refer", "relate", "clients", "reports", and "underway" as overly broad, uncertain,

vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and

subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent

custodians.

**DOCUMENT REQUEST NO. 45:**

All documents that refer or relate to the assertion that the quality of website traffic Take 5

clients received was poor as set forth in paragraph 35 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the

collection and disclosure of information to an extent that is not proportional to the needs of this

Arbitration.  Respondents further object to this Request to the extent it seeks information

protected from discovery by the attorney-client privilege, the attorney work product doctrine,

and/or other applicable privileges.  Respondents further object to this Request because it is

overly cumulative and duplicative of other Requests herein.  Respondents further object to the

terms "documents", "refer", "relate", "quality", "website traffic", and "poor" as overly broad,

uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing

objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent

custodians.

**DOCUMENT REQUEST NO. 46:**

All documents that refer or relate to the assertion that Take 5 employees regularly

misrepresented the success of its email campaigns by use of fake matchback reports as set forth

in paragraph 35 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request to the extent it seeks information protected from discovery by

the attorney-client privilege, the attorney work product doctrine, and/or other applicable

privileges.  Respondents further object to this Request because it is overly cumulative and

duplicative of other Requests herein.  Respondents further object to the terms "documents",

"refer", "relate", "misrepresented", "success", "fake", and "matchback reports" as overly broad,

uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing

objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 47:**

All documents that refer or relate to the assertion that Gluck and Radetich directed the activities described in paragraph 35 of the Advantage Response, as set forth in paragraph 35 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy. Respondents further object to this Request on the grounds that it is incomprehensible. Respondents further object to the terms "documents", "refer", "relate", "directed", "activities", and "described" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

**DOCUMENT REQUEST NO. 48:**

All documents that refer or relate to communications with vendors, subcontractors or outside providers that were prepared or provided in connection with the FTI Investigation referred to in paragraph 36 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to this Request to the extent that it calls for documents not in Respondents' possession, custody, or control. Respondents further object to the terms "documents", "refer", "relate", "vendors", "subcontractors", "outside providers", "connection", and "FTI Investigation" as overly broad, uncertain, vague, and ambiguous.

**DOCUMENT REQUEST NO. 49:**

All documents that refer or relate to the ten tracking reports FTI reviewed as set forth in paragraph 37 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy. Respondents further object to this Request because it is overly

cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", "tracking reports", "FTI", and "reviewed" as overly broad, uncertain, vague, and ambiguous. Respondents further object to this Request to the extent that it calls for documents not in Respondents' possession, custody, or control.

## DOCUMENT REQUEST NO. 50:

All documents FTI reviewed as set forth in paragraph 37 of the Advantage Response.

## RESPONSE TO DOCUMENT REQUEST NO. 50:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to this Request to the extent that it calls for documents not in Respondents' possession, custody, or control. Respondents further object to the terms "documents", "FTI", and "reviewed" as overly broad, uncertain, vague, and ambiguous.

## DOCUMENT REQUEST NO. 51:

The reports furnished to the Audit Committee of Karman Topco L.P. ("Audit Committee") as set forth in paragraph 38 of the Advantage Response, and any documents, including meeting minutes, that relate or refer to the reports provided to the Audit Committee.

## RESPONSE TO DOCUMENT REQUEST NO. 51:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein.

Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to the terms "documents", "refer", "relate", "Audit Committee", "meeting minutes", and "reports" as overly broad, uncertain, vague, and ambiguous.

## DOCUMENT REQUEST NO. 52:

All documents that refer or relate to any of the 27 Advantage and Take 5 employee interviews Latham and FTI conducted as set forth in paragraph 39 of the Advantage Response, or any other interviews Latham and FTI conducted in connection with their respective investigations as set forth in paragraphs 36–48 of the Advantage Response, including but not limited to any documents that are audio or video recordings of such interviews, written statements, affidavits or notes.

## RESPONSE TO DOCUMENT REQUEST NO. 52:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to the terms "documents", "refer", "relate", "interviews", "Latham", "FTI", "respective", "investigations", "audio", "video", "recordings", "affidavits," and "notes" as overly broad, uncertain, vague, and ambiguous.

**DOCUMENT REQUEST NO. 53:**

All documentation of the transaction testing of over 73 marketing campaigns that Latham and FTI conducted as set forth in paragraph 39 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request as it calls for the basis of expert analysis and is therefore premature. Respondents further object to the terms "documentation", "marketing campaigns", "Latham", "FTI", and "conducted" as overly broad, uncertain, vague, and ambiguous.

**DOCUMENT REQUEST NO. 54:**

The 21,000 documents reviewed by investigators as set forth in paragraph 39 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of

other Requests herein.  Respondents further object to the terms "documents", "reviewed" and "investigators" as overly broad, uncertain, vague, and ambiguous.

**DOCUMENT REQUEST NO. 55:**

All documents that refer or relate to the July 2nd interview as set forth in paragraph 43 of the Advantage Response, including all audio files, transcripts and notes.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to the terms "documents", "refer", "relate", "July 2 interview", "transcript", "audio", and "notes" as overly broad, uncertain, vague, and ambiguous.

**DOCUMENT REQUEST NO. 56:**

All documents that refer or relate to the assertion that the results of "these campaigns" were zero or negligible as set forth in paragraph 45 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other applicable privileges.  Respondents further object to this Request to the extent that it seeks expert analysis for which this Request is premature.  Respondents further object to this Request on the grounds that it is incomprehensible.  Respondents further object to the terms "documents", "refer", "relate", "these campaigns", "zero", and "negligible" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  To the extent that this Request calls for expert analysis, documentation of the analysis conducted by experts retained by Respondents will be provided where required as part of expert disclosures at the proper time, per the Federal Rules of Civil Procedure.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 57:**

All document that refer or relate to the assertion of a failure to perform in the six specific instances as set forth in paragraph 45 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to this Request to the extent that it seeks expert analysis for which this Request is premature. Respondents further object to this Request on the

grounds that it is incomprehensible. Respondents further object to the terms "documents",

"refer", "relate", "failure", "perform", "six specific", and "instances" as overly broad, uncertain,

vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and

subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other applicable privileges. Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from select

Respondent custodians.

**DOCUMENT REQUEST NO. 58:**

All documents relied upon to create the chart referenced and set forth in paragraph 46 of

the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request to the extent it seeks information protected from discovery by

the attorney-client privilege, the attorney work product doctrine, and/or other applicable

privileges. Respondents further object to this Request because it is overly cumulative and

duplicative of other Requests herein, specifically Requests No. 13, 15, and 16. Respondents

further object to the terms "relied upon", "create", and "chart" as overly broad, uncertain, vague,

and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to

ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce responsive, non-privileged documents in response to Requests

No. 13, 15, and 16, which encompass this Request.

**DOCUMENT REQUEST NO. 59:**

All documents that refer or relate to the six email exchanges referenced in paragraph 48 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", and "six email exchanges" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce any non-privileged portions of the emails quoted in paragraph 48 of Respondents' Response.

**DOCUMENT REQUEST NO. 60:**

All documents that refer or relate to the assertion that Advantage has paid out more than $13 million to honor Take 5's obligations as set forth in paragraph 53 of the Advantage Response, including all communications with said former customers.

**RESPONSE TO DOCUMENT REQUEST NO. 60:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other

applicable privileges.  Respondents further object to the terms "documents", "refer", "relate", "paid out", "honor", "obligations", and "former customers" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 61:**

All documents that refer or relate to Google Analytics studies, results, reports or data received from a Take 5 client.

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "documents", "refer", "relate", "Google Analytics", "studies", "results",  "reports", "data",  "received",  and "client" as overly broad, uncertain, vague, and ambiguous.

Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 62:**

All documents that refer or relate to the assertion that Advantage will likely pay out money in the future to Take 5 clients as set forth in paragraph 53 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to the terms "documents", "refer", "relate", "likely", "pay out", "money", "future", and "clients" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 63:**

All documents that refer or relate to the assertion that Take 5 provided incorrect financial results as set forth in paragraph 54 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to this Request to the extent that it seeks information equally available to Claimants. Respondents further object to the terms "documents", "refer", "relate", "provided", "incorrect", and "financial results" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

**DOCUMENT REQUEST NO. 64:**

All documents that refer or relate to the assertion that Advantage faces an initial public offering "based on a materially lower valuation" than it would have without the purported Take 5 "fraud." as set forth in paragraph 55 of the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 64:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request as it calls for the basis of expert analysis and is therefore premature. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", "faces", "materially lower", "valuation", and "purported" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce responsive, non-privileged documents after a reasonable search of documents from select Respondent custodians.

**DOCUMENT REQUEST NO. 65:**

All communications or documents that refer or relate to Respondents' review or analysis of the operations of Take 5 prior to the purchase of Take 5.

**RESPONSE TO DOCUMENT REQUEST NO. 65:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad and unduly burdensome and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to the terms "communications", "documents", "refer", "relate", "review", "analysis", "operations", "prior", and "purchase" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 66:**

The documents Respondents reviewed and relied upon in deciding to purchase the Take 5 assets.

**RESPONSE TO DOCUMENT REQUEST NO. 66:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein.

Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to the terms "documents", "reviewed", "deciding", "purchase", and "assets" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 67:**

All communications or documents that refer or relate to the Take 5 client interviews that Ernst & Young's Parthenon Group or Colen conducted during the due diligence process, including any scripts used or reports of interviews.

**RESPONSE TO DOCUMENT REQUEST NO. 67:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent that it seeks

information not relevant to this Arbitration.  Respondents further object to this Request to the

extent it seeks information protected from discovery by the attorney-client privilege, the attorney

work product doctrine, and/or other applicable privileges.  Respondents further object to this

Request as it is impermissibly compound.  Respondents further object to the terms

"communications", "documents", "refer", "relate", "client", "interviews", "Ernst & Young",

"Parthenon group", "due diligence", "process", "scripts", "reports", and "interviews" as overly

broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing

objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent

custodians.

**DOCUMENT REQUEST NO. 68:**

All communications or documents that refer or relate to Respondents' investigation of all

aspects and elements of Take 5's business prior to the purchase of Take 5.

**RESPONSE TO DOCUMENT REQUEST NO. 68:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request as it is entirely duplicative of other Requests herein,

specifically Request Nos. 65 and 66.  Respondents further object to this Request because it is

overly broad, unduly burdensome, and seeks the collection and disclosure of information to an

extent that is not proportional to the needs of this Arbitration.  Respondents further object to this

Request to the extent it seeks information protected from discovery by the attorney-client

privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to the terms "communications", "documents", "refer", "relate", "investigations", "aspects", "elements", and "prior" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 69:**

All documents that you reviewed during the due diligence process relating to prior litigation involving Take 5.

**RESPONSE TO DOCUMENT REQUEST NO. 69:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein, specifically Request Nos. 65 and 66. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to the terms "documents", "reviewed", "due diligence", "process", and "prior litigation" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 70:**

All communications and documents that refer or relate to your performance of due diligence and decision to acquire Take 5.

**RESPONSE TO DOCUMENT REQUEST NO. 70:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to the terms "communications", "documents", "refer", "relate", "performance", "due diligence", and "decision" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 71:**

All communications or documents that refer or relate to Respondents' due diligence list that were used, reviewed or relied upon in connection with the purchase of the business of Take 5, including the general legal diligence Request and the supplemental diligence Request.

**RESPONSE TO DOCUMENT REQUEST NO. 71:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to the terms "communications", "documents", "refer", "relate", "due diligence", "lists", "used", "reviewed", "relied upon", "general legal diligence Request", and "supplemental diligence Request" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 72:**

All communications that refer or relate to forming and disbanding cross company sales teams for Take 5 and other Advantage divisions or business units.

**RESPONSE TO DOCUMENT REQUEST NO. 72:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to the terms "communications", "refer", "relate", "forming", "disbanding", "cross company", "sales teams", "divisions", and "business units" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will limit their response to this Request to documents relating to cross company sales teams involving the Claimant, and exclude documents relating only to cross company sales teams not involving the Claimant. Subject to this limitation, Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 73:**

All communications that refer or relate to Requests to Gluck and Radetich to protect Advantage Media representatives or "owned" accounts, including but not limited to Edge, UpShot, Brand Connections, INMarketing, and AMP.

**RESPONSE TO DOCUMENT REQUEST NO. 73:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration, Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "communications", "refer", "relate", "Requests", "protect", "representatives", "owned", and "accounts" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 74:**

All communications that refer or relate to Cengage.

**RESPONSE TO DOCUMENT REQUEST NO. 74:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "communications", "refer", "relate", and "Cengage" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will meet and confer with Claimant regarding the relevance and narrowing of this Request.

**DOCUMENT REQUEST NO. 75:**

All communications that refer or relate to NAM.

**RESPONSE TO DOCUMENT REQUEST NO. 75:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the

collection and disclosure of information to an extent that is not proportional to the needs of this

Arbitration. Respondents further object to this Request to the extent that it seeks information not

relevant to this Arbitration. Respondents further object to this Request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other applicable privileges. Respondents further object to this Request because

it is overly cumulative and duplicative of other Requests herein. Respondents further object to

the terms "communications", "refer", "relate", and "NAM" as overly broad, uncertain, vague,

and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to

ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other applicable privileges. Respondents will meet

and confer with Claimant regarding the relevance and narrowing of this Request.

**DOCUMENT REQUEST NO. 76:**

All communications that refer or relate to BMW's agency.

**RESPONSE TO DOCUMENT REQUEST NO. 76:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the

collection and disclosure of information to an extent that is not proportional to the needs of this

Arbitration. Respondents further object to this Request to the extent that it seeks information not

relevant to this Arbitration. Respondents further object to this Request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other applicable privileges. Respondents further object to this Request because

it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "communications", "refer", "relate", and "BMW's Agency" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will meet and confer with Claimant regarding the relevance and narrowing of this Request.

**DOCUMENT REQUEST NO. 77:**

All communications that refer or relate to restrictions on Take 5 from offering any marketing to Advantage Media clients, including any restrictions to offering email only to such clients.

**RESPONSE TO DOCUMENT REQUEST NO. 77:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "communications", "refer", "relate", "offering", "marketing", "clients", "restrictions", and "email only" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without

waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 78:**

All communications that refer or relate to Beyer.

**RESPONSE TO DOCUMENT REQUEST NO. 78:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "communications", "refer", "relate", and "Beyer" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other applicable privileges. Respondents will meet and confer with Claimant regarding the relevance and narrowing of this Request.

**DOCUMENT REQUEST NO. 79:**

All communications that refer or relate to Hubbard Radio.

**RESPONSE TO DOCUMENT REQUEST NO. 79:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "communications", "refer", "relate" and "Hubbard Radio" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will meet and confer with Claimant regarding the relevance and narrowing of this Request.

**DOCUMENT REQUEST NO. 80:**

All communications that refer or relate to Epsilon.

**RESPONSE TO DOCUMENT REQUEST NO. 80:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "communications", "refer", "relate", and "Epsilon" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will meet and confer with Claimant regarding the relevance and narrowing of this Request.

**DOCUMENT REQUEST NO. 81:**

All communications, including to or from Jill Griffin, that refer or relate to a directive, instruction or suggestion any agency under the Advantage Sales & Marketing company umbrella should use Take 5 for email marketing only.

**RESPONSE TO DOCUMENT REQUEST NO. 81:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the

collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to the terms "communications", "refer", "relate", "directive", "instruction", "suggestion", "agency", "company umbrella", and "only" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 82:**

All documents, including presentations, marketing materials and PowerPoint decks, that refer or relate to Take 5's status as an email only provider, including but not limited to any "Connected Audiences" decks.

**RESPONSE TO DOCUMENT REQUEST NO. 82:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine,

and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", "presentations", "marketing materials", "PowerPoint decks", "only", "provider," and "'Connected Audiences' decks" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

## DOCUMENT REQUEST NO. 83:

All documents that refer or relate to Take 5 price reductions required by Advantage Media in order to purchase or sell Take 5 products.

## RESPONSE TO DOCUMENT REQUEST NO. 83:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondent further objects to the Request on the grounds that it is incomprehensible. Respondents further object to the terms

"documents", "refer", "relate", "price reductions", "required", "in order", "purchase", and "Take 5 products" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 84:**

All communications and other documents that refer or relate to a pattern, practice or specific instance or companies or divisions under the Advantage Sales & Marketing umbrella, including Take 5 and Advantage Media, transferring, sharing or taking on each other's expenses.

**RESPONSE TO DOCUMENT REQUEST NO. 84:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "communications", "documents", "refer", "relate", "pattern", "practice", "specific

instance", "umbrella", "transferring", "sharing", and "taking on", and "expenses" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.  Respondents will limit their response to this Request to documents relating to responsive behavior involving Claimant, and exclude documents relating only to responsive conduct not involving the Claimant, on the grounds that the accounting behaviors of companies and subsidiaries not involved with Claimant are not relevant to this Arbitration, and the Request as written is not proportional to the claims at issue.

## DOCUMENT REQUEST NO. 85:

All communications and documents that refer or relate to commissions of Take 5 sales representatives, termination of Take 5 sales representatives, year-end bonuses for Take 5 employees, or the 2018 Take 5 holiday party.

## RESPONSE TO DOCUMENT REQUEST NO. 85:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent that it seeks information not relevant to this Arbitration.  Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney

work product doctrine, and/or other applicable privileges.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "communications", "documents", "refer", "relate", "commissions", "sales representatives", "termination", "year-end bonuses", and "2018 Take 5 holiday party" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will meet and confer with the Seller Group regarding the relevance and narrowing of this Request.

**DOCUMENT REQUEST NO. 86:**

All documents, including marketing materials, Take 5 training manuals or presentations that refer or relate to or describe Take 5's or Advantage Sales & Marketing LLC's omni-channel or multi-channel products and services.

**RESPONSE TO DOCUMENT REQUEST NO. 86:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent that it calls for documents equally available to Claimants, or that were destroyed or discarded by Claimants.  Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "documents", "refer", "relate", "marketing materials", "training manuals", "presentations", "omni-channel", and "multi-channel" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.  Respondents will search for marketing materials and training manuals stored in central repositories in Respondents' files.

**DOCUMENT REQUEST NO. 87:**

All Take 5 campaign tracking reports, whether or not they were provided to customers of Take 5.

**RESPONSE TO DOCUMENT REQUEST NO. 87:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent that it seeks information not in Respondents custody and control, or information made not accessible to Respondents by the actions of Claimants.  Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to

the terms "campaign", "tracking reports", "provided", and "customers" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will meet and confer with Claimant regarding the accessibility of the documents sought by this Request.

**DOCUMENT REQUEST NO. 88:**

All documents concerning the job duties of Pike, Michael Ouelette, Katelyn Crowley for the period April 1, 2018 to July 30, 2019.

**RESPONSE TO DOCUMENT REQUEST NO. 88:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to the terms "documents" and "job duties" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce responsive, non-privileged documents sufficient to demonstrate the job duties of Joshua Pike, Michael Ouelette, and Katelyn Crowley.

**DOCUMENT REQUEST NO. 89:**

All documents concerning the accounting treatment of expenses concerning Ubimo.

**RESPONSE TO DOCUMENT REQUEST NO. 89:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "accounting treatment", "expenses", and "Ubimo" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will meet and confer with Claimant regarding the relevance and narrowing of this Request.

**DOCUMENT REQUEST NO. 90:**

All documents concerning the accounting treatment of expenses concerning Pike's travel.

**RESPONSE TO DOCUMENT REQUEST NO. 90:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent that it seeks information not relevant to this

Arbitration.  Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "documents", "treatment", "expenses", and "travel" as overly broad, uncertain, vague, and ambiguous.

## DOCUMENT REQUEST NO. 91:

All documents that refer or relate to sales or chargebacks between Advantage Media and Take 5.

## RESPONSE TO DOCUMENT REQUEST NO. 91:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "documents", "refer", "relate", "sales", and "chargebacks" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 92:**

All documents concerning the MomentAware product, including its design and deployment.

**RESPONSE TO DOCUMENT REQUEST NO. 92:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "MomentAware", "design", and "deployment" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other applicable privileges.  Respondents will meet

and confer with Claimant regarding the relevance and narrowing of this Request.

**DOCUMENT REQUEST NO. 93:**

All communications by, among or between Respondents and Take 5 customers relating to

the following:

a.    The services that Take 5 was providing to the customer;

b.    All complaints, grievances or concerns received from customers;

c.    All refunds provided to customers and the communications relating thereto.

d.    All complimentary, praising or positive communications, either prior to or after

Advantage acquisition.

**RESPONSE TO DOCUMENT REQUEST NO. 93:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request as it is entirely duplicative of other Requests herein.

Respondents further object to this Request to the extent that it seeks information not relevant to

this Arbitration.  Respondents further object to this Request as it is impermissibly compound.

Respondents further object to this Request because it is overly broad, unduly burdensome, and

seeks the collection and disclosure of information to an extent that is not proportional to the

needs of this Arbitration.  Respondents further object to this Request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other applicable privileges.  Respondents further object to the terms

"communications", "customers", "providing", "complaints", "grievances", "concerns",

"refunds", and "complimentary, praising or positive communications" as overly broad, uncertain,

vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will not conduct additional searches of the files of Respondent custodians beyond those agreed to in response to other, duplicative Requests herein.

**DOCUMENT REQUEST NO. 94:**

All communications by, among or between Respondents and Take 5 vendors relating to the following:

     a.     Invoices from vendors;

     b.     The various campaigns and the services the vendors were providing;

     c.     Clients' satisfaction or dissatisfaction with Take 5's vendors and their services

**RESPONSE TO DOCUMENT REQUEST NO. 94:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request as it is impermissibly compound. Respondent further objects to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the

terms "communications", "vendors", "invoices", "campaigns", "services", "satisfaction", and

"dissatisfaction" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and

without waiving the foregoing objections, and subject to ongoing investigation and discovery,

Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other applicable privileges.   Respondents will

produce responsive, non-privileged documents after a reasonable search of documents from

Respondent custodians.

**DOCUMENT REQUEST NO. 95:**

All communications or documents that refer or relate to a chart or charts of

clients/accounts assembled by Tanya Coker indicating projected difficulty of transitioning clients

into OmniReach, a full omnichannel advertising product suite, from email.

**RESPONSE TO DOCUMENT REQUEST NO. 95:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request as it is entirely duplicative of other Requests herein.

Respondents further object to this Request because it is overly broad, unduly burdensome, and

seeks the collection and disclosure of information to an extent that is not proportional to the

needs of this Arbitration.  Respondents further object to this Request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other applicable privileges.  Respondents further object to the terms

"communications", "documents", "refer", "relate", "chart or charts", "clients/accounts",

"assembled", "projected difficulty", "transitioning", "OmniReach", "omnichannel", and "product

suite" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 96:**

All communications or documents that refer or relate to the 60 day "client transition plan" into OmniReach, prepared for and presented to Colen and Carrie Libitsky by Ryan McGavran.

**RESPONSE TO DOCUMENT REQUEST NO. 96:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to the terms "communications", "documents", "refer", "relate", "60 day 'client transition plan'", "OmniReach", "prepared for", and "presented" as overly broad, uncertain, vague, and

ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 97:**

For the period January 1, 2018 to present, all general ledger entries, financial statements, balance sheets and other accounting records of the Take 5 business unit.

**RESPONSE TO DOCUMENT REQUEST NO. 97:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent that it calls for documents equally available to Claimants, or that were destroyed or discarded by Claimants.  Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to the terms "general ledger entries", "financial statements", "balance sheets", and "accounting records" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other applicable privileges. Respondents will meet and confer with Claimants regarding gaining access to Take 5 accounting records.

## DOCUMENT REQUEST NO. 98:

All documents that refer or relate to the April 2019 employee complaints referenced in the Advantage Response and all documents, including:

a.   communications relating to the complaints and complainant(s);

b.   communications between you and the complainant(s);

c.   communications and other documents relating to the complainant(s)' termination;

d.   any agreement or contract between you and a complainant;

## RESPONSE TO DOCUMENT REQUEST NO. 98:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents will not produce agreements or contracts with complainants as they are not relevant to the current Arbitration nor proportional to the claims at issue. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to the terms "documents", "refer", "relate", "communications", "complaints", "complainant(s)", and "termination" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will not conduct additional searches of the files of Respondent custodians beyond those agreed to in response to other, duplicative Requests herein.

**DOCUMENT REQUEST NO. 99:**

All documents that refer or relate to the attempt by Mary Jo Benjoseph to take an unauthorized copy of data while working for Advantage Sales & Marketing LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 99:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents will not conduct a search of the files of Respondent custodians related to this Request as they are not relevant to this Arbitration.   Respondents object to this Request on the grounds that it seeks information not relevant to this Arbitration.  Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "documents", "refer", "relate", "attempt", "take", "unauthorized copy", and "data" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

**DOCUMENT REQUEST NO. 100:**

All documents that refer or relate to the termination of Mary Jo Benjoseph as your employee.

**RESPONSE TO DOCUMENT REQUEST NO. 100:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents will not conduct a search of the files of Respondent custodians related to this Request as they are not relevant to this Arbitration. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", and "termination" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

**DOCUMENT REQUEST NO. 101:**

All documents that refer or relate to the transfer of anything of value to Mary Jo Benjoseph, including salary, commissions or the settlement of any claims, including any demands or Requests from Mary Jo Benjoseph.

**RESPONSE TO DOCUMENT REQUEST NO. 101:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents will not conduct a search of the files of Respondent custodians related to this Request as they are not relevant to this Arbitration.  Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "documents", "refer", "relate", "commissions", "settlement", "demands", and "Requests" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents will meet and confer with Claimants regarding the relevance and scope of this request and its implications on the privacy of a non-party.

**DOCUMENT REQUEST NO. 102:**

All documents provided to FTI and Latham by Respondents or provided by FTI and Latham to Respondents, including any reports or drafts thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 102:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy. Respondents further object to this Request as it calls for the basis of expert analysis and is therefore premature. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "FTI", "Latham", "provided", "reports", and "drafts thereof" as overly broad, uncertain, vague, and ambiguous.

**DOCUMENT REQUEST NO. 103:**

All documents and work papers prepared by FTI in connection with its investigation.

**RESPONSE TO DOCUMENT REQUEST NO. 103:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy. Respondents further object to this Request as it calls for the basis of expert analysis and is therefore premature. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the

terms "documents", "FTI", "work papers", "prepared", "in connection", and "investigation" as overly broad, uncertain, vague, and ambiguous.

**DOCUMENT REQUEST NO. 104:**

All communications or other documents setting forth the scope of work for FTI's investigation, including any checklists or list of items that identify the review and investigation to be performed, and the documentation of the results thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 104:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy. Respondents further object to this Request as it calls for the basis of expert analysis and is therefore premature. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "communications", "documents", "setting forth", "scope of work", "FTI", "investigation", "checklists", "lists of items", "review", and "results" as overly broad, uncertain, vague, and ambiguous.

**DOCUMENT REQUEST NO. 105:**

All communications from Respondents to the FBI, Department of Justice (including any U.S. Attorney's Office) or any other state or federal agency regarding the Seller Group.

**RESPONSE TO DOCUMENT REQUEST NO. 105:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request on the grounds that it seeks information subject to a

governmental privilege, the waiver of which cannot be effectuated by Respondents.

Respondents further object to this Request because it is overly broad, unduly burdensome, and

seeks the collection and disclosure of information to an extent that is not proportional to the

needs of this Arbitration.  Respondents further object to this Request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other applicable privileges.  Respondents further object to the terms

"communications" and "state or federal agency" as overly broad, uncertain, vague, and

ambiguous.

## DOCUMENT REQUEST NO. 106:

For each marketing campaign that Respondents contend involved fraud: all

communications between Take 5 and the client, including emails, contracts, statements of work,

invoices and reports; all records of payments received; and all documents concerning Take 5

vendors used to fulfill the marketing campaign, including all communications with Take 5

vendors, including emails, contracts, statements of work, invoices and reports, and records of

payment to those vendors.

## RESPONSE TO DOCUMENT REQUEST NO. 106:

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request as it is entirely duplicative of other Requests herein.

Respondents further object to this Request because it is overly broad, unduly burdensome, and

seeks the collection and disclosure of information to an extent that is not proportional to the

needs of this Arbitration.  Respondents further object to this Request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other applicable privileges.  and other Requests herein.  Respondents further

object to the terms "communications", "marketing campaign", "fraud", "statements of work", "invoices", "reports", "records of payments", and "vendors" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

**DOCUMENT REQUEST NO. 107:**

All communications or documents that refer or relate to the decision to shut down the Take 5 business unit.

**RESPONSE TO DOCUMENT REQUEST NO. 107:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Respondents further object to the terms "communications", "documents", "refer", "relate", "decision", "shut down", and "business unit" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

## DOCUMENT REQUEST NO. 108:

All communications or documents that refer or relate to the July 11, 2019 "all hands" meeting at Take 5.

## RESPONSE TO DOCUMENT REQUEST NO. 108:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "communications", "documents", "refer", "relate", and "all hands" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 109:**

All documents that refer or relate to the value of the Take 5 database.

**RESPONSE TO DOCUMENT REQUEST NO. 109:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it seeks information equally available to Claimants. Respondents further object to the terms "documents", "refer", "relate", "value" and "Take 5 database" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 110:**

All documents that refer or relate to the resignations of Gluck and Radetich.

**RESPONSE TO DOCUMENT REQUEST NO. 110:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "documents", "refer", "relate", and "resignations" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 111:**

All communications or documents that refer or relate to communications between Take 5 or Respondents on the one hand and a Take 5 client on the other hand that took place on or after June 27, 2019, including any scripts, plans or documentation of client responses.

**RESPONSE TO DOCUMENT REQUEST NO. 111:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the

needs of this Arbitration. Respondents further object to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents further object to this Request to the extent that it seeks information equally available to Claimants. Respondents further object to the terms "communications", "documents", "refer", "relate", "client", "scripts", "plans", and "client responses" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 112:**

A floor plan of the Take 5 offices in Boca Raton.

**RESPONSE TO DOCUMENT REQUEST NO. 112:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request on the grounds that it seeks information not relevant to this Arbitration. Respondents further object to this Request because it seeks information equally available to Claimant. Respondents further object to the terms "floor plan" and "Take 5 offices" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will conduct a reasonable investigation into the existence of a floor plan of the Boca Raton offices, and produce if such a document exists. If a responsive document cannot be found after a reasonable investigation, Respondents will not respond to this Request on the grounds that the Seller Group is equally able to create such a document.

**DOCUMENT REQUEST NO. 113:**

All communications or documents that refer or relate to communications with former Take 5 customers on or after June 29, 2019.

**RESPONSE TO DOCUMENT REQUEST NO. 113:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request to the extent that it seeks information equally available to Claimants. Respondents further object to the terms "communications", "documents", "refer", "relate", "former", and "customers" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will meet and confer with Claimants regarding the relevance and narrowing of this Request.

**DOCUMENT REQUEST NO. 114:**

All communications or documents that characterize Take 5 clients as "aware and comfortable," "unaware but comfortable" or "unaware and uncomfortable."

**RESPONSE TO DOCUMENT REQUEST NO. 114:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to this Request because it calls for legal conclusions and sharing of case strategy. Respondents further object to this Request to the extent that it seeks information equally available to Claimants. Respondents further object to the phrases "communications", "documents", "aware and comfortable", "unaware but comfortable", and "unaware and uncomfortable" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

**DOCUMENT REQUEST NO. 115:**

All documents concerning Respondents' efforts to make an initial public offering of stock, including any documents concerning the valuation of Advantage Sales & Marketing LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 115:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration.  Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents further object to the terms "documents", "efforts", "stock", and "valuation" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will not conduct additional searches in response to this Request beyond those already agreed to in response to Request No. 64 on the grounds that documents responsive to this Request and not responsive to Request No. 64 are not relevant to the claims in this Arbitration.  Respondents will meet and confer with the Claimants to clarify, limit and narrow this Request if possible.

**DOCUMENT REQUEST NO. 116:**

All documents concerning Respondents' decision not to proceed with an initial public offering after filing an S-1 in or about May 2017.

**RESPONSE TO DOCUMENT REQUEST NO. 116:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein.

Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to the terms "documents", "concerning", "decision", "proceed", and "S-1" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will not conduct additional searches in response to this Request beyond those already agreed to in response to Request Nos. 64 and 115 on the grounds that documents responsive to this Request and not responsive to Request Nos. 64 and 115 are not relevant to the claims in this Arbitration. Respondents will meet and confer with Claimants to clarify, limit and narrow this Request if possible.

## DOCUMENT REQUEST NO. 117:

All documents concerning any natural person who may receive a financial benefit by virtue of an IPO or sale of Advantage Sales & Marketing LLC, including but not limited to Colen, Pike or any person involved in the decision to shut down the Take 5 business unit or any person who may be a witness in this Arbitration.

## RESPONSE TO DOCUMENT REQUEST NO. 117:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent that it seeks information not relevant to

this Arbitration. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to the terms "documents", "concerning", "natural person", "financial benefit", "by virtue", "decision", "shut down", and "witness" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will not conduct additional searches in response to this Request beyond those already agreed to in response to Request Nos. 64, 115, and 116 on the grounds that documents responsive to this Request and not responsive to Request Nos. 64, 115, and 116 are not relevant to the claims in this Arbitration. Respondents will meet and confer with the Seller Group to clarify, limit and narrow this Request if possible.

**DOCUMENT REQUEST NO. 118:**

All documents concerning any potential sale of an Advantage Party to one or more private parties during the time period that Respondents were considering an initial public offering of stock.

**RESPONSE TO DOCUMENT REQUEST NO. 118:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request because it is overly broad, unduly

burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to the terms "documents", "concerning", "potential sale", "Advantage Party", "private parties", and "considering", as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will not conduct additional searches in response to this Request beyond those already agreed to in response to Request Nos. 64 and 115-117 on the grounds that documents responsive to this Request and not responsive to Request Nos. 64 and 115-117 are not relevant to the claims in this Arbitration. Respondents will meet and confer with the Seller Group to clarify, limit and narrow this Request if possible.

**DOCUMENT REQUEST NO. 119:**

All documents concerning the timing of the initial public offering of stock referenced in Advantage's Response.

**RESPONSE TO DOCUMENT REQUEST NO. 119:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the

extent it seeks documents protected from discovery by the attorney-client privilege, the attorney

work product doctrine, and/or other privileges. Respondents further object to the terms

"documents", "concerning", "timing" and "stock" as overly broad, uncertain, vague, and

ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to

ongoing investigation and discovery, Respondents respond as follows:

Respondents will not conduct additional searches in response to this Request beyond

those already agreed to in response to Request Nos. 64 and 115-118 on the grounds that

documents responsive to this Request and not responsive to Request Nos. 64 and 115-118 are not

relevant to the claims in this Arbitration. Respondents will meet and confer with the Seller

Group to clarify, limit and narrow this Request if possible.

**DOCUMENT REQUEST NO. 120:**

All communications or documents that refer or relate to an April 2019 meeting among

Colen, Radetich and Gluck in New York City.

**RESPONSE TO DOCUMENT REQUEST NO. 120:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the

collection and disclosure of information to an extent that is not proportional to the needs of this

Arbitration. Respondents further object to this Request to the extent it seeks documents

protected from discovery by the attorney-client privilege, the attorney work product doctrine,

and/or other privileges. Respondents further object to this Request because it is overly

cumulative and duplicative of other Requests herein. Respondents further object to this Request

to the extent that it seeks information equally available to Claimants. Respondents further object

to the terms "communications", "documents", and "April 2019 meeting" as overly broad,

uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing

objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other privileges.  Respondents will produce

responsive, non-privileged documents after a reasonable search of documents from Respondent

custodians.

**DOCUMENT REQUEST NO. 121:**

All communications or documents that refer or relate to the possibility of Radetich and

Gluck voluntarily giving up their earn out rights under the Asset Purchase Agreement in 2019 in

exchange for one or more concessions or promises from Respondents.

**RESPONSE TO DOCUMENT REQUEST NO. 121:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the

collection and disclosure of information to an extent that is not proportional to the needs of this

Arbitration.  Respondents further object to this Request to the extent it seeks documents

protected from discovery by the attorney-client privilege, the attorney work product doctrine,

and/or other privileges.  Respondents further object to this Request because it is overly

cumulative and duplicative of other Requests herein.  Respondents further object to this Request

to the extent that it seeks information equally available to Claimant.  Respondents further object

to this Request because the terms "communications", "documents", "refer", "relate",

"voluntarily", "giving up", "earn out", "rights", "in exchange for", "concessions", and

"promises" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without

waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians.

**DOCUMENT REQUEST NO. 122:**

All communications authored by Colen that contain the words "black," "white" and "gray"/"grey".

**RESPONSE TO DOCUMENT REQUEST NO. 122:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to this Request because it is unlikely to result in discoverable information. Respondents further object to this Request because it is incomprehensible. Respondents further object to the terms "communications", "black", "white", "gray", and "grey" as overly broad, uncertain, vague, and

ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to

ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for

Take 5 custodians, except for materials protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and/or other privileges.  Respondents will not respond to this

Request as it is overly broad and not likely to yield information relating to this Arbitration.

Respondents will meet and confer with the Seller Group to clarify, limit and narrow this Request

if possible.

## DOCUMENT REQUEST NO. 123:

All communications or documents that refer or relate to the performance, including

financial performance, of the Advantage Media division in 2018 and 2019.

## RESPONSE TO DOCUMENT REQUEST NO. 123:

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the

collection and disclosure of information to an extent that is not proportional to the needs of this

Arbitration.  Respondents further object to this Request to the extent that it seeks information not

relevant to this Arbitration.  Respondents further object to this Request to the extent it seeks

documents protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other privileges.  Respondents further object to this Request because it is overly

cumulative and duplicative of other Requests herein.  Respondents further object to the terms

"communications", "documents", "refer", "relate", "performance", "financial performance", and

"division" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without

waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will produce company financial statements for 2018 and 2019, which include information pertaining to Advantage Media.

**DOCUMENT REQUEST NO. 124:**

All communications or documents that refer or relate to the combination of Advantage Media and the Jun Group.

**RESPONSE TO DOCUMENT REQUEST NO. 124:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration.  Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "communications", "documents", "refer", "relate", and "combination" as overly broad, uncertain, vague, and ambiguous.  Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will produce company financial statements for 2018 and 2019, which include information pertaining to Advantage Media and Jun Group.

**DOCUMENT REQUEST NO. 125:**

All communications or documents that refer or relate to relationship between Colen and Pike.

**RESPONSE TO DOCUMENT REQUEST NO. 125:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration.  Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration.  Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein.  Respondents further object to the terms "communications", "documents", "refer", "relate", and "relationship" are overly broad, uncertain, vague, and ambiguous.

**DOCUMENT REQUEST NO. 126:**

All communications or documents that refer or relate to the performance of the Advantage Media division in 2018 and 2019.

114

**RESPONSE TO DOCUMENT REQUEST NO. 126:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent that it seeks information not relevant to this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to this Request because it is overly cumulative and duplicative of other Requests herein. Respondents further object to the terms "communications", "documents", "refer", "relate", "performance", and "division" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents will produce company financial statements for 2018 and 2019, which include information pertaining to Advantage Media.

**DOCUMENT REQUEST NO. 127:**

All communications or documents that refer or relate to the 2018 Take 5 holiday party.

**RESPONSE TO DOCUMENT REQUEST NO. 127:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request to the extent that it seeks information not relevant to

this Arbitration. Respondents object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents further object to the terms "communications", "documents", and "2018 Take 5 holiday party" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Respondents' response to this Request will be the same as its response to Request No. 85 subject to the meet and confer recommended for that Request.

**DOCUMENT REQUEST NO. 128:**

All documents that refer or relate to the whistleblower complaints referred to in the Advantage Response.

**RESPONSE TO DOCUMENT REQUEST NO. 128:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents object to this Request as it is entirely duplicative of other Requests herein. Respondents further object to this Request because it is overly broad, unduly burdensome, and seeks the collection and disclosure of information to an extent that is not proportional to the needs of this Arbitration. Respondents further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other privileges.  Respondents further object to the terms "documents", "refer", "relate", "whistleblower", and "complaints" as overly broad, uncertain, vague, and ambiguous. Notwithstanding and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce entire email inboxes as they exist in Respondents' systems for Take 5 custodians, except for materials protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Respondents will not conduct additional searches of the files of Respondent custodians beyond those agreed to in response to other, duplicative Requests herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## RESPONSE TO INFORMATION REQUESTS NOS. 1 THROUGH 23

Respondents object to Information Requests Nos. 1 through 23 on the grounds that they call for information not the proper subject of Requests for Production under Federal Rule of Civil Procedure 34.  Information Requests Nos. 1 through 23 call for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and therefore require no response.

Dated:  June 12, 2020

GREENBERG GROSS LLP

By: _____
Wayne R. Gross
wgross@ggtriallaw.com
Joshua M. Robbins
jrobbins@ggtriallaw.com
Matthew S. Ingles
mingles@ggtriallaw.com
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
(949) 383-2800
(949) 383-2801 (fax)

*Attorneys for Respondent and Counter-Claimant/Cross-Claimant Advantage Sales & Marketing, LLC, and Cross-Claimants Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P.*

118

**PROOF OF SERVICE**

*Petruss Media Group, LLC f/k/a Take 5 Media v. Advantage Sales & Marketing LLC*
*AAA Case No. 01-19-0002-7532*

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On June 12, 2020, I served true copies of the following document(s) described as

**RESPONDENT AND COUNTER-CLAIMANT/CROSS-CLAIMANTS' RESPONSE TO CLAIMANT/CROSS-RESPONDENTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INFORMATION**

on the interested parties in this action as follows:

Richard Roth (rich@rrothlaw.com)

Stanislav Sharovskiy (stan@rrothlaw.com)

Dennis Richard (dennis@richardandrichard.com)

Melissa L. Mackiewicz (melissa@richardandrichard.com)

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address CWinsten@GGTrialLaw.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 12, 2020, at Costa Mesa, California.

Cheryl Winsten

119