# EXHIBIT 31

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| Petruss Media Group, LLC, f/k/a Take 5 Media Group, LLC,<br><br>        Claimant,<br><br>    v.<br><br>Advantage Sales & Marketing, LLC, a California limited liability company,<br><br>        Respondent.<br><hr><br>Advantage Sales & Marketing LLC, Advantage Sales  & Marketing INC., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P.,<br><br>        Counter-Claimant and Cross-Claimants,<br><br>    v.<br><br>Petruss Media Group, LLC f/k/a T 5 Media Group LLC, RJV Marketing Corp., Richard Gluck, and Alexander Radetich,<br><br>        Counter-Respondent and Cross-Respondents. | Case No. 01-19-0002-7532<br><br>**RESPONDENT AND COUNTER-CLAIMANT/CROSS-CLAIMANT ADVANTAGE SALES & MARKETING, LLC, AND CROSS-CLAIMANTS ADVANTAGE SALES & MARKETING INC., KARMAN INTERMEDIATE CORP., ADVANTAGE SOLUTIONS INC., AND KARMAN TOPCO L.P.'S RESPONSES TO CLAIMANT/COUNTER-RESPONDENT PETRUSS MEDIA GROUP, LLC, F/K/A TAKE 5 MEDIA GROUP, LLC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND INFORMATION** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure as adopted by that certain Asset Purchase Agreement, dated as of March 15, 2018, entered into by and among Respondent and Counter-Claimant/Cross-Claimant Advantage Sales & Marketing, LLC, and Cross-Claimants Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P., (collectively "Respondents") and Claimant and Cross-Respondents Petruss Media Group, LLC f/k/a Take 5 Media Group LLC, RJV Marketing Corp.,

Richard Gluck, and Alexander Radetich (collectively "Claimants"), Respondents hereby respond to the Claimant's Second Request for Production of Documents and Information (the "Requests"), as follows:

## PRELIMINARY STATEMENT

1.    Respondents submit their responses based upon information and/or documentation presently available to and located by them, subject to their objections stated herein. Respondents' responses represent their good faith effort to answer the Requests propounded by Claimants. Respondents are conducting a continuing search for responsive documents and information, and subject to the objections specified below, Respondents will provide their responses to the Requests based upon their present knowledge. Without assuming any obligation to do so, and without waiving the objections asserted herein, Respondents reserve the right to amend or supplement their response and make any further objections or responses that they deems appropriate as and when additional facts or documents are discovered or ascertained.

2.    Any statement to the effect that Respondent will produce certain documents does not represent that any such documents actually exist, but rather that they will make a good faith search and reasonable inquiry to ascertain whether such documents do, in fact, exist.

3.    Respondents' response to the Requests is not intended to be, and shall not be, construed as an agreement, adoption, or acquiescence by Respondents with Claimants' characterization of any facts, circumstances, and/or legal obligations of the parties or non-parties to this Arbitration.

4.    Respondents expressly reserve, and this response to the Requests shall not constitute a waiver of, (a) all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence for any purpose whatsoever of this response and any document or thing produced in response to the Requests in any subsequent deposition, proceeding, or trial of this action or any other action; (b) to object on any ground to the Requests

or any other discovery Requests that involve or relate to the subject matter of these Requests; or (c) to revise, correct, supplement or clarify any of the responses set forth herein at any later date.

5.    Any agreement by Respondents to produce documents found herein is contingent on the parties agreeing to and filing a protective order suitable to protect the confidentiality of any documents or information sought in these Requests, as well as the confidentiality of any other production of information envisioned by these or future Requests from Claimants.

## <u>GENERAL OBJECTIONS</u>

The following objections are applicable to, and shall be deemed to be incorporated in, each separately numbered response to the Requests.

1.    Respondents object to the Definition of "Person" or "Persons" insofar as it includes "attorneys" of a given person or entity within the meaning of that person or entity. Respondents object to this definition on the grounds that it calls for information and documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

2.    Respondents object to the Definition of "Document" on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege.  Further, Respondents object to this definition to the extent that it calls for information or documents equally as accessible to Claimants.  Further, Respondents object to the terms "original", "non-identical", "statistics", "receipts", "returns", "summaries", "certificates", "plans", "offers", "notations", "bulletins", "printed matter", "ledgers", "worksheets", "alterations", "modifications", "aural records", "representations", "mechanical", and "representations" as overly broad, uncertain, vague, and ambiguous.

3.    Respondents object to the Definition of "Define" on the grounds that it calls for information not the proper subject of Requests for Production.  Requests that call for Respondents to "Define" call for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when

properly labelled and served according to the Federal Rules of Civil Procedure.

4.      Respondents object to the Definition of "Set Forth" on the grounds that it calls for information not the proper subject of Requests for Production.  Requests that call for Respondents to "Set Forth" call for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure.

5.      Respondents object to the Definition of "Documents that refer or relate to" on the grounds that it calls for information not the proper subject of Requests for Production.  Insofar as "Documents that refer or relate to" is intended, as per the definition, to include "documents underlying, supporting, now or previously attached to or appended to, or used in preparation of any document called for by each interrogatory", the use of the phrase "Documents that refer or relate to" calls for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure.  Further, Respondents object to the Definition of "Documents that refer or relate to" on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege.  Respondents will conduct a reasonable search among documents in their custody and control for those Requests where such a search is warranted according to the responses and objections herein, and will produce those documents that, on their face, are responsive to those Requests.

6.      Respondents object to the definition of "Communication" on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege.  Further, Defendants object to the definition of "Communication" insofar as the definition states that the term "is used herein in the broadest sense", as such a definition is incomprehensible, vague, and unduly burdensome.  Further, Defendants object to the terms "conversations", "discussions" "occasions", "verbal exchange" and "writings" as overly broad, uncertain, vague, and

ambiguous.  Respondents will conduct a reasonable search of records of communications as negotiated between the parties, but cannot and will not create records of communications that are not memorialized in existing documents, per the Delaware Courts Rules of Evidence, the American Arbitration Association Rules, and any other rules or limitations set by the Arbitrator in this matter.

7.    Respondents object to Claimants' repeated use of undefined versions of defined terms, such as "documents" and "communications", in the Requests.  Claimants' use undefined versions of defined terms renders the undefined versions vague, ambiguous, and uncertain.

8.    Respondents object to Instruction No. 1 on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Further, Respondents object to Instruction No. 1 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure.  Respondents will conduct a reasonable search among documents in its custody and control for those Requests where such a search is warranted according to the responses and objections herein.  Respondents will respond to reasonable Requests to describe the process undertaken to identify responsive documents.

9.    Respondents object to Instruction No. 2 on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Further, Respondents object to Instruction No. 2 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure.  Further, Respondents object to the terms "comprehensible", "complete", and "not misleading" as overly broad, uncertain, vague, and ambiguous. Respondents will produce those documents that, on their face, are responsive to Claimants' Requests.  To the extent that Claimants would like to Request additional documents pertaining to the issues presented in produced, responsive documents, Claimants can issue additional Requests

for production within the scope of the Federal Rules of Civil Procedure.

10.     Respondents object to Instruction No. 4 on the grounds that it calls for information not the proper subject of Requests for Production.  Instruction No. 4 calls for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure.  Respondents further object to Instruction No. 4 on the grounds that that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Further, Respondents object to Instruction No. 4 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure.  Further, Respondents object to the terms "present at", "participated in", "supplied", and "entire substance or content" as overly broad, uncertain, vague, and ambiguous.

11.     Respondents object to Instruction No. 5 on the grounds that it calls for information not the proper subject of Requests for Production.  Instruction No. 5 calls for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure.  Respondents further object to Instruction No. 5 on the grounds that that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Further, Respondents object to Instruction No. 5 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure.  Further, Respondents object to the terms "source", "answering party", and "obtained" as overly broad, uncertain, vague, and ambiguous.

12.     Respondents object to Instruction No. 6 on the grounds that it calls for information not the proper subject of Requests for Production.  Instruction No. 6 calls for

6

information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure. Respondents further object to Instruction No. 6 on the grounds that that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Further, Respondents object to Instruction No. 6 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Further, Respondents object to the terms "suitable particularity", "subject matter", "summary", "filing", "location", "authorized", "executed", and "relationship" as overly broad, uncertain, vague, and ambiguous.

13.    Respondents object to Instruction No. 7 on the grounds that it calls for information not the proper subject of Requests for Production. Instruction No. 7 calls for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure. Respondents further object to Instruction No. 7 on the grounds that that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Further, Respondents object to Instruction No. 7 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Further, Respondents object to the terms "pertinent", "source", "omissions", and "nature" as overly broad, uncertain, vague, and ambiguous.

14.    Respondents object to Instruction No. 9 on the grounds that that it is unduly burdensome, overly broad, and not proportional to the scope of this Arbitration. Further, Respondents object to Instruction No. 9 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Respondents will construe subparagraphs and paragraphs of any individual Request together as a single

Request.  Claimants, according to the procedures established in the Federal Rules of Civil Procedure and any additional rules established by the Arbitrator in this matter may issue additional Requests for Production if subparagraphs and paragraphs, when construed together, result in the production of fewer documents than when construed as a single Request and an additional Request would be reasonable, not unduly burdensome, and proportional to the scope of this Arbitration.  Further, Respondents object to the terms "paragraph", "subparagraph", and "construed" as overly broad, uncertain, vague, and ambiguous.

15.    Respondents object to Instruction No. 10 on the grounds that it is unduly burdensome, overly broad, and not proportional to the scope of this Arbitration.  Respondents will engage in good faith negotiations with Claimants to establish a reasonable procedure for developing a privilege log given the broad scope of Claimants' Requests.  Respondents will enter into a stipulation with Claimants as to the proper format of and timing for production of a privilege log.  Further, Respondents object to the terms "information related", "original", "distributed", "present", "participating", and "general subject matter" as overly broad, uncertain, vague, and ambiguous.

16.    Respondents object to Instruction No. 11 on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges.  Further, Respondents object to Instruction No. 11 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure.  Given the scope of the Requests, the volume of documents and Requests at issue, and the obligations established by the Federal Rules of Civil Procedure, Respondents will not identify individual documents withheld based on the objections herein, and will not conduct a search for documents objected to herein on the basis of proportionality, relevance, or undue burden.  Respondents will negotiate in good faith as to the proper format of and timing for production of a privilege log, but will not provide a log of documents not searched for or not produced on the basis of otherwise stated grounds.  Further, Respondents object to

Instruction No. 11 to the extent that it calls for information not the proper subject of Requests for Production. Instruction No. 11 calls for information properly sought through interrogatories under Federal Rule of Civil Procedure 33, and Respondents will respond to interrogatories when properly labelled and served according to the Federal Rules of Civil Procedure. Further, Respondents object to the terms "responded", "portion", "part", "communication", "presence", "subject", "place", "substance", "maker", "nature", and "location" as overly broad, uncertain, vague, and ambiguous.

17.    Respondents object to Instruction No. 12 on the grounds that it is unduly burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Further, Respondents object to Instruction No. 12 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Respondents will conduct a reasonable search among documents in its custody and control for those Requests where such a search is warranted according to the responses and objections herein. Respondents will not and cannot conduct searches for documents that have been "destroyed or discarded". Respondents will provide, upon reasonable Request, information regarding Respondents' document retention policies, and has and will continue to abide by its document preservation requirements created by virtue of this Arbitration. Further, Respondents object to the terms "destroyed" or "destruction", "discarded" or "discard", "authorizing", and "carrying out" as overly broad, uncertain, vague, and ambiguous. Further, Respondents object to Instruction No. 12 to the extent that Requests herein seek documents that may have been "destroyed" or "discarded" by Claimants and are therefore not accessible to Respondents.

18.    Respondents object to Instruction No. 14 on the grounds that it is incomprehensible and unintelligible. Further, Respondents object to Instruction No. 14 to the extent that it seeks to create additional obligations on Respondents beyond those established by the Federal Rules of Civil Procedure. Further, Respondents object to Instruction No. 14 to the

extent that it calls for information not the proper subject of Requests for Production.  Instruction

No. 14 calls for information properly sought through interrogatories under Federal Rule of Civil

Procedure 33, and Respondents will respond to interrogatories when properly labelled and served

according to the Federal Rules of Civil Procedure.  Further, Respondents object to the terms

"precise", "complete", "furnished", "supplied", "estimate", and "method" as overly broad,

uncertain, vague, and ambiguous.

19.     Respondents object to Instruction No. 15 on the grounds that it is unduly

burdensome, overly broad, not proportional to the scope of this Arbitration, and calls for

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and/or other privileges.  Further, Respondents object to Instruction No. 15 on the

grounds that it calls for burdensome review of documents not likely to lead to discoverable

information.  Respondents will engage in good faith negotiations to establish appropriate time

limits for document collection and review on a per-custodian basis premised on the dates of each

individual custodian's involvement with the issues relevant to this Arbitration.  Further,

Respondents object to Instruction No. 15 on the grounds that it calls for an ongoing and

burdensome review of documents after the date of the close of discovery in this matter, contrary

to the obligations of the Federal Rules of Civil Procedure and any timelines for the close of

discovery as established by the Arbitrator.  Respondents will produce documents in response to

the following Requests that are dated between June 1, 2017 and the date that the Complaint was

filed in this Arbitration.

20.     Respondents object to Instruction No. 16 on the grounds that it calls for

information not the proper subject of Requests for Production.  Instruction No. 16 calls for

information properly sought through interrogatories under Federal Rule of Civil Procedure 33,

and Respondents will respond to interrogatories when properly labelled and served according to

the Federal Rules of Civil Procedure.

21.     Respondents object to each and every Request to the extent it seeks to impose

obligations on Respondents beyond those imposed by the Federal Rules of Civil Procedure or the

Commercial Arbitration Rules of AAA.

22.    Respondents object to each and every Request to the extent that it seeks information that is neither relevant to the subject matter of this arbitration nor reasonably calculated to lead to the discovery of admissible evidence.

23.    Each Request is subject to all objections related to relevance, materiality, proprietary, and privilege, all of which are objections Respondents reserve and may interpose at the time of the final arbitration hearing.

24.    Respondents object to each and every Request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges or immunities.  The inadvertent disclosure of any information that is confidential, privileged, was prepared in anticipation of litigation or for arbitration, or is otherwise irrelevant and/or immune from discovery shall not constitute a waiver of any such privilege or of any grounds for objection to discovery with respect to such information or document, the subject matter of the information or document, or Respondents' rights to object to the use of any such information during any subsequent proceeding in this arbitration or elsewhere.

25.    Respondents object to each and every Request to the extent it is cumulative, duplicative, or seeks documents or information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

26.    Respondents object to each and every Request to the extent it seeks confidential and/or commercially sensitive business information of any third party to which Respondents may owe a duty of confidentiality to the extent that the Stipulated Order Governing the Production and Exchange of Confidential and Highly Confidential Information (the "Protective Order"), enacted by the Arbitrator on July 3, 2020, does not already provide for protection of that information and Respondents' agreements with those third parties allow for production of confidential information under those conditions.

27.     Respondents object to each and every Request to the extent it seeks information as to Respondents or any other person or entity that is protected from disclosure by, *inter alia*, the California Constitution's right of privacy, California Code of Civil Procedure section 1985.3, the Florida Constitution's right of privacy, or any other applicable privacy rights or privileges.

28.     Respondents object to each and every Request to the extent it is oppressive, harassing, or requests information disproportionate to the needs of the case.

29.     Respondents object to each and every Request to the extent it seeks information not within Respondents' possession, custody, or control.  Respondents further object to each and every Request to the extent it requests information already in the possession, custody, or control of Claimants or more accessible to Claimants.

30.     Respondents object to each and every Request to the extent it calls for a legal conclusion.

The foregoing General Objections shall be considered made in response to each of the Requests as if they were fully set forth in each specific Response.

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 129:**

A copy—or a description by category and location—of all documents, ESI, and tangible things that any of the Advantage Parties has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.     This Request calls for the creation of a document and therefore is not properly a document request.  A Request for a description by category and location of all documents in Respondents' possession, custody, or control that Respondents may use to support their claims or defenses is properly issued as an Interrogatory under Federal Rule of Civil Procedure 33.

2.     Respondents object to this Request to the extent that it seeks documents protected

from discovery by the attorney-client privilege, and the attorney work product doctrine.

3.    Respondents object to this Request to the extent that it seeks information already in the possession, custody, or control of Claimants.

4.    The terms "documents" and "ESI" are overly broad, uncertain, vague, and ambiguous.

5.    Respondents object to this Request to the extent that it is duplicative of each and every Request for the Production of documents, both herein and Requests 1 through 128 from Claimant's First Set of Requests for the Production of Documents and Information (the "First Set of Requests").

6.    This Request is premature to the extent that Respondents' investigation into Take 5 and discovery are ongoing, and Respondent cannot be expected, without prejudice, to identify with certainty at this stage of the arbitration all of the documents Respondents may use to support their claims or defenses.  Disclosure of documents on which Respondents intend to rely will be disclosed according to the deadlines established in the Federal Rules of Civil Procedure and the Report of Preliminary Hearings and Scheduling Order (the "Scheduling Order") issued by Judge Eyler on July 19, 2020.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will, as outlined herein and in their responses and objections to the First Set of Requests, produce non-privileged documents responsive to relevant and non-objectionable requests from the files of identified Advantage custodians.  All non-privileged information from the email accounts for 26 Take 5 employees have been produced to Claimants.  All identified Take 5 servers have been copied and produced to Claimants.  Counsel for Claimants has been granted read-only access to the Take 5 NetSuite accounting platform.  In response to Claimant's First Set of Interrogatories, Respondents have produced documents reviewed by FTI during their investigation into the Take 5 business unit.  The Parties continue to negotiate access to additional

databases and sources of information.  Respondents do not believe that this Request seeks any additional documents other than those that have either been produced to Claimants or that Respondents have already agreed to produce.  Therefore, Respondents do not believe they are required to conduct any additional searches in response to this Request.

**REQUEST FOR PRODUCTION NO. 130:**

A computation of each category of damages claimed by any of the Advantage Parties and the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.  This Request calls for a computation of damages and therefore is not properly a document request.  A Request for a computation of damages and the documents supporting that computation is properly issued as an Interrogatory under Federal Rule of Civil Procedure 33.

2.  This Request seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine  To the extent that documents "bearing on the nature of" a computation of damages was created by Advantage counsel or persons acting at the direction of Advantage counsel, that information is protected from discovery

3.  This Request calls for Respondents to produce documents not in their possession, custody, or control as it calls for documents that may not yet exist.

4.  The terms "computation", "category", "documents", "evidentiary material", and "nature and extent" are overly broad, uncertain, vague, and ambiguous.

5.  The Request is premature to the extent that Respondents' investigation into Take 5 and discovery are ongoing, and Respondent cannot be expected, without prejudice, to identify with certainty at this stage of the arbitration a complete computation of damages.  This Request calls for a computation that will be calculated by experts that have not yet been retained.

6.    Respondents further object to the Request to the extent it seeks premature expert testimony.

**REQUEST FOR PRODUCTION NO. 131:**

Any insurance agreement under which an insurance business may be liable to satisfy all or party of a possible judgment or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.    The terms "agreement", "insurance business", "possible", "indemnify", and "reimburse" are impermissibly broad, vague, and ambiguous.

2.    The phrase "party of a possible judgment" is nonsensical.  Respondents interpret this phrase as meaning "part of a possible judgment".

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 132:**

Copies of all agreements between or among Take 5 and any Take 5 client or Take 5 customer prior to April 1, 2018, and all communications relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.    This Request is overbroad, unduly burdensome, oppressive, and harassing. Take 5 started in 2003.  Agreements between Take 5 and its clients or customers prior to 2017 range in the tens of thousands, and include many agreements not relevant to this Arbitration.

2.    Respondent objects to this Request to the extent that it seeks documents protected

15

from discovery by the attorney-client privilege, and the attorney work product doctrine.

3.   This Request calls for agreements and communications not relevant to the claims or defenses at issue in this arbitration.  Take 5 and Take 5's clients and customers were party to agreements that did not include the campaigns that Respondents contend were fraudulent and pertain to issues outside the bounds of this Arbitration.

4.   The terms "agreements" and "relating" are impermissibly broad, vague, and ambiguous.

5.   The Request calls for information within the custody, control, or possession of Claimants.  Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 custodians.  To the extent that the documents called for by this Request exist, they are likely to exist within the documents and ESI already produced by Respondents.

6.   This Request calls for information that was destroyed by Claimants.  Respondents acquired the documents of Take 5 as they existed at the time of the acquisition of Take 5 by Respondents.  To the degree that agreements existed between Take 5 and its clients or customers from before that date that were not included in the documents acquired by Respondents, Respondents have no ability to provide those agreements.

7.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 1, 129, 136, 137, and 138.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already produced to Claimants all non-privileged information from the email accounts for 28 Take 5 custodians.  All identified Take 5 servers have been copied and produced to Claimants.  Counsel for Claimants has been granted read-only access to the Take 5 NetSuite accounting platform.  The Parties continue to negotiate access to additional databases and sources of information.  Respondents have produced and will continue to produce

responsive, non-privileged documents after a reasonable search of documents from Respondent custodians that pertain to Take 5's email campaigns.

**REQUEST FOR PRODUCTION NO. 133:**

Copies of all agreements between or among Take 5 and/or any of the Advantage Parties and any Take 5 client or Take 5 customer on or after April 1, 2018, and all communications relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1. This Request is overbroad, unduly burdensome, oppressive, and harassing.

2. Respondent objects to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

3. This Request calls for agreements and communications not relevant to the claims or defenses at issue in this arbitration. Take 5 and Take 5's clients and customers were party to agreements that did not include the campaigns that Respondents contend were fraudulent and pertain to issues outside the bounds of this Arbitration.

4. The terms "agreements", "communications", and "relating" are impermissibly broad, vague, and ambiguous.

5. The Request calls for information within the custody, control, or possession of Claimants. Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 custodians. To the extent that the documents called for by this Request exist, they are likely to exist within the documents and ESI already produced by Respondents.

6. The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 1, 111, 113, 129, 136, and 137–138.

Respondents have not, as a result of the aforementioned objections, withheld documents

or information responsive to this Request.  Subject to and without waiving the foregoing

objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already produced to Claimants all non-privileged information from the

email accounts for 28 Take 5 custodians .  All identified Take 5 servers have been copied and

produced to Claimants.  Counsel for Claimants has been granted read-only access to the Take 5

NetSuite accounting platform.  The Parties continue to negotiate access to additional databases

and sources of information.  Respondents have produced and will continue to produce

responsive, non-privileged documents after a reasonable search of documents from Respondent

custodians that pertain to Take 5's email campaigns.

**REQUEST FOR PRODUCTION NO. 134:**

All documents that constitute or refer or relate to communications between or among any

of the Take 5 Parties and/or any of the Advantage Parties and any Take 5 client or Take 5

customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents further object to this Request on the following grounds:

1.    This Request is overbroad, unduly burdensome, oppressive, and harassing.  Each

and every communication between Claimants and their clients or customers and Respondents

and a Take 5 client or customer would constitute an extraordinary number of documents for

which the collection, review, and production of said documents would be prohibitively expensive

and not proportional to the needs of this Arbitration.  All documents that *relate* to those

communications would be even more unduly burdensome to collect, review, and produce.

2.    Respondent objects to this Request to the extent that it seeks documents protected

from discovery by the attorney-client privilege, and the attorney work product doctrine.

3.    The Request calls for information within the custody, control, or already in the

possession of Claimants.  Respondents have already produced to Claimants copies of all Take 5

servers and identified devices and non-privileged portions of email accounts for 28 Take 5

custodians.  To the extent that the documents called for by this Request exist, they are likely to exist within the documents and ESI already produced by Respondents.

4.   The terms "documents", "refer", "relate" and "constitute" are overly broad, uncertain, vague, and ambiguous.

5.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 1, 111, 113, 129, 133, and 136–138.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees.  All identified Take 5 servers have been copied and produced to Claimants.  Counsel for Claimants has been granted read-only access to the Take 5 NetSuite accounting platform.  The Parties continue to negotiate access to additional databases and sources of information.  Respondents have produced responsive, non-privileged documents after a reasonable search of documents from Respondent custodians that are also responsive to the duplicative Requests identified above.  Respondents will meet and confer with Claimant regarding the narrowing of this Request if Claimant intends for this Request to seek documents beyond those Respondent has already produced or agreed to produce as detailed herein.

**REQUEST FOR PRODUCTION NO. 135:**

Take 5 and ASM account emails in native format for Peter Ward and Matthew Gordon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.   This Request is overbroad, unduly burdensome, oppressive, and harassing. Respondents have already produced to Claimants copies of all Take 5 servers and identified

devices and non-privileged portions of email accounts for 28 Take 5 employees, as well as documents responsive to various Requests relating to the work done by Messrs. Ward and Gordon from the files of Advantage custodians, including documents responsive to Claimant's Document Request No. 16, which calls for documents pertaining to the algorithm created by Messrs. Ward and Gordon for Take 5. The burden of producing additional email accounts without stated justification for the need of the additional discovery is not proportional to the needs of this Arbitration nor in accord with the purpose of arbitration in limiting the expense of dispute resolution.

2. The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 1, 16 and 129.

3. This Request calls for information not relevant to the claims and defenses at issue in this Arbitration. Claimants have not provided any information as to why documents from the email files of Messrs. Ward and Gordon are relevant to this Arbitration insofar as they are not otherwise addressed by document requests already issued and addressed.

4. The terms "ASM", "account emails", and "native format" are overly broad, uncertain, vague, and ambiguous".

5. Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

Respondents will produce copies of the non-privileged email accounts for Messrs. Ward and Gordon upon agreement between the Parties that Claimant will be responsible for the costs associated with creating and delivering said copies.

**REQUEST FOR PRODUCTION NO. 136:**

Take 5 and ASM account emails in native format for the following Take 5 employees (1) Mark Adams, (2) Patricia Adler, (3) Rachael Allen, (4) Michael Angelis, (5) Brian Apploff, (6) Oscar Barrera, Jr., (7) Joandra Barrera, (8) Mary Josephine Benjoseph, (9) Ira Berday, (10) Debra Bolnick, (11) Michael Boy, (12) Alex Brady, (13) Paul Brewer, (14) Christopher Britton, (15) Hanna Caldeira, (16) Andrew Caldwell, (17) Tiago Cleto, (18) Eric Cogen, (19) Tanya Coker,

(20) Kevin Cook, (21) Primitiva Creel, (22) Armanda Desir, (23) Diane Dubocq, (24) Lauren

Duke, (25) Tara Finger, (26) Asim Farooqi, (27) Logan Freedman, (28) Mark Gallardo, (29)

Richard Gluck, (30) Jonathan Gluck, (31) Jennifer Gottlieb, (32) Gary Greenfield, (33) Brian

Hannon, (34) Tristan Harris, (35) Calvin Hernandez, (36) Eva Hodgens, (37) Matthew Insardi,

(38) Beth Jenkins, (39) Rosie Joseph, (40) Imani Laners, (41) Sanford Lechner, (42) Joseph

Licciardi, (43) Esteban Lopez, Jr., (44) Laura Lopez, (45) Cruze Mair, (46) Albert Matani, (47)

Thomas McCoy, (48) Ryan Mcgavran, (49) Tasnim Momia, (50) Don Morris, (51) Jheanelle

Outar, (52) Monica Paniagua, (53) Rob Quandrino, (54) Leidy Quintana, (55) Alexander

Radetich, (56) March Rifkin, (57) Monique Robinson, (58) Brandon Rogers, (59) Christopher

Saadat, (60) Michael Sabag, (61) Alexander Schaut, (62) Joshua Silver, (63) Dana Simon, (64)

Jeffrey Simon, (65) Heather Speizman, (66) Sherri Wallace, and (67) Cory Warris.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents further object to this Request on the following grounds:

1.    This Request is overbroad, unduly burdensome, oppressive, and harassing.

Respondents have already produced all non-privileged of entire email accounts for 28 Take 5

custodians, including 25 of the individuals identified in this request.  Claimant has not provided,

despite requests from Respondents, reason as to why documents from the additional 42

custodians identified here are necessary for the purposes of this arbitration, nor the responsive

information that those 42 persons are expected to have that does not exist in the files of

documents Respondents have already produced or agreed to produce.  The burden of producing

additional email accounts without stated justification for the need of the additional discovery is

not proportional to the needs of this Arbitration nor in accord with the purpose of arbitration in

limiting the expense of dispute resolution.

2.    Respondents object to this Request to the extent that it seeks documents protected

from discovery by the attorney-client privilege, and the attorney work product doctrine.

3.    The Request calls for information within the custody, control, or already in the

possession of Claimants.  Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees.

       4.   Respondents object to this Request to the extent that it calls for information not in their possession, custody, or control.  Respondents possess only the documents and email accounts that existed at the time that Take 5 ceased operations.  This Request identifies employees that ceased working at Take 5 before that time, and therefore their email accounts may or may not still exist within the Office 365 environment as it existed at the time that it came into Respondents' possession.

       5.   The terms "ASM", "account emails", and "native format" are overly broad, uncertain, vague, and ambiguous".

       6.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 1, 16, 46, 85, 95, 99–101, 129, 137, and 139.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows

As described in meet-and-confer communications between the Parties, Respondents are willing to produce copies of the non-privileged email accounts for the 42 additional individuals whose documents have not already been produced upon agreement between the Parties that Claimant will be responsible for the costs associated with creating and delivering said copies.  To date, Claimants have in no way justified their need for these additional 42 email accounts, despite Respondents' requests for same.  Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees.   Non-privileged documents from the email accounts of the following 28 individuals were produced to Claimant on August 24, 2020.

- Rachel Allen

- Michael Angelis
- Joandra Barrera
- Mary Josephine Benjoseph,
- Michael Boy
- Andrew Caldwell
- Tiago Cleto
- Eric Cogen
- Tanya Coker
- Primitiva Creel
- Tara Finger
- Richard Gluck
- Calvin Hernandez
- Eva Hodgens
- Imani Laners
- Esteban Lopez, Jr.
- Cruze Mair
- Beth Meyer Jenkins
- Ryan Mcgavran
- Don Morris
- Alexander Radetich
- Monique Robinson
- Laura Scott
- Phylicia Scott
- Mason Spalding
- Heather Speizman
- Sherri Wallace
- Cory Warris

**REQUEST FOR PRODUCTION NO. 137:**

The forensic image of each laptop(s) utilized by the following Take 5 employees (1) Mark Adams, (2) Patricia Adler, (3) Rachael Allen, (4) Michael Angelis, (5) Brian Apploff, (6) Oscar Barrera, Jr., (7) Joandra Barrera, (8) Mary Josephine Benjoseph, (9) Ira Berday, (10) Debra Bolnick, (11) Michael Boy, (12) Alex Brady, (13) Paul Brewer, (14) Christopher Britton, (15) Hanna Caldeira, (16) Andrew Caldwell, (17) Tiago Cleto, (18) Eric Cogen, (19) Tanya Coker, (20) Kevin Cook, (21) Primitiva Creel, (22) Armanda Desir, (23) Diane Dubocq, (24) Lauren Duke, (25) Tara Finger, (26) Asim Farooqi, (27) Logan Freedman, (28) Mark Gallardo, (29) Richard Gluck, (30) Jonathan Gluck, (31) Jennifer Gottlieb, (32) Gary Greenfield, (33) Brian Hannon, (34) Tristan Harris, (35) Calvin Hernandez, (36) Eva Hodgens, (37) Matthew Insardi, (38) Beth Jenkins, (39) Rosie Joseph, (40) Imani Laners, (41) Sanford Lechner, (42) Joseph Licciardi, (43) Esteban Lopez, Jr., (44) Laura Lopez, (45) Cruze Mair, (46) Albert Matani, (47) Thomas McCoy, (48) Ryan Mcgavran, (49) Tasnim Momia, (50) Don Morris, (51) Jheanelle Outar, (52) Monica Paniagua, (53) Rob Quandrino, (54) Leidy Quintana, (55) Alexander Radetich, (56) March Rifkin, (57) Monique Robinson, (58) Brandon Rogers, (59) Christopher Saadat, (60) Michael Sabag, (61) Alexander Schaut, (62) Joshua Silver, (63) Dana Simon, (64) Jeffrey Simon, (65) Heather Speizman, (66) Sherri Wallace, and (67) Cory Warris.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1. This Request is overbroad, unduly burdensome, oppressive, and harassing. Respondents have already produced copies of 43 personal devices used by Take 5 employees, which includes all personal devices that Advantage possesses for the 28 custodians identified in the response to Request number 136. Claimant has not provided, despite requests from Respondents, reason as to why additional devices from the additional 42 custodians identified here are necessary for the purposes of this arbitration, nor the responsive information that those 42 persons are expected to have that does not exist in the files of documents Respondents have

already produced or agreed to produce.  The burden of producing additional devices without stated justification for the need of the additional discovery is not proportional to the needs of this Arbitration nor in accord with the purpose of arbitration in limiting the expense of dispute resolution.

> 2.   Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

> 3.   The Request calls for information within the custody, control, or already in the possession of Claimants.  Respondents have already produced copies of 43 personal devices used by Take 5 employees, which includes all personal devices that Advantage possesses for the 28 custodians identified in the response to Request number 136.

> 4.   The term "forensic image" is overly broad, uncertain, vague, and ambiguous.

> 5.   Respondents object to this Request to the extent that it calls for information not in their possession, custody, or control.  Respondents possess only the devices that existed at the time that Take 5 ceased operations.  Respondents are not in possession of laptops or other devices for 25 of the individuals identified in this Request.

> 6.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 1, 16, 46, 85, 95, 99–101, 129, 137, and 139.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce copies of the laptops for the 21 individuals whose devices have not already been produced and that are within the possession of Respondents upon agreement between the Parties that Claimant will be responsible for the costs associated with creating and delivering said copies.  To date, Claimants have in no way justified their need for these additional devices.  Respondents have laptops that have not previously been copied and produced associated with the following individuals:

- Mark Adams

- Patricia Adler

- Brian Apploff

- Kevin Cook

- Armanda Desir

- Diane Dubocq

- Lauren Duke

- Logan Freedman

- Mark Gallardo

- Jonathan Gluck

- Brian Hannon

- Matthew Insardi

- Rosie Joseph

- Joseph Licciardi

- Esteban Lopez, Jr.

- Albert Matani

- Jheanelle Outar

- March Rifkin

- Brandon Rogers

- Christopher Saadat

- Jeffrey Simon

**REQUEST FOR PRODUCTION NO. 138:**

All non-privileged documents that refer or relate to any allegation(s), claim(s) or defense(s) that has been or will be raised in this Arbitration and were or are maintained by any of the following custodians for the time period of July 1, 2017 through September 3, 2019: (1) Caroline Ashley, (2) Samuel Bass, (3) Cameron Brietner, (4) Gary Colen, (5) Bevin Conley, (6) Tom Corley, (7) Ryan Cotton, (8) Abigail Cox, (9) Tanya Domier, (10) Timothy Flynn, (11) Jill

Griffin, (12) Craig Johnson, (13) Dean Kaye, (14) James Kilts, (15) Darrin Kleinman, (16) Bruce

Larson, (17) Nina Patel, (18) Terri Pattillo, (19) Joshua Pike, (20) Bryce Robinson, (21) Tessa

Sarazzin, (22) Jon Sokoloff, (23) Chris Stadler, (24) Jack Stahl, (25) Brian Stevens, (26) Trevor

Sullivan, (27) Corey Weiner, and (28) Jonathan Zhu.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents further object to this Request on the following grounds:

1. This Request is overbroad, unduly burdensome, oppressive, and harassing.

Respondents have already produced and will continue to produce documents from ten Advantage

custodians for the time frame in which they were likely to have information relevant to the

claims and defenses in this Arbitration that are responsive to 128 broad document requests.

Respondents will further provide responsive documents from the files of those custodians to

these additional 43 requests to the extent described herein.  Respondents have further provided

documents from Advantage central file repositories.  Claimant has not provided, despite requests

from Respondents, reason as to why additional discovery from the further 18 individuals

identified here or the additional time frames identified here are necessary for the purposes of this

arbitration, nor the responsive information that those 18 persons and broader time ranges are

expected to yield that is not already captured within the files of documents Respondents have

already produced or agreed to produce.  The burden of collecting, reviewing, and producing

documents from 18 additional custodians without stated justification for the need of the

additional discovery is not proportional to the needs of this Arbitration nor in accord with the

purpose of arbitration in limiting the expense of dispute resolution.

2. Respondents object to this request to the extent that it seeks documents protected

from discovery by the attorney-client privilege and the attorney work product doctrine.  In

particular, Respondents object to reviewing the documents from the files of Craig Johnson,

Bruce Larson, Bryce Robinson, and Trevor Sullivan, who are employed as in-house counsel for

Respondents.  Non-privileged documents relating to the claims and defenses in this Arbitration

from the files of these individuals are highly likely to exist in the files of the ten custodians that Respondent has already agreed to review. The burden associated with reviewing the files of in-house counsel is not justified by the unlikely possibility that a responsive, non-privileged document exists in their files that is not already captured by the review that Respondents have agreed to conduct.

3. This Request calls for documents that do not exist. The Request calls for documents that "were or are maintained" in the files of Respondents. Documents that "were" maintained but are not currently maintained by definition do not exist.

4. The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 1, 16, 46, 85, 95, 99–101, 129, 137, and 139.

5. The terms "documents", "refer", "relate", "maintained", and "custodians" are overly broad, uncertain, vague, and ambiguous.

6. This Request is so broad as to have no meaningful boundaries. Requesting all documents that "refer or relate" to the allegations in this Arbitration renders the purpose of specific document requests or the narrowing of those requests meaningless. Claimants have issued 172 document Requests. Respondents have agreed to produce documents to the vast majority of these Requests. Respondents do not believe that documents relevant and proportional to the needs of Arbitration exist that are not already captured by those 172 Requests.

**REQUEST FOR PRODUCTION NO. 139:**

All documents that refer or relate to or constitute questions asked by FTI personnel and/or answers provided during a "telephonic interview with John Sawicki and Bill Mathe at Appriss, d/b/a Hygenics on July 20, 2019" including but not limited to interview notes or memoranda and all documents reviewed prior to or utilized during said telephonic interview.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1. This Request is overbroad, unduly burdensome, oppressive, and harassing.

2. The terms "documents", "refer", "relate", "constitute", answers", "notes", "memoranda", "reviewed", and "utilized" are overly broad, uncertain, vague, and ambiguous.

3. The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 28, 48–50, 52–53, 102–104, 129, and 140–141.

4. This Request seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine. The referenced communications were conducted at the direction of in-house counsel and after the engagement of Latham & Watkins by Respondents. Analyses under-taken by outside counsel and FTI Consulting were done at the direction of counsel and in anticipation of litigation. Interview notes, memoranda, or documents reviewed by FTI in preparation for an interview are protected from disclosure by the aforementioned privileges.

## REQUEST FOR PRODUCTION NO. 140:

All documents reviewed by FTI during its investigation of Take 5 prior to the Advantage Parties' engagement of Latham.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 140:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1. The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 28, 48–50, 52–53, 102–104, 129, 139, and 141.

2. The terms "documents", "reviewed", and "engagement" are overly broad, uncertain, vague, and ambiguous.

3. This Request seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine. Analyses under-taken by outside counsel and FTI Consulting were done at the direction of counsel and in anticipation of litigation.

Respondents have agreed, and memorialized in writing on July 8, 2020, to produce documents reviewed by FTI Consulting for Advantage with the understanding that this production does not, in any way, waive Advantage's claims to attorney-client privilege, attorney work-product privilege, or any other applicable privileges and/or immunities for the purposes of this arbitration or for any other current or future proceedings.

4.    This Request calls for documents already in the possession of Claimants. Documents reviewed by FTI prior to the retention of Latham & Watkins that relate to email campaigns were produced in connection with Respondents' responses and objections to Claimant's First Set of Interrogatories.  Respondents agreed on August 24, 2020, to produce documents reviewed by FTI prior to the retention or Latham & Watkins that relate to non-email campaigns.

**REQUEST FOR PRODUCTION NO. 141:**

All documents that refer or relate to or constitute any investigation memoranda, summary of analysis, or other similar document however titled prepared by FTI prior to the shutdown of Take 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.    This Request is overbroad, unduly burdensome, oppressive, and harassing.

2.    The terms "documents", "refer", "relate", "constitute", "memoranda", "summary of analysis", "similar document", and "prepared" are overly broad, uncertain, vague, and ambiguous.

3.    The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 28, 48–50, 52–53, 102–104, 129, 139, and 140.

4.    This Request seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.  Analyses under-taken by outside counsel and

FTI Consulting were done at the direction of counsel and in anticipation of litigation. Respondents have agreed, and memorialized in writing on July 8, 2020, to produce information from certain documents reviewed by FTI Consulting for Advantage with the understanding that this production does not, in any way, waive Advantage's claims to attorney-client privilege, attorney work-product privilege, or any other applicable privileges and/or immunities for the purposes of this arbitration or for any other current or future proceedings. Any "investigation memoranda, summary of analysis", or "similar document" prepared by FTI prior to the shutdown of Take 5 is therefore protected from discovery.

**REQUEST FOR PRODUCTION NO. 142:**

The Employee Personnel File of each employee who was employed by Take 5 during any time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1. This Request is overbroad, unduly burdensome, oppressive, and harassing. Employee personnel files contain information protected from disclosure by various state privacy laws. A review of all documents from employee personnel files to properly redact confidential information, applying different standards based on the state in which the employee lived would be unduly burdensome and not in proportion to the demands of this Arbitration. Claimants have made no attempt to limit this Request, and instead ask for every single employee's personnel file, including any employee that worked at Take 5 before Advantage acquired the company.

2. This Request seeks information not relevant to the claims and defenses at issue in this Arbitration. This is not an employment dispute. To the extent that information contained in an employee's personnel file is pertinent to this matter, that information also likely exists in documents that Respondent has already produced or agreed to produce.

3. This Request seeks information already in the possession of Claimants. Respondents have already produced copies of all Take 5 servers. To the extent that Take 5

31

maintained employee personnel files, those files would presumably be on the server copies that Claimants already possess.

      4.   The terms "Employee Personnel file", "employee", "employed", and "time period" are overly broad, uncertain, vague, and ambiguous.

      5.   This Request seeks information protected under state privacy laws, identified in the General Objections set forth above.

Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will meet and confer with Claimants regarding the relevance and scope of this Request, as Claimants have thus far provided no justification for this Request.

**REQUEST FOR PRODUCTION NO. 143:**

Copies of all agreements between or among Take 5 and any Take 5 Vendor prior to April 1, 2018, including all communications relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

      1.   The term "agreements" is impermissibly broad, vague, and ambiguous, as an "agreement" between Take 5 and a Take 5 Vendor on a discrete issue could be found in virtually any communication between those parties. Claimants' failure to define "agreements" herein renders this Request unduly burdensome, in addition to being vague and ambiguous.

      2.   The Request calls for information within the custody, control, or possession of Claimants.

      3.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 94, 106, 129, and 144.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request. Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees.

Respondents do not believe they are required to conduct additional searches of the files of Respondent custodians beyond those agreed to in response to other, duplicative Requests herein.

**REQUEST FOR PRODUCTION NO. 144:**

All documents that constitute or refer or relate to communications between or among any of the Take 5 Parties and/or any of the Advantage Parties and any Take 5 Vendor prior to April 1, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.   This Request is overbroad, unduly burdensome, oppressive, and harassing.  The universe of potentially responsive documents that "relate to communications" with "any Take 5 Vendor" is virtually limitless.

2.   Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

3.   The Request calls for information within the custody, control, or already in the possession of Claimants.

4.   The terms "documents", "constitute", "refer", "relate", and "communications" are overly broad, uncertain, vague, and ambiguous.

5.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 94, 106, 129, and 143.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees.

Respondents will not conduct additional searches of the files of Respondent custodians beyond those agreed to in response to other, duplicative Requests herein.

**REQUEST FOR PRODUCTION NO. 145:**

Copies of all agreements between or among Take 5 and/or any of the Advantage Parties and any Take 5 Vendor on or after April 1, 2018, including all communications relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1. This Request is overbroad, unduly burdensome, oppressive, and harassing. Take 5 started in 2003. Agreements between Take 5 and its vendors prior to 2017 may range in the tens of thousands, and include many agreements not relevant to this Arbitration.

2. Respondent objects to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

3. This Request calls for agreements and communications not relevant to the claims or defenses at issue in this arbitration. Take 5 and Take 5's vendors were party to agreements that did not include the campaigns that Respondents contend were fraudulent and pertain to issues outside the bounds of this Arbitration.

4. The term "agreements" is impermissibly broad, vague, and ambiguous, as an "agreement" between Take 5 and a Take 5 Vendor on a discrete issue could be found in virtually any communication between those parties. Claimants' failure to define "agreements" herein renders this Request unduly burdensome, in addition to being vague and ambiguous..

5. The Request calls for information within the custody, control, or possession of Claimants. Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees. To the extent that the documents called for by this Request exist, they are likely to exist within the documents and ESI already produced by Respondents.

6. This Request calls for information that was destroyed by Claimants. Respondents

34

acquired the documents of Take 5 as they existed at the time of the acquisition of Take 5 by Respondents. To the degree that agreements existed between Take 5 and its clients or customers from before that date that were not included in the documents acquired by Respondents, Respondents have no ability to provide those agreements.

7. The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 94, 106, 129, and 146.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request. Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees. Counsel for Claimants has been granted read-only access to the Take 5 NetSuite accounting platform. The Parties continue to negotiate access to additional databases and sources of information. Respondents have produced and will continue to produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians that pertain to Take 5's email campaigns.

**REQUEST FOR PRODUCTION NO. 146:**

All documents that constitute or refer or relate to communications between or among any of the Take 5 Parties and/or any of the Advantage Parties and any Take 5 Vendor on or after April 1, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1. This Request is overbroad, unduly burdensome, oppressive, and harassing.

2. Respondent objects to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

3. The Request calls for information within the custody, control, or possession of

Claimants.  Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees.  To the extent that the documents called for by this Request exist, they are likely to exist within the documents and ESI already produced by Respondents.

4.  The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 94, 106, 129, and 145.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already produced to Claimants all non-privileged information from the email accounts for 28 Take 5 employees.  All identified Take 5 servers have been copied and produced to Claimants.  Counsel for Claimants has been granted read-only access to the Take 5 NetSuite accounting platform.  The Parties continue to negotiate access to additional databases and sources of information.  Respondents have produced and will continue to produce responsive, non-privileged documents after a reasonable search of documents from Respondent custodians that pertain to Take 5's email campaigns.

**REQUEST FOR PRODUCTION NO. 147:**

Copies of "pipeline reports," that included all business and future business that was to be generated, and other financial reports that Take 5 had to prepare for the Advantage Parties on or after April 1, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Respondents hereby incorporate by reference the General Objections set forth above.  Respondents further object to this Request on the following grounds:

1.  This Request is overbroad, unduly burdensome, oppressive, and harassing.

2.  The terms "pipeline reports", "business", "future business", "generated", "other", "financial reports", and "prepare" are overly broad, uncertain, vague, and ambiguous.

3.  Respondents object to this Request to the extent that it seeks documents protected

36

from discovery by the attorney-client privilege, and the attorney work product doctrine.

4.     The Request calls for information within the custody, control, or already in the possession of Claimants.  Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees.  To the extent that the documents called for by this Request exist, they are likely to exist within the documents and ESI already produced by Respondents.

5.     The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 123, and 129.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce non-privileged responsive documents after a reasonable search of documents from Respondent custodians.

**REQUEST FOR PRODUCTION NO. 148:**

All documents that refer or relate to or constitute any agreements between any of the Take 5 Parties and/or any of the Advantage Parties and Azure, including all communications relating thereto, all periodic invoices from Azure to Take 5 and/or any of the Advantage Parties, and all records of payment of said periodic invoices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.     This Request is overbroad, unduly burdensome, oppressive, and harassing. Payments between Take 5 and Azure or Respondents and Azure are not relevant to the claims or defenses in this Arbitration.  Review of documents, including many documents that have already been reviewed, for reference to a software platform that has nothing to do with the operations of Take 5's email campaigns is unduly burdensome, not likely to result in the discovery of relevant material, and is not in accord with the purpose of arbitration in limiting the expense of dispute

resolution.

2.    Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

3.    The terms "documents", "refer", "relate", "constitute", "agreements", "Azure", "periodic invoices" and "records" are overbroad, uncertain, vague, and ambiguous.

4.    The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 123, 129, and 149.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce agreements and periodic invoices, as they understand that term, between the Take 5 parties and Azure after a reasonable search.  Respondents will produce agreements and periodic invoices, as they understand that term, between the Advantage parties and Azure after a reasonable search only insofar as those agreements and periodic invoices pertain to services provided by Azure that relate to the Take 5 business unit.

## REQUEST FOR PRODUCTION NO. 149:

All documents or ESI maintained on the Azure database or platform reviewed by or on behalf of the Advantage Parties prior to the shutdown of Take 5.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 149:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.    This Request is overbroad, unduly burdensome, oppressive, and harassing.  To the extent that Advantage personnel reviewed documents or ESI that had at one point been maintained in the "Azure" database, there would be no reasonable way to tie those documents or ESI back to the "Azure" database.

2.    This Request calls for information not relevant to the claims or defenses in this Arbitration.  The "Azure" database contains information pertaining to campaigns run by Take 5

that do not include email marketing.  A collection and review of these documents is unduly burdensome, not likely to result in the discovery of relevant material, and is not in accord with the purpose of arbitration in limiting the expense of dispute resolution.

3.    This Request seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.  Analyses under-taken by outside counsel, and FTI Consulting were done at the direction of counsel and in anticipation of litigation, including the parameters of documents and databases to be reviewed.

4.    This request is nonsensical.  "Azure" is a software platform that provides for the creation of various software applications.  The Take 5 Content Management System ("CMS") was built on an Azure platform.  Respondents understand this request to seek documents and information contained with the CMS platform.

5.    The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 123, 129, and 148.

6.    Respondents further objects to the terms "documents", "ESI", "Azure", "database", "platform", "reviewed" and "on behalf of the Advantage Parties" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already agreed to provide Claimants with access to the "Azure"/CMS database upon agreement by the Parties that documents and ESI held in the "Azure"/CMS database are subject to a Highly Confidential designation per the terms of the Protective Order in this matter.

**REQUEST FOR PRODUCTION NO. 150:**

All documents that refer or relate to or constitute any agreements between Take 5 and/or any of the Advantage Parties and Asana, including all communications relating thereto, all periodic invoices from Asana to Take 5 and/or any of the Advantage Parties, and all records of

payment of said periodic invoices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

      1.   This Request is overbroad, unduly burdensome, oppressive, and harassing. Payments between Take 5 and Asana or Respondents and Asana are not relevant to the claims or defenses in this Arbitration. Review of documents, including many documents that have already been reviewed, for reference to a software platform that has nothing to do with the operations of Take 5's email campaigns is unduly burdensome, not likely to result in the discovery of relevant material, and is not in accord with the purpose of arbitration in limiting the expense of dispute resolution.

      2.   Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

      3.   The terms "documents", "refer", "relate", "constitute", "agreements", "Asana", "periodic invoices" and "records" are overbroad, uncertain, vague, and ambiguous.

      4.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 123, 129, and 151.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request. Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce agreements and periodic invoices, as they understand that term, between the Take 5 parties and Asana after a reasonable search. Respondents will produce agreements and periodic invoices, as they understand that term, between the Advantage parties and Asana after a reasonable search only insofar as those agreements and periodic invoices pertain to services provided by Asana that relate to the Take 5 business unit.

**REQUEST FOR PRODUCTION NO. 151:**

All documents or ESI maintained on the Asana database or platform reviewed by or on behalf of the Advantage Parties prior to the shutdown of Take 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.   This Request is overbroad, unduly burdensome, oppressive, and harassing.  To the extent that Advantage personnel reviewed documents or ESI that had at one point been maintained in the Asana database, there would be no reasonable way to tie those documents or ESI back to the Asana database.

2.   This Request calls for information not relevant to the claims or defenses in this Arbitration.  The Asana database contains information pertaining to campaigns run by Take 5 that do not include email marketing.  A collection and review of these documents is unduly burdensome, not likely to result in the discovery of relevant material, and is not in accord with the purpose of arbitration in limiting the expense of dispute resolution.

3.   This Request seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.  Analyses under-taken by outside counsel, and FTI Consulting were done at the direction of counsel and in anticipation of litigation, including the parameters of documents and databases to be reviewed.

4.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 123, 129, and 150.

5.   Respondents further objects to the terms "documents", "ESI", "Asana", "database", "platform", "reviewed" and "on behalf of the Advantage Parties" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already agreed to provide Claimants with access to the Asana database upon agreement by the Parties that documents and ESI held in the Asana database are subject to a Highly Confidential designation per the terms of the Protective Order in this matter.

**REQUEST FOR PRODUCTION NO. 152:**

All documents that refer or relate to or constitute any agreements between Take 5 and/or any of the Advantage Parties and NetSuite or Oracle, including all communications relating thereto, all periodic invoices from NetSuite or Oracle to any of the Take 5 Parties and/or any of the Advantage Parties, and all records of payment of said periodic invoices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

1.  This Request is overbroad, unduly burdensome, oppressive, and harassing. Payments between Take 5 and NetSuite or Oracle, or Respondents and NetSuite or Oracle are not relevant to the claims or defenses in this Arbitration.  Review of documents, including many documents that have already been reviewed, for reference to a software platform that has nothing to do with the operations of Take 5's email campaigns is unduly burdensome, not likely to result in the discovery of relevant material, and is not in accord with the purpose of arbitration in limiting the expense of dispute resolution.

2.  This Request calls for information and documents already in the possession of Claimants.  Respondents previously produced to Claimants copies of all recent invoices between NetSuite and Take 5 for use of the Take 5 NetSuite platform.

3.  Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

4.  The terms "documents", "refer", "relate", "constitute", "agreements", "NetSuite", "Oracle" "periodic invoices" and "records" are overbroad, uncertain, vague, and ambiguous.

5.  The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 123, 129, and 153.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce agreements and periodic invoices, as they understand that term, between the Take 5 parties and Net Suite or Oracle after a reasonable search.  Respondents

will produce agreements and periodic invoices, as they understand that term, between the
Advantage parties and NetSuite or Oracle after a reasonable search only insofar as those
agreements and periodic invoices pertain to services provided by NetSuite or Oracle that relate to
the Take 5 business unit.

**REQUEST FOR PRODUCTION NO. 153:**

All documents or ESI maintained on the NetSuite database or platform reviewed by or on
behalf of the Advantage Parties prior to the shutdown of Take 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Respondents hereby incorporate by reference the General Objections set forth above.
Respondents further object to this Request on the following grounds:

1.   This Request is overbroad, unduly burdensome, oppressive, and harassing.  To the
extent that Advantage personnel reviewed documents or ESI that had at one point been
maintained in the Take 5 NetSuite database, there would be no reasonable way to tie those
documents or ESI back to the NetSuite database.

2.   This Request calls for information not relevant to the claims or defenses in this
Arbitration.  The NetSuite database contains information pertaining to campaigns run by Take 5
that do not include email marketing and general costs and accounting that do not pertain to the
operation of the Take 5 business unit.  A collection and review of these documents is unduly
burdensome, not likely to result in the discovery of relevant material, and is not in accord with
the purpose of arbitration in limiting the expense of dispute resolution.

3.   This Request seeks documents protected from discovery by the attorney-client
privilege, and the attorney work product doctrine.  Analyses under-taken by outside counsel, and
FTI Consulting were done at the direction of counsel and in anticipation of litigation, including
the parameters of documents and databases to be reviewed.

4.   The Request is unreasonably cumulative and duplicative of other Requests herein
and Claimants Request for Production Set One, including Request 1, 3, 123, 129, and 152.

5.   Respondents further objects to the terms "documents", "ESI", "NetSuite",

"database", "platform", "reviewed" and "on behalf of the Advantage Parties" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request. Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already provided Claimants with access to the Take 5 NetSuite platform.

**REQUEST FOR PRODUCTION NO. 154:**

All documents that refer or relate to or constitute any agreements between Take 5 and/or any of the Advantage Parties and Appriss / Hygenics, including all communications relating thereto, all periodic invoices from Appriss / Hygenics to any of the Take 5 Parties and/or any of the Advantage Parties, and all records of payment of said periodic invoices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

1. This Request is overbroad, unduly burdensome, oppressive, and harassing. Payments between Take 5 or the Advantage Parties and Appriss / Hygenics are not relevant to the claims or defenses in this Arbitration. Review of documents, including many documents that have already been reviewed, for reference to a software platform that has nothing to do with the operations of Take 5's email campaigns is unduly burdensome, not likely to result in the discovery of relevant material, and is not in accord with the purpose of arbitration in limiting the expense of dispute resolution.

2. This Request calls for information and documents already in the possession of Claimants. Respondents previously produced to Claimants copies of all recent invoices and agreements between Appriss / Hygenics and Take 5 and all recent invoices between Appriss / Hygenics and the Advantage Parties.

3. Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

4. The terms "documents", "refer", "relate", "constitute", "agreements", "Appriss",

"Hygenics" "periodic invoices" and "records" are overbroad, uncertain, vague, and ambiguous.

      5.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 123, 129, and 155.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce agreements and periodic invoices, as they understand that term, between the Take 5 parties and Hygenics after a reasonable search.  Respondents will produce agreements and periodic invoices, as they understand that term, between the Advantage parties and Hygenics after a reasonable search.

**REQUEST FOR PRODUCTION NO. 155:**

All documents or ESI maintained on the Appriss / Hygenics database or platform reviewed by or on behalf of the Advantage Parties prior to the shutdown of Take 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

      1.   This Request is overbroad, unduly burdensome, oppressive, and harassing.  To the extent that Advantage personnel reviewed documents or ESI that had at one point been maintained in the Appriss / Hygenics database, there would be no reasonable way to tie those documents or ESI back to the Appriss / Hygenics  database.

      2.   This Request seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.  Analyses under-taken by outside counsel, and FTI Consulting were done at the direction of counsel and in anticipation of litigation, including the parameters of documents and databases to be reviewed.

      3.   Respondents further objects to the terms "documents", "ESI", "Appriss / Hygenics ", "database", "platform", "reviewed" and "on behalf of the Advantage Parties" as overly broad, uncertain, vague, and ambiguous.

4.    The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 1, 3, 123, 129, and 154.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will provide Claimants with access to the data stored in the Hygenics database, without prejudice to its right to seek a reallocation of costs associated with that access at a later date, per the Discovery Order issued in this case by Judge Eyler on August 5, 2020.

**REQUEST FOR PRODUCTION NO. 156:**

All documents that include or refer or relate to or constitute any due diligence files prepared by, for, or on behalf of any of the Advantage Parties that discuss, refer to, recommend, or justify the acquisition of Take 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.    The Request calls for information within the custody, control, or already in the possession of Claimants.  Respondents have already produced to Claimant the relevant due diligence files in this matter.

2.    The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Request 18, 19, 67, 69, 70, 71, and 129.

3.    Respondents further objects to the terms "documents", "refer", "replate", "constitute", "due diligence", "prepared", "on behalf of any of the Advantage Parties", "discuss". "refer to", "recommend", or "justify" as overly broad, uncertain, vague, and ambiguous.

**REQUEST FOR PRODUCTION NO. 157:**

All documents that include, refer or relate to presentations to any of the Advantage Parties' management or Board of Directors to recommend or justify the Take 5 acquisition,

including any cash flow models showing expected return from the investment and supporting the acquisition price.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1. The Request calls for information within the custody, control, or already in the possession of Claimants. Respondents have already produced Board of Directors materials pertaining to the acquisition of Take 5. Respondents have also produced documents responsive to other Requests that seek information pertaining to the acquisition of Take 5.

2. Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

3. The terms "documents", "refer", "relate", "presentations", "management", "recommend", "justify", "cash flow models", "expected return", "supporting", and "price" are overly broad, uncertain, vague, and ambiguous.

4. The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 4, 18, 70, and 71.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request. Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce non-privileged, responsive documents after a reasonable search of Respondents' files.

**REQUEST FOR PRODUCTION NO. 158:**

All documents that include, refer, or relate to proposals, offers, counteroffers and analyses relating in connection with the purchase of the Take 5 assets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.    This Request is overbroad, unduly burdensome, oppressive, and harassing.  As written, the Request appears to call for all documents relating to the purchase of the Take 5 assets.  Respondents have already produced the due diligence files related to the purchase of the Take 5 assets, entire email inboxes of the Take 5 personnel involved in the sale, and documents relating to the acquisition from Respondent custodian files that are responsive to Requests 3–5, 18, and 70–71.  Additional review and production is not likely to yield additional responsive information, and is not proportional to the needs of this Arbitration nor in accord with the purpose of arbitration in limiting the expense of dispute resolution.

2.    This Request is nonsensical.  The term "relating in connection" has no meaning.

3.    Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

4.    The Request calls for information within the custody, control, or already in the possession of Claimants.

5.    The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 3–5, 18, and 70–71.

6.    Respondents further objects to the terms "documents", "refer", "relate", "proposals", "counteroffers", "analyses", "relating", and "in connection" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will meet and confer to limit and clarify the meaning of this Request.

**REQUEST FOR PRODUCTION NO. 159:**

All documents that include, refer or relate to monthly, quarterly and/or annual financial reporting, including all financial statements, internal reporting packages for each division of Advantage Sales & Marketing, Inc., that had an interworking relationship with Take 5, with revenues, expenses and profits, and whatever various reporting metrics each company (*i.e.*,

management) uses to follow the businesses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1. This Request is overbroad, unduly burdensome, oppressive, and harassing. Financial reports for every division of Advantage Sales & Marketing Inc. are not relevant to the issues in this Arbitration, and the Request is not proportional to the needs of this Arbitration nor in accord with the purpose of arbitration in limiting the expense of dispute resolution.

2. Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

3. The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 3–4, 97, and 123.

4. Respondents further objects to the terms "documents", "refer", "relate", "internal reporting packages", "interworking relationship", "various reporting metrics", and "follow" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request. Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce company financial statements for 2018 and 2019, which include information pertaining to Advantage Media. Respondents will further meet and confer to limit and clarify the meaning of this Request.

**REQUEST FOR PRODUCTION NO. 160:**

All documents that include, refer or relate to any of the Advantage Parties' review, preparation or analyses of Take 5's business, including new leads per month, proposals per month, customer retention metrics and new customer data, client acquisition cost, emails sent, website analytics, and any information upon which any of the Advantage Parties performed said analyses. Such documents include those in the years leading up to the Take 5 acquisition and

those after the Take 5 acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1160:**

1.     This Request is overbroad, unduly burdensome, oppressive, and harassing.  As written, this Request could be read to include every document in Advantage's possession that relates to Take 5.  No attempt has been made to narrow the scope of this Request, including by time range.

2.     This Request calls for information not relevant to the issues in this Arbitration, and the Request is not proportional to the needs of this Arbitration nor in accord with the purpose of arbitration in limiting the expense of dispute resolution.

3.     Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

4.     The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 3–4, 12–13, 15–16, 21–23, 34, 39, 42, 44, 46, 57, 61, 63, 65, 68–71, 97, 104, and 106.

5.     Respondents further objects to the terms "documents", "refer", "relate", "review", "preparation", "analyses", "new leads", "proposals", "customer retention metrics", "new customer data", "emails sent", "website analytics", "information", "performed", and "years leading up to" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will further meet and confer to limit and clarify the meaning of this Request.

**REQUEST FOR PRODUCTION NO. 161:**

All documents that include, refer or relate to comparisons of budgets to actual numbers and detailed descriptions and comments by management of any of the Advantage Parties as to why "actuals" may not have met "budget" after the Take 5 acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.    This Request is overbroad, unduly burdensome, oppressive, and harassing. Budget analyses for the Advantage Parties involve many thousands of documents which do not pertain to Take 5 in any way.  Take 5 operated as one portion of Respondents' business, and therefore documents discussing the budget of Respondents' business are not likely to include information relevant to Take 5 or the claims or defenses in this Arbitration.  Claimant has made no attempt to narrow this Request.  This Request calls for information not relevant to the issues in this Arbitration, and the Request is not proportional to the needs of this Arbitration nor in accord with the purpose of arbitration in limiting the expense of dispute resolution.

2.    Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.  .

3.    The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 4, 97, and 123.

4.    Respondents further objects to the terms "documents", "refer", "relate", "comparisons", "budgets", "actual", "numbers", "descriptions", "comments", "management", and "may not have met" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce company financial statements for 2018 and 2019.  Respondents will further meet and confer to limit and clarify the meaning of this Request.

**REQUEST FOR PRODUCTION NO. 162:**

All documents that include, refer, or relate to detailed sales reports for the years leading up to the Take 5 acquisition and after the Take 5 acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

  1. This Request is overbroad, unduly burdensome, oppressive, and harassing.  The Advantage Parties possess sales reports and related documents for entities that have no interaction or involvement with Take 5 in any way.  Claimant has made no attempt to narrow this Request.  This Request calls for the review of many of thousands of documents in order to obtain information not relevant to the issues in this Arbitration, and the Request is not proportional to the needs of this Arbitration nor in accord with the purpose of arbitration in limiting the expense of dispute resolution.

  2. Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.  .

  3. The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 4, 18–19, 22–23, 63, 68–71, 85, 97, and 123.

  4. Respondents further objects to the terms "documents", "refer", "relate", "detailed", "sales reports", and "years leading up to" as overly broad, uncertain, vague, and ambiguous.

  Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

  Respondents will produce company financial statements for 2018 and 2019.  Respondents will further meet and confer to limit and clarify the meaning of this Request.

**REQUEST FOR PRODUCTION NO. 163:**

  All documents that include, refer, or relate to customer continuity and customer retention by the Take 5 prior to and subsequent to the acquisition, including all sales and revenue data by month, by customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

  Respondents hereby incorporate by reference the General Objections set forth above.

Respondents further object to this Request on the following grounds:

    1.   This Request is overbroad, unduly burdensome, oppressive, and harassing.

    2.   This Request is nonsensical.  The phrase "by the Take 5 prior to" has no meaning.

    3.   Respondent objects to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

    4.   The Request calls for information already within the custody and control of Claimants.  Sales and revenue data, as well as information pertaining to customer retention for the Take 5 business unit have been produced in the format of the 28 email accounts of Take 5 custodians that have already been produced as well as the Take 5 server copies, Take 5 device copies, and documents produced from the files of Advantage custodians responsive to other, duplicative Requests.

    5.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 4, 39–40, and 68.

    6.   Respondents further objects to the terms "documents", "refer", "relate", "customer continuity", "retention", "prior to", and "sales and revenue data" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees. Respondents will produce company financial statements for 2018 and 2019, which include information pertaining to Advantage Media.  Respondents will further meet and confer to limit and clarify the meaning of this Request.

## **REQUEST FOR PRODUCTION NO. 164:**

All internal audit reports of Take 5 maintained by any of the Advantage Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents further object to this Request on the following grounds:

1.    This Request is overbroad, unduly burdensome, oppressive, and harassing.

2.    Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

3.    The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 4, 48, 49–53, and 102–104.

4.    Respondents further objects to the terms "internal", "auditreports", and "maintained" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce non-privileged, responsive documents, to the extent that they exist, after a reasonable search of Respondents' files.

**REQUEST FOR PRODUCTION NO. 165:**

All communications discussing and/or documenting issues being complained about by the Advantage Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Respondents hereby incorporate by reference the General Objections set forth above.

Respondents further object to this Request on the following grounds:

1.    This Request is confusing, overbroad, unduly burdensome, oppressive, and harassing.  The Request fails to indicate the scope "issues" Claimants are referring to and fails to state to whom the "complaints" were made.  As written, the Request calls for any complaint pertaining to any part of Respondents' business by any party.  Documents responsive to this Request are not likely to include information relevant to Take 5 or the claims or defenses in this Arbitration.  Claimant has made no attempt to narrow this Request.  This Request is not

proportional to the needs of this Arbitration nor in accord with the purpose of arbitration in limiting the expense of dispute resolution.

2.   Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

3.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 4–7.

4.   Respondents object to the terms "communications" "discussing", "documenting", "issues", "being" and "complained" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will meet and confer to limit and clarify the meaning of this Request.

## REQUEST FOR PRODUCTION NO. 166:

Minutes of all board of directors or committee meetings that discuss, refer, or relate to the acquisition of Take 5.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 166:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.   This Request is overbroad, unduly burdensome, oppressive, and harassing.

2.   The Request calls for information within the custody, control, or already in the possession of Claimants.  Respondents have already produced Board of Directors materials pertaining to the acquisition of Take 5.  Respondents have also produced documents responsive to other Requests that seek information pertaining to the acquisition of Take 5.

3.   The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 4, 18, 68, 70, and 71.

4.   Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

5.    Respondents object to the terms "minutes", "refer", and "relate" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce non-privileged, responsive documents after a reasonable search of Respondents' files.

**REQUEST FOR PRODUCTION NO. 167:**

Minutes of all board of directors or committee meetings that discuss, refer, or relate to the deterioration of the relationship between any of the Advantage Parties and any of the Take 5 Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.    This Request is overbroad, unduly burdensome, oppressive, and harassing.

2.    The Request calls for information within the custody, control, or already in the possession of Claimants.  Respondents have already produced Board of Directors materials pertaining to the acquisition of Take 5.  Respondents have also produced documents responsive to other Requests that seek information pertaining to the shutting down of Take 5.

3.    The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 4 and 72.

4.    Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

5.    Respondents object to the terms "discuss", "refer", "relate", "deterioration", and "relationship" as overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing

objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce non-privileged, responsive documents after a reasonable search of Respondents' files.

**REQUEST FOR PRODUCTION NO. 168:**

All documents that refer or relate to the "hundreds of clients" Take 5 lost "as a result of their fraudulent behaviors and inability to deliver legitimate results to their clients."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.  The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 3–5, 39–40, and 68.

2.  This Request is overbroad, unduly burdensome, oppressive, and harassing. As written, the Request calls for all documents referring or relating to hundreds of Take 5 clients. A large portion of those documents are unlikely to have any relevance to this dispute.

3.  Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

4.  The Request calls for information already within the custody, control, or possession of Claimants. Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees as well as documents produced from the files of Advantage custodians responsive to other, duplicative Requests.

5.  The terms "documents", "refer", and "relate" are overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request. Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will meet and confer to limit and clarify the meaning of this Request.

**REQUEST FOR PRODUCTION NO. 169:**

All documents that refer or relate to or constitute "complaints about Take 5's performance" by "hundreds of clients" of Take 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.  The Request is unreasonably cumulative and duplicative of other Requests herein and Claimants Request for Production Set One, including Requests 1, 3–5, 13, 39, 40, 60, 68, 93–94, 106, 113.

2.  This Request is overbroad, unduly burdensome, oppressive, and harassing.  As written, the Request calls for all documents referring or relating to hundreds of Take 5 clients. Under a broad reading, any document arguably relating to any customer that ever complained about Take 5 would be responsive.  A large portion of those documents are unlikely to have any relevance to this dispute.

3.  Respondents object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

4.  The Request calls for information already within the custody, control, or possession of Claimants.  Respondents have already produced to Claimants copies of all Take 5 servers and identified devices and non-privileged portions of email accounts for 28 Take 5 employees, as well as documents produced from the files of Advantage custodians responsive to other, duplicative Requests.

5.  The terms "documents", "refer", "relate", and "constitute" are overly broad, uncertain, vague, and ambiguous.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request.  Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce non-privileged, responsive documents from the files of

Respondent custodians after a reasonable search.

**REQUEST FOR PRODUCTION NO. 170:**

A written report prepared and signed by each witness retained or specially employed by any of the Advantage Parties to provide expert testimony or one whose duties as any of the Advantage Parties' employee regularly involve giving expert testimony. Each report shall contain: (1) a complete statement of all opinions the witness will express and the basis and reasons for each opinion; (2) the facts or data considered by the witness in forming each opinion; (3) the witness' qualifications, including a list of all publications authored in the previous 10 years; (4) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (5) a statement of the compensation to be paid for the study and testimony to be provided by each expert.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1.   This Request calls for the creation of a document and therefore is not properly a document request.  A Request for a written report is properly issued as an Interrogatory under Federal Rule of Civil Procedure 33.

2.   This Request is premature.  Expert discovery in this matter is not scheduled to begin until March 1, 2021.  Respondents' investigation into Take 5 and discovery are ongoing, and Respondent cannot be expected, without prejudice, to identify with certainty at this stage of the arbitration the experts that Respondents will rely on, nor their reports.  Disclosures pertaining to expert witnesses and the accompanying reports will be made and produced according to the deadlines established in the Federal Rules of Civil Procedure and the Report of Preliminary Hearings and Scheduling Order (the "Scheduling Order") issued by Judge Eyler on July 19, 2020.

**REQUEST FOR PRODUCTION NO. 171:**

A complete copy of the file of each expert witness.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171**:

Respondents hereby incorporate by reference the General Objections set forth above. Respondents further object to this Request on the following grounds:

1. This Request is nonsensical. The term "file of each expert witness" is so vague as to have no meaning.

2. This Request is premature. Expert discovery in this matter is not scheduled to begin until March 1, 2021. Respondents' investigation into Take 5 and discovery are ongoing, and Respondent cannot be expected, without prejudice, to identify with certainty at this stage of the arbitration the experts that Respondents will rely on, nor their reports. Disclosures pertaining to expert witnesses and the accompanying reports will be made and produced according to the deadlines established in the Federal Rules of Civil Procedure and the Report of Preliminary Hearings and Scheduling Order (the "Scheduling Order") issued by Judge Eyler on July 19, 2020.

Respondents have not, as a result of the aforementioned objections, withheld documents or information responsive to this Request. Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondent will meet and confer to clarify the meaning of "file of each expert witness".

**REQUEST FOR PRODUCTION NO. 172:**

A copy of each document preservation or litigation hold or arbitration hold memorandum or letter issued by any of the Advantage Parties in connection with this Arbitration proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Respondents hereby incorporate by reference the General Objections set forth above.

Subject to and without waiving the foregoing objections, and subject to ongoing investigation and discovery, Respondents respond as follows:

Respondents will produce non-privileged, responsive documents after a reasonable search of Respondents' files.

DATED:  Septemeber 3, 2020                    GREENBERG GROSS LLP

By: _____
    Wayne R. Gross
    wgross@ggtriallaw.com
    Matthew S. Ingles
    mingles@ggtriallaw.com
    Kevin D. Lloyd
    klloyd@ggtriallaw.com
    Arielle A. Seidman
    aseidman@ggtriallaw.com
    650 Town Center Drive, Suite 1700
    Costa Mesa, CA 92626
    (949) 383-2800
    (949) 383-2801 (fax)

    Attorneys for Respondent and Counter-
    Claimant/Cross-Claimant Advantage Sales &
    Marketing, LLC, and Cross-Claimants
    Advantage Sales & Marketing Inc., Karman
    Intermediate Corp., Advantage Solutions Inc., and
    Karman Topco L.P.

## <u>PROOF OF SERVICE</u>

**Petruss Media Group, LLC f/k/a Take 5 Media v. Advantage Sales & Marketing LLC**
**AAA Case No. 01-19-0002-7532**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017.

On September 3, 2020, I served true copies of the following document(s) described as **RESPONDENT AND COUNTER-CLAIMANT/CROSS-CLAIMANT ADVANTAGE SALES & MARKETING, LLC, AND CROSS-CLAIMANTS ADVANTAGE SALES & MARKETING INC., KARMAN INTERMEDIATE CORP., ADVANTAGE SOLUTIONS INC., AND KARMAN TOPCO L.P.'S RESPONSES TO CLAIMANT/COUNTER-RESPONDENT PETRUSS MEDIA GROUP, LLC, F/K/A TAKE 5 MEDIA GROUP, LLC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND INFORMATION** on the interested parties in this action as follows:

Richard Roth (rich@rrothlaw.com)

Stanislav Sharovskiy (stan@rrothlaw.com)

Dennis Richard (dennis@richardandrichard.com)

Melissa L. Mackiewicz (melissa@richardandrichard.com)

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address MIngles@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 3, 2020, at Los Angeles, California.

_____

Matthew S. Ingles