# EXHIBIT 46

**AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®**

# DECEMBER 15, 2020 DISCOVERY ORDER

Case Number: 01-19-0002-7532

**Petruss Media group, LLC, Claimant and Counter-Respondent**
-vs-
**Advantage Sales & Marketing, LLC, Respondent, Counter-Claimant, and Cross-Claimant**
**Advantage Sales & Marketing, Inc.**
**Karman Intermediate Corp.**
**Advantage Solutions, Inc.**
**Karman Topco, L.P., Counter-Claimants and Cross-Claimants**
-vs-
**Richard Gluck**
**Alexander Radetich, Cross-Respondents**

On November 25, 2020, Take 5[1] requested the issuance of summonses to former employees[2] and an order compelling Advantage to produce emails of 11 former employees. Advantage opposes both requests.

With respect to summonses, Advantage points out that, prior to this motion, Take 5 sent many executed subpoenas to recipients without properly serving them. Advantage argues that this is improper because it is an effort to coerce recipients and prevents Advantage from formally lodging its objections.

With respect to the motion to compel, Advantage expresses no substantive objection but argues that Take 5 should bear the technical cost of production in the approximate amount of $6,800.

*Summonses*

Assuming the former employees are not represented by counsel, Take 5 may contact them informally and request information. Take 5 has stated on several occasions, however, that the former employees refuse to cooperate. Requesting information informally is permitted, but because the individuals have refused to cooperate, there is no legitimate purpose in making another informal request supported by an executed subpoena. The subpoenas should be served. As part of the service process, the recipients may be advised that, in lieu of formal compliance or objection, they may respond informally. The executed summonses are attached.

With respect to summonses generally, and assuming no reason to believe that a recipient will refuse to cooperate, a request may be made for informal compliance without service provided that the recipient is advised that (1) the summons has not been served; (2) compliance is voluntary; and; (3) if and when

---

[1] For ease of reference, the parties refer to the Claimant group as Take 5 and the Respondent group as Advantage.
[2] The total number of employees, as supplemented, is thirteen.

served, is subject to any and all valid objections. The information must be provided clearly and unambiguously.[3] The summons may not be used in a manner that reasonably can be interpreted as misleading or coercive.

*Emails*

Take 5's motion to compel is granted. The emails shall be produced by December 31, 2020. Advantage will bear the initial cost, but as stated in prior orders, at a later stage in the proceedings, I will allocate costs as appropriate.

Dated: December 15, 2020

*James R Eyler*
Hon. James R. Eyler (Ret)
Arbitrator

---

[3] With respect to prior subpoenas, I note that I was contacted by two recipients who apparently did not understand that the requests were informal.

2