# EXHIBIT 64

**AMERICAN ARBITRATION ASSOCIATION**

PETRUSS MEDIA GROUP, LLC,
    f/k/a Take 5 Media Group, LLC, *et al.*
        Claimants,

vs.

ADVANTAGE SALES & MARKETING, LLC, *et al.*
        Respondents.

ADVANTAGE SALES & MARKETING, LLC, *et al.*
        Counter-Claimant and Cross-Claimants,

vs.

PETRUSS MEDIA GROUP, LLC,
    f/k/a Take 5 Media Group, LLC, *et al.*
        Counter-Respondent and Cross-Respondents.

**Case No.
01-19-0002-7532**

**STIPULATED ORDER GOVERNING
PROTOCOL FOR REMOTE EVIDENTIARY HEARING**

Consistent with the September 24, 2021 Order Governing Evidentiary Hearing and considering the COVID-19 pandemic and the current Omicron variant surge, the Parties hereby stipulate to the following protocol:

1.  **Evidentiary Hearing Location.** Pursuant to ¶ 8 of the Parties' Joint Submission to AAA on March 23, 2020, the evidentiary hearing shall be deemed to take place in Washington, DC. Except by a further Order of the Arbitrator, no Party, counsel, or witness may be physically present at any location used by the Arbitrator. No *ex parte* communications may occur between any Party and the Arbitrator.

2. **Videoconferencing Platform**. The evidentiary hearing commencing on January 25, 2022 will take place using the US LEGAL REMOTE DEPO platform.

    a. *US Legal Remote Depo.* This platform will connect participants to remote evidentiary hearing sessions simply by using their webcam-equipped computers or mobile devices and an Internet connection. This platform will provide high resolution video imaging and quality audio of participants. This platform will provide state-of-the-art security including encrypted communications and HIPAA compliance.

    b. *Real-Time Video Streaming.* This secure system will allow participants to see the Arbitrator, counsel, and the witness – just as if everyone were in the same room.

    c. *Breakout Room Feature.* This platform will enable subgroups of participants (*e.g.,* the Arbitrator and counsel; counsel for a party and the client(s); counsel and a witness; *etc.*) to meet by themselves during the proceeding when authorized by the Arbitrator ("Breakout Room" feature).

    d. *InstantExhibit+ And Screen Share.* US Legal Remote will use InstantExhibit+ to allow attorneys to introduce and simultaneously share exhibits electronically to the Arbitrator, opposing counsel, and the witness each of whom may then download the exhibit for viewing on his or her own device. This will enable all participants to view each exhibit completely and independently, as if they were handed a piece of paper. InstantExhibit+ utilizes Box.com and will work on all modern-day browsers including Google Chrome, Safari, Edge, and Firefox. The US Legal Remote Depo platform will enable participants to display exhibits on the screen and will allow a cursor to point to selected portions of the exhibit, without completely obscuring the video images of the other participants. InstantExhibit+ will also serve as a secure online repository for continuous exhibit storage. The Advantage Parties will use Trial Director and Zoom Screen Share to display exhibits, but they will also

upload their exhibits to the InstantExhibit+ Box labeled "ADVANTAGE PARTIES' EXCHANGED EXHIBITS."

e. *Dedicated Live Technician.* US Legal will supply a dedicated live technician each day to arrange, monitor, support, and troubleshoot the platform and videoconferencing system, including during the conduct of the proceeding, and who will commit to the relevant confidentiality and privacy undertakings. The Technician also will establish and monitor the Breakout Rooms.

f. *Invitations To And Access To Evidentiary Hearing Sessions.* US Legal will provide a link to the Arbitrator, court reporter, and counsel for the parties to access each day of the evidentiary hearing. Counsel for each party shall be responsible for forwarding the link to any clients, witnesses or other approved hearing participants. Hearing attendees should not forward or share the hearing link or password except as permitted under this Stipulated Order. The Technician will establish a waiting room and allow only those individuals authorized to be virtually present in the evidentiary hearing session at any given time at the direction of the Arbitrator to access the hearing.

3. **Hearing Record and Recording**.

a. *Court Reporter / Transcripts.* The evidentiary hearing will be transcribed remotely by a court reporter assigned by US Legal. The court reporter's transcript will be the official record of the evidentiary hearing. The court reporter may interrupt attorneys, witnesses, or the Arbitrator to clarify items for the record. Rough transcripts of each day's hearing will be provided to the Arbitrator and counsel on the same day. Upon completion, final transcripts will be made available simultaneously to the Arbitrator and all counsel.

  b. *Video Recording.* The evidentiary hearing also will be recorded through the US Legal Remote Depo platform. This video recording will not be the official record of the evidentiary hearing but will be made available simultaneously to the Arbitrator and all counsel upon request by any one of them. The Arbitrator will control when the evidentiary hearing is on and off the record.

  c. *Prohibition On Additional Recordings.* The parties and counsel agree that they will not record, via audio or video, or permit any other person to record, via audio or video, the evidentiary hearing or any part of it, except as is provided for in this Stipulated Order. The parties and counsel will ensure that each additional attendee at the hearing for which that party is responsible also acknowledges and agrees to this prohibition on recording.

 4. **Advance Testing Of Platforms.** On January 24, 2022, counsel and the Arbitrator will test US Legal Remote Depo and InstantExhibit+ with a US Legal Technician to ensure that the Arbitrator and counsel can connect and that their video and audio systems work (and noting camera settings, lighting, delays/time lags, clarity, volume, feedback, and other sound disruptions) and that it will interact with each counsel's software systems correctly.

 5. **Ensuring Good Audio / Video.** Hearing participants shall make best efforts to ensure that there will be clear video and audio transmission during the hearing. Participants should:

  a. consider steps that may be taken to establish a high-speed internet connection (*e.g.,* if possible, a hard-wired internet connection is generally preferable to a wireless internet connection);

  b. use the computer microphone, with or without a headset, for audio transmission or use a phone to dial into audio portion of the platform (or if necessary, use the back-up conference call number if the computer and platform audio are of poor quality);

  c. use best efforts to eliminate any background noise;

  d. use best efforts to locate their cameras so that the participant appears well lit, against a neutral and not-distracting background, with only head and shoulders visible. Backlighting, such as light from a bright window behind a participant, substantially reduces visibility and should be avoided;

  e. not substitute a "virtual background" for the actual room in which the participant is located without express approval of the Arbitrator;

  f. use a desktop or laptop rather than by smartphone or tablet;

  g. ensure computing devices are adequately charged and that power cables or back-up batteries are available as may be necessary; and

  h. not join the hearing from a public setting or using unsecured, public Wi-Fi to ensure the privacy and security of the hearing.

6. All counsel shall endeavor to speak one at a time and not while another is speaking, other than as may be required to interpose an objection to a question asked or to alert other participants of technical difficulties.

7. All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall maintain their audio on mute and turn off their video (after first confirming their appearance with the Arbitrator) to limit potential interruptions. The video hearing host and co-host [if any] also will have the ability to mute and unmute any participant if needed.

8. **Witnesses and Exhibits:**

  a. With the exception of the parties' corporate representatives and expert witnesses, who may attend the entirety of the hearing, all witnesses are to be sequestered until they testify. Witnesses shall be

advised in advance by the party calling them that their testimony will be recorded.

  b. Witnesses should follow the below practices:

    i. A witness shall give evidence sitting at an empty desk or table, and the witness' face shall be clearly visible in the video.

    ii. To the extent possible, the webcam should be positioned at face level, relatively close to the witness (*e.g.,* by positioning a laptop on a stack of books).

    iii. Witnesses may not use a "virtual background," unless leave is granted by the arbitrator after the arbitrator is satisfied that there is a good reason for the deviation and that no party will be prejudiced by the deviation.

    iv. Witnesses should speak directly to the camera while testifying.

    v. Witnesses should avoid making quick movements.

    vi. All non-party or expert witnesses shall sign-off from the US Legal Remote Depo session and InstantExhibit+ Box at the conclusion of their testimony.

  c. *Testimonial Safeguards.* A witness shall disclose whether any other person is in the room in which the witness is providing testimony or is otherwise able to see or hear the proceeding and shall take all reasonable steps to avoid any such circumstance, except for a witness' individual counsel. The witness may not communicate, by any means, with any person on the subject matter of the witness' testimony while the testimony is in progress, except that a witness represented by counsel may consult privately with such counsel so long as the occurrence of such consultation

is evident to the Arbitrator and examining counsel (as it would be in a proceeding held in a single physical location). The witness shall not have access to any real-time transcript that is being made available to other Participants. To the extent the witness views any document during the witness' testimony other than an exhibit displayed by examining counsel or the witness' own written statement, the witness shall identify such document and may be called upon by the Arbitrator to display the document. Witnesses shall not be aided by any notes during their testimony, unless permitted by the Arbitrator, although counsel may use demonstrative exhibits in connection with the examination of a witness.

        d.      At any time, the Arbitrator may ask a witness to orient his or her webcam to provide a 360-degree view of the remote venue to confirm that no unauthorized persons are present; any authorized persons (counsel, etc.) in the room with the witness must be identified at the start of the witness' testimony.

        e.      In accordance with the provisions of this Order, the Arbitrator shall instruct each witness about: (i) what to do in the event of a disconnection or other technical failure; and (ii) the impermissibility of any unauthorized observers or recordings of the hearing.

        f.      *Telephonic Testimony.* In exceptional circumstances, the Arbitrator may permit a witness to testify by telephone, provided the Arbitrator is satisfied that in view of the nature of the witness and the subject of the testimony, a telephonic examination will be fair and not prejudice the presentation of the case of any party.

        g.      *Oaths.* The parties will retain a court reporter, who will be a District of Columbia certified electronic notary public, to administer oaths remotely consistent with F.R.E. 603, Fed. R. Civ. P. 28(a)(2) and 43(a) and (b) and 1 U.S.C. § 1. Prior to giving testimony, the Arbitrator shall inquire of the witness about the adequacy of the witness' equipment and its usage.

 h. *Hearing Exhibits*:

  i. Before the hearing, each party shall respectively electronically upload its final hearing exhibits into the US Legal InstantExhibit+ Box labeled "ADVANTAGE PARTIES' EXCHANGED EXHIBITS" AND "TAKE 5 PARTIES' EXCHANGED EXHIBITS" which will provide the Arbitrator and the adverse party the opportunity to download the Final Hearing Exhibits.  The Arbitrator and trial team for each party will receive an invitation via email from US Legal for secure access to the US Legal InstantExhibit+ Box for this matter. Recipients of the invitation should not forward or share the invitation except as permitted under this Stipulated Order.

  ii. To the extent Parties rely on exhibits in electronic format, the Arbitrator will access such files. The Arbitrator may use a second laptop or other device to display exhibits while viewing the video images of the Participants on a primary laptop or device or shall use a single screen sufficiently large to accommodate two viewing windows.  Other Participants are encouraged to do likewise.

  iii. Notwithstanding the foregoing, during or at the conclusion of the presentation of evidence, the Arbitrator may also request that certain exhibits be provided to the Arbitrator in hard copy and delivered via overnight mail.

  iv. Counsel for each party shall provide US Legal with the email addresses for their witnesses in advance of the witness being called to testify so that US Legal may send the witness an invitation to the InstantExhibit+ Box for this matter for use by the witness during his or her testimony.

   i. <u>Confidentiality</u>. The "Confidential" or "Highly Confidential" designation of all or portions of Hearing Exhibits or Testimony shall be governed by the Stipulated Protective Order entered by the Arbitrator on July 3, 2020.

9. **<u>Hearing Schedule & Logistics</u>**:

   a. The hearing shall commence on Tuesday, January 25, 2022, and it will begin at 10:00 a.m. EST and end at 5:00 p.m. EST, or as soon thereafter as the Arbitrator determines. Recesses shall be at such times as the Arbitrator determines in his discretion are appropriate, and the hearing shall continue each weekday through Friday, February 4, 2022, and thereafter as may be necessary. The Arbitrator may adjust the hearing schedule, in his discretion, to facilitate a smooth and efficient hearing.

   b. It is recommended that all participants access the virtual hearing room at least 15 minutes in advance of the scheduled start time each day. The proceeding shall not begin each day or following any recess until the Arbitrator has satisfied himself that all necessary Participants are adequately connected to the US Legal Remote Depo platform.

   c. Upon joining the US Legal Remote Depo hearing, participants will be admitted to a virtual waiting room. The US Legal Technician will admit all participants to the hearing at the same time. To avoid delay and difficulty reconnecting, hearing attendees should not disconnect from the US Legal Remote Depo hearing during any recess. However, lines may be muted, and video turned off during this time, and the Arbitrator may require that participants be moved to Breakout Room and/or the virtual waiting room.

10. **Technical Difficulties**:

    a.    Should one party's or participant's videoconferencing connection fail, the panel/arbitrator will ask the counsel remaining on the videoconference to mute their audio and to turn off their video to avoid concerns regarding potential *ex parte* communications. Once the panel/arbitrator sees that the dropped participant has rejoined the videoconference, the remaining counsel should unmute their audio and turn on their video.

    b.    If a participant is disconnected from the videoconference or experiences some other technical failure and connection cannot be re-established within a 5-minute interval:

        i.    the Arbitrator may take steps to "pause" the hearing, which may include moving participants into a virtual waiting room or one or more separate break-out rooms, and the parties agree to pause proceedings as needed to accommodate any reconnections or technical issues;

        ii. such participant shall e-mail all hearing attendees, by replying all to the US Legal invitation circulated for that hearing day and shall monitor e-mail for any further instructions from the Arbitrator, counsel for the parties, or a US Legal Technician. The parties and participants shall use telephone communication to indicate if any party, attorney, or witness has been dropped from the hearing due to a connection problem or other technical issue. Unless agreed otherwise, **remotedeposupport@uslegalsupport.com** (include **URGENT** in the subject line) and/or **888-401-9541** is the designated email and phone number to contact if parties, counsel, or witnesses are disconnected.

c.  If the videoconferencing system fails to work such that the hearing cannot take place as scheduled, or if the Arbitrator determines that the videoconferencing system otherwise does not allow the parties to adequately present their case or that it would be unfair to any party to continue the hearing via videoconference, the Arbitrator may reschedule the hearing or take any other appropriate steps as may be necessary to ensure the fairness and integrity of the proceedings.

11.  **Costs of Videoconferencing**: The parties agree that the costs of using US Legal Remote Depo and InstantExhibit+ Box for the Final Evidentiary Hearing, including the costs of the videographers, court reporters, and US Legal Technician will in the first instance be borne equally between them, 50% to the Take 5 Parties and 50% to the Advantage Parties. For the avoidance of doubt, the parties agree that those costs are included in the costs of the arbitration, as specified in the applicable Rules, and are subject to allocation by the Arbitrator in any final award consistent with the Parties' agreement, the terms of the award, and applicable law and rules.

12.  By Order dated September 24, 2021, the Arbitrator determined that a Final Evidentiary Hearing by remote video proceeding is appropriate in this matter. For the reasons stated in that order, the Arbitrator concluded that the interests of the Parties will be protected in such a proceeding, that no material prejudice will affect any Party, and that the Parties' interests in the efficiency, promptness and fairness of this arbitration will be protected.

The Arbitrator is cognizant of the challenges created by the remote video hearing format and will take all reasonable steps to ensure that the proceeding is fair to all Parties and does not jeopardize the ability of any Party to fully present its case and/or defense. The Arbitrator will monitor the proceeding continually to ensure that is the case and will take corrective steps as necessary during the proceeding and if corrective action is inadequate, modify the remote hearing format or terminate it if necessary.

13. **Modification.** The Parties may seek modification of any of the foregoing requirements by submission of an explanatory email to the Arbitrator. The Arbitrator may modify any of the foregoing requirements on its own initiative after consultation with the Parties.

| **On behalf of Petruss Media Group, LLC, f/k/a Take 5 Media Group, LLC, and Richard Gluck and RJV Marketing Corp.** | **On behalf of Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P.:** |
|---|---|
| /s/ *Melissa L. Mackiewicz* | /s/ *Michael H. Strub, Jr.* |
| **RICHARD AND RICHARD, P.A.** | **GREENBERG GROSS LLLP** |
| Dennis Richard<br>Melissa L. Mackiewicz<br>825 Brickell Bay Drive<br>Tower III, Suite 1748<br>Miami, FL 33131<br>305.374.6688<br>dennis@richardandrichard.com<br>melissa@richardandrichard.com | Wayne R. Gross<br>Michael H. Strub, Jr.<br>650 Town Center Drive<br>Suite 1700<br>Costa Mesa, CA 92626<br>949.383.2840<br>wgross@ggtriallaw.com<br>mstrub@ggtriallaw.com |

**On behalf of Alex Radetich:**

   /s/ *Richard Roth*
**THE ROTH LAW FIRM, PLLC**

Richard A. Roth
Lance Willoughby
295 Madison Avenue
22nd Floor
New York, NY 10017
212.542.8882
rich@rrothlaw.com
lance@rrothlaw.com

**SO ORDERED**

**THIS 22nd DAY OF JANUARY, 2022:**

                                        **The Honorable James R. Eyler (Ret.)**
                                        **ARBITRATOR**

_James R Eyler_