# EXHIBIT 78



mwe.com

Lisa M. Richman
Attorney at Law
mwarner@mwe.com
+1 202 756 8090

**October 14, 2022**

*By Email*

Matthew Conger
American Arbitration Association
1120 Connecticut Ave. N.W., Suite 490
Washington, D.C. 20036
matthewconger@adr.org

    Re:    *Petruss Media Group, LLC v. Advantage Sales & Marketing, LLC*, Case 01-19-0002-7532, Response to Request for AAA Commercial Rule R-50 Modification of Final Award

Dear Mr. Conger:

On behalf of Petruss Media Group, LLC f/k/a Take 5 Media Group LLC, RJV Marketing Corp., Richard Gluck, and Alexander Radetich (collectively the "Take 5 Parties"), we respectfully respond to Advantage's October 4, 2022 email seeking to correct the Final Award. Separately, we write to request the Arbitrator clarify the Final Award at paragraph 7 pursuant to AAA Commercial Rules, R-50.

First, the Take 5 Parties bring to the Arbitrator's attention a numerical discrepancy with respect to the administrative fees and expenses of the American Arbitration Association ("AAA") awarded and seek a related clarification of the Final Award at page 11 paragraph 7.

The Final Award at paragraph 7 states that the Take 5 Parties "ha[ve] to pay Advantage Sales & Marketing, LLC an amount of $119,110.00" in administrative fees and expenses of the AAA along with the compensation and expenses of the Arbitrator. However, Advantage's August 19, 2022 letter seeking reimbursement of litigation expenses ("Submissions on Costs and Interest") only sought $99,110.00 in AAA costs. *See* Submissions on Costs and Interest at 8. This is acknowledged by the Final Award as well. *See* Final Award at 3. It appears that this discrepancy between the amount Advantage sought and the amount awarded can be reconciled by reference to the exhibits to Advantage's Submissions on Costs and Interest. However, what cannot be determined from the Submissions and the exhibits thereto is whether Advantage has actually *paid* all amounts in administrative fees and expenses of the AAA and/or compensation and expenses of the Arbitrator. If the amounts owed by Advantage to the AAA and/or Arbitrator remain unpaid in part, the Final Award as drafted could create a situation where the Take 5 Parties could be forced to incur those costs twice. That is, because the Take 5 Parties can be held jointly and severally liable for these amounts by the AAA / Arbitrator to the extent the amounts have not yet been satisfied by Advantage to the AAA / Arbitrator.



October 14, 2022
Page 2

  Accordingly, the Take 5 Parties respectfully seek a clarification of the Final Award at paragraph 7 to reflect that the Take 5 Parties are not obligated to make these payments twice. The Take 5 Parties respectfully request an amendment of the final sentence of paragraph 7 on page 11 as follows:

> "Therefore, subject to confirmation from the AAA that Advantage Sales & Marketing, LLC has paid all outstanding invoices, Petruss Media Group, LLC f/k/a Take 5 Media Group, LLC has to pay Advantage Sales & Marketing, LLC, an amount of $119,110.00."

  Second, the Take 5 Parties do not object to Advantage's request to revise the damages amount of $43,633,333.34, reflected at page 10, paragraph 1 of the Final Award, to the amount stated on page 2 of the Final Award and page 43 of the Interim Award, $48,325,822.29. The Take 5 Parties agree that this correction accurately reflects the damages awarded by the Arbitrator in the August 4, 2022 Interim Award.

  However, the Take 5 Parties object to the method by which Advantage's counsel made this request for modification and counsel's continued disregard for AAA procedures.

  The AAA's correspondence, dated September 20, 2022, made clear that the record in these proceedings were closed as of September 19, 2022 and that "any direct exchange with the Arbitrator is terminated" and "[a]ll communications shall be directed to the AAA." Counsel for Advantage sent correspondence directly to the Arbitrator by email later that same day (September 20, 2022) in direct contravention of this direction and the AAA Rules. In Advantage's communication to the Arbitrator of October 4, 2022, Counsel once again ignored the AAA Rules and the directions received from the AAA on September 20, 2022. The Take 5 Parties again object to Advantage's improper correspondence with the Arbitrator and asks Advantage to refrain from future violations. The Take 5 Parties expressly reserve their rights.

  For the reasons stated above, the Take 5 Parties respectfully request that the Arbitrator clarify the Final Award at paragraph 7 to include reference to confirmation of payment by the AAA and again note their objection to Advantage's disregard of AAA procedures.

Sincerely,

*Lisa Richman*

Lisa M. Richman


cc: all counsel of record



DM_US 191353330-1.102405.0013