**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETRUSS MEDIA GROUP, LLC f/k/a TAKE 5 MEDIA GROUP, LLC, et al.<br><br>Petitioners,<br><br>v.<br><br>ADVANTAGE SALES & MARKETING LLC, et al.,<br><br>Respondents. | Case No. 1:22-cv-3278 |

**DECLARATION OF MICHAEL H. STRUB, JR. IN SUPPORT OF RESPONDENTS'
MOTION TO DISMISS PETITION TO VACATE ARBITRATION AWARD
DUE TO A SEPARATE PENDING ACTION TO CONFIRM AWARD OR, IN THE
<u>ALTERNATIVE, TO STAY PETITION AND MOTION TO VACATE</u>**

## **DECLARATION OF MICHAEL H. STRUB, JR.**

I, Michael H. Strub, Jr., declare as follows:

1.  I am an attorney duly licensed to practice law in the State of California and am an inactive member of the District of Columbia bar (Bar No. 460268). I am an attorney with the law firm of Greenberg Gross LLP, counsel of record in this action for respondents Advantage Sales & Marketing LLC, Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P. (the "Advantage Parties"). The facts stated herein are within my personal knowledge and, if called upon to testify, I can truthfully and competently do so as to all matters herein.

2.  McDermott Will & Emery filed the initial petition for arbitration on behalf of the Petruss Media Group, LLC f/k/a/ Take 5 Media Group, LLC, RJV Marketing Corp., Alexander Radetich and Richard Gluck (the "Take 5 Parties") in the underlying arbitration proceedings (AAA No. 01-19-002-7532) (the "Arbitration"). When I began representing the Advantage Parties in March 2021, Richard Roth of The Roth Law Firm PLLC and Dennis Richard and Melissa Mackiewicz of Richard and Richard, P.A., were representing the Take 5 Parties in connection with the Arbitration. It is my understanding, based on my review of documents and correspondence and conversations with my colleagues, that Mr. Roth, Mr. Richard, and Ms. Mackiewicz began representing the Advantage Parties in 2019, shortly after the Arbitration was initiated. In filings submitted during the Arbitration, the Roth Law Firm PLLC represented that it is located in New York, New York, and Richard and Richard, P.A., represented that it is located in Miami, Florida.

3.  The Arbitration was conducted virtually via Zoom and telephone. The Hon. James R. Eyler (Ret.) presided over the Arbitration from his home office in Maryland.

4. My colleagues at Greenberg Gross, the general counsel for Advantage Solutions Inc., and I virtually participated in the Arbitration from California.

5. Take 5 was headquartered in Florida. Michael Boy, Prima Creel, Mary Jo Benjoseph, Mark Adams, and Eva Hodgens all testified that they were former employees of Take 5. Mr. Boy, Ms. Benjoseph, Mr. Adams, and Ms. Hodgens were deposed over Zoom and remained in Florida for those depositions. Mr. Boy, Ms. Benjoseph, Mr. Adams, Ms. Hodgens, and Ms. Creel all testified during the Arbitration, and they all remained in Florida and testified virtually over Zoom.

6. Petitioners Alexander Radetich and Richard Gluck attended the Arbitration virtually. It is my understanding that they remained in Florida during the Arbitration. During several breaks in the Arbitration, Mr. Roth said that he travelled to Florida for the Arbitration and was staying in a hotel there. He provided this information to explain why he needed longer lunch breaks to have food delivered to him.

7. No one resided in Washington, D.C., nor testified from Washington, D.C. in the Arbitration. The same is true for the present litigation and the litigation pending in Florida. To my knowledge, no one involved in this matter resides or works in Washington, D.C., other than counsel for the Take 5 Parties who filed the petition to vacate in this Court.

8. The parties submitted post-hearing briefs after the final evidentiary hearing in the Arbitration. A true and correct copy of the Advantage Parties' post-hearing brief is attached hereto as **Exhibit A**.

9. On August 4, 2022, Judge Eyler issued an Interim Award. A true and correct copy of the Interim Award is attached hereto as **Exhibit B**.

10. On October 4, 2022, Judge Eyler issued a Final Award, which he modified on October 20, 2022, to address clerical errors. A true and correct copy of the Modified Final Award is attached hereto as **Exhibit C**.

11. One of the clerical errors in the initial Final Award was the total amount of damages. The Advantage Parties notified the American Arbitration Association of the error. A true and correct copy of the October 14, 2022 letter from Ms. Richman to Matthew Conger of the American Arbitration Association is attached hereto as **Exhibit D**.

12. A true and correct copy of the Advantage Parties' Petition to Confirm the arbitration award ("Petition to Confirm"), which was filed in Florida on October 20, 2022, is attached hereto as **Exhibit E**.

13. A true and correct copy of my October 20, 2022 email to Ms. Richman, Mr. Roth, Mr. Richard, and Ms. Mackiewicz asking if they would accept service of the Petition to Confirm on behalf of the Take 5 Parties is attached hereto as **Exhibit F**. Also included as **Exhibit F** is a true and correct copy of Ms. Richman's response to that request that I received on October 21, 2022.

14. A true and correct copy of the email that I received from Ms. Richman on October 25, 2022, is attached hereto as **Exhibit G**.

15. On October 27, 2022, I reviewed the dockets for the United States District Court for the District of Columbia and saw that the Take 5 Parties had filed a petition to vacate Judge Eyler's award in this Court. Counsel for the Take 5 Parties never contacted me before filing these papers.

16. The Take 5 Parties filed their petition to vacate in this action with partially redacted information. I have never received unredacted copies of any of the briefs that the Take 5 Parties filed in this Court, nor have my clients.

17. On November 1, 2022, the Take 5 Parties filed an opposition to the petition to confirm the arbitration award and a motion to vacate the arbitration award in the Florida action. A true and correct copy of the Take 5 Parties' petition to vacate filed in Florida is attached hereto as **Exhibit H**.

18. True and correct copies of the proofs of service on Richard Gluck, Alexander Radetich and Petruss Media Group LLC in Florida are attached hereto as **Exhibit I**.

19. On November 1, 2022, counsel for the Take 5 Parties accepted service on behalf of RJV Marketing Corp. in the Florida action. A true and correct copy of Ms. Evans's November 1, 2022 email is attached hereto as **Exhibit J**.

20. The Advantage Parties intend to file a response to the Florida Petition to Vacate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on November 11, 2022.

Michael H. Strub Jr.