# EXHIBIT E

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

Advantage Sales & Marketing LLC,
Advantage Sales & Marketing Inc., Karman
Intermediate Corp., Advantage Solutions Inc.,
and Karman Topco L.P.,

      Case No.

      Petitioners,

v.

Petruss Media Group, LLC f/k/a Take 5 Media
Group LLC, RJV Marketing Corp., Richard
Gluck, and Alexander Radetich,

      Respondents.

_____/

**PETITION TO CONFIRM ARBITRATION AWARD
AND FOR ENTRY OF FINAL JUDGMENT**

    Petitioners Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P. (collectively, the "Advantage Parties" or "Petitioners"), hereby move to confirm their arbitration award and for entry of a final judgment.

**PRELIMINARY STATEMENT**

    1.    This is an action to confirm a final arbitration award under Chapter 682 of the Florida Statutes.

    2.    The underlying arbitration was conducted under the American Arbitration Association Commercial Rules and arose out of disputes between Petitioners and Respondents Petruss Media Group, LLC f/k/a Take 5 Media Group LLC, RJV Marketing Corp., Richard Gluck,

1



and Alexander Radetich (together, the "Take 5 Parties" or "Respondents") relating to an asset purchase agreement.

3. The Arbitrator, the Honorable James Eyler (Ret.), entered a final arbitration award ("Award") entirely for Petitioners and awarded significant money damages against Respondents. Ex. A, Award.

## PARTIES, JURISDICTION, AND VENUE

4. Petitioner, Advantage Sales and Marketing LLC, is a California limited liability company which provides technology-enabled sales and marketing solutions to manufacturers and retailers. It is a direct wholly-owned subsidiary of petitioner Advantage Sales & Marketing Inc., an indirect wholly-owned subsidiary of petitioner Karman Intermediate Corp. (the parent entity of Advantage Sales & Marketing Inc.), and an indirect wholly-owned subsidiary of petitioner Advantage Solutions Inc. ("Advantage Solutions"), a Delaware corporation (the parent entity of Karman Intermediate Corp.).

5. When the arbitration began, Advantage Solutions was a wholly-owned subsidiary of petitioner Karman Topco L.P. and changed its name to "ASI Intermediate Corp." as part of a reverse merger in October 2020. As a result, there is now a legal entity between ASI Intermediate Corp. and Karman Topco L.P. that is called "Advantage Solutions Inc." formerly known as Conyers Park II Acquisition Corp.

6. Advantage Solutions is a leading business solutions provider to consumer goods manufacturers and retailers. It is headquartered in Irvine, California, and has over 100 offices in the United States and Canada from which it provides sales and marketing services to several Fortune 500 and other companies.

7. Respondent Petruss Media Group, LLC, f/k/a Take 5 Media Group, LLC ("Take 5"), is a Florida limited liability company.

8. Respondent Richard Gluck resides in Florida and was Managing Partner of respondent Take 5. He was a founder of Take 5 and served in leadership roles at the Take 5 business both before and after the Take 5 business was sold to Advantage Solutions.

9. Respondent Alexander Radetich also resides in Florida and was Managing Partner of respondent Take 5. He too was a founder of Take 5 and served in leadership roles at Take 5 both before and after Take 5 was sold to Advantage Solutions.

10. Respondent RJV Marketing Corp. is a Florida corporation that, along with Mr. Radetich and Mr. Gluck, are the "Beneficial Owners" of Take 5 under the asset purchase agreement (as defined below) that gave rise to the underlying arbitration.

11. This Court has jurisdiction under Fla. Stat. § 682.015.

12. The matter in controversy exceeds $30,000.

13. The Petitioners are California residents.

14. The Respondents are Florida residents or Florida entities.

15. Venue is proper under Fla. Stat. § 682.19 because the Respondents reside and conduct business in Palm Beach County, Florida and a substantial part of the events giving rise to the claims occurred out of Take 5's primary office in Boca Raton, Florida.

16. No court of competent jurisdiction has previously been requested to confirm the Award.

**BACKGROUND**

17. Petitioners acquired certain assets of Respondents pursuant to an Asset Purchase Agreement ("APA") of March 15, 2018, and the transaction closed on April 1, 2018. Ex. B, APA**.**

18. Section 10.11 of the APA provides that any dispute arising under the APA is to be resolved by a "final and binding arbitration" under the commercial arbitration rules of the American Arbitration Association.

19. Section 10.12(b) of the APA provides, in relevant part, that "[t]he Parties further agree, to the extent permitted by Law, that a final and nonappealable judgment against a Party in any Proceeding contemplated above shall be conclusive and may be enforced in any other jurisdiction within or outside the United States by suit on the judgment, a certified or exemplified copy of which shall be conclusive evidence of the fact and amount of such judgment."

20. Respondents filed an initial demand for arbitration in September 2019.

21. Petitioners responded to Respondents' arbitration demand and filed a counterclaim.

22. The Arbitrator denied Respondents' claim for damages and entered his Award in favor of Petitioners and denoting them prevailing parties.

23. This Petition is timely because it was filed within one year of the date the Award was made. *Moya v. Board of Regents,* 629 So. 2d 282, 284 (Fla. 5th DCA 1993) ("Although a party has 90 days after delivery of the arbitrators' award to seek to vacate, to modify or to correct an award, there is no time limitation written in the statute within which a party is required to file a motion to confirm an arbitrator's award.").

24. The Court is required to confirm the Award unless the Award is vacated, modified, or corrected. No such motion or request has been filed by Respondents.

25. The Award is undeniably valid, enforceable, and proper.

26. Under Fla. Stat. § 682.15(2) and (3), and Fla. Stat. § 57.115, Petitioners are entitled to their reasonable attorney's fees and costs and other expenses in these confirmation proceedings and in the collection and execution on any final judgment rendered by the Court.

4



27. Accordingly, Petitioners are entitled to the relief sought herein.

## CONCLUSION

Petitioners respectfully request that the Court grant the following relief:

(1)   issue an order confirming the Award;

(2)   enter a final judgment confirming the Award, holding Respondents jointly and severally liable to Petitioners;

(3)   award pre-judgment interest from the date of the Award until the date the Court enters a final judgment confirming the Award at a rate of 7.5% compounded quarterly and post-judgment interest at 4.25% until the judgment is paid;

(4)   retain jurisdiction to award Petitioners their reasonable attorney's fees and costs and further expenses incurred in these confirmation proceedings and in the collection and execution on any final judgment rendered by the Court; and

(5)   award all additional relief that the Court deems just and proper.

DATED:   October 20, 2022         Respectfully submitted,

BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: /s/ Justin B. Elegant
      Paul Steven Singerman
      Florida Bar No. 378860
      singerman@bergersingerman.com
      Justin B. Elegant
      Florida Bar No.: 0134597
      jelegant@bergersingerman.com

Attorneys for Petitioners *Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P*.

5

BERGER SINGERMAN

11700939-1