**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETRUSS MEDIA GROUP, LLC f/k/a TAKE 5 MEDIA GROUP, LLC, et al.<br><br>                Petitioners,<br><br>v.<br><br>ADVANTAGE SALES & MARKETING LLC, et al.,<br><br>                Respondents. | Case No. 1:22-cv-3278 |

**RESPONDENTS' INTERIM RESPONSE TO PETITIONERS' MOTION TO VACATE**

The Advantage Parties[1] respectfully submit this Interim Response to the Motion to Vacate or Set Aside Arbitration Awards (the "Motion to Vacate") filed by petitioners Petruss Media Group LLC, f/k/a Take 5 Media Group, LLC, Alexander Radetich, Richard Gluck, and RJV Marketing Corp. (the "Take 5 Parties").

The Advantage Parties have filed simultaneously with this Interim Response a Motion to Dismiss Petition to Vacate Arbitration Awards Due to a Separate Pending Action to Confirm Award or, in the Alternative, to Stay Petition and Motion to Vacate (the "Motion to Dismiss"). In the Motion to Dismiss, the Advantage Parties are asking the Court to exercise its discretion under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), to dismiss the Take 5 Parties' petition to vacate arbitration awards entered against them in favor of an earlier filed proceeding in Florida that seeks to confirm the awards and raises identical issues.

In light of the Motion to Dismiss, the Advantage Parties do not believe that their opposition to the Motion to Vacate is due, as the Motion to Dismiss explains why the Court should not hear that motion at all. It also would be inefficient to spend the time and resources in responding in the event the Court decides to abstain from consideration. In addition, we have placed the Take 5 Parties on notice of our intent under Rule 11 to bring a motion for sanctions if this case is not withdrawn (the "Rule 11 Letter"). The Advantage Parties sent the Rule 11 Letter on November 7, 2022, and the Take 5 Parties' have until November 28, 2022 to withdraw the Motion to Vacate and the petition to vacate the awards.

Accordingly, we request that the Court first consider the pending Motion to Dismiss and only if it subsequently determines that this matter should proceed, then set a date for a

---

[1] Respondents Advantage Sales & Marketing LLC ("Advantage"), Advantage Sales & Marketing Inc., Karman Intermediate Corp., and Karman Topco L.P.

2

substantive response. However, to avoid any risk of waiver, should the Court conclude that the Advantage Parties are required to substantively respond today, the basis for the awards by the Hon. James R. Eyler (Ret.) is fully set out in (1) his Interim Award, which is attached as Exhibit B to the Declaration of Michael H. Strub, Jr. filed on 11/14/2022 in support of the Motion to Dismiss, (2) the Advantage Parties' Post-Hearing Brief, which is attached as Exhibit A to that Declaration, and (3) the Rule 11 Letter, which the Take 5 Parties have received, and which we will provide to the Court immediately if the Court requests it. Collectively, these will be deemed the response to the Motion to Vacate.

November 14, 2022

Respectfully submitted,

*/s/ Sarah M. Gragert*
Sarah M. Gragert (No. 977097)
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004
Tel.: 202-637-2200
sarah.gragert@lw.com

Michael H. Strub, Jr.
(*Admitted pro hac vice*)
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Tel.: 949-383-2770
mstrub@ggtriallaw.com

*Attorneys for Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., and Karman Topco L.P.*