**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETRUSS MEDIA GROUP, LLC f/k/a TAKE 5 MEDIA GROUP, LLC, et al., | |
| *Petitioners*, | Case No. 1:22-cv-3278 |
| v. | |
| ADVANTAGE SALES & MARKETING LLC, et al., | |
| *Respondents.* | |

**REPLY IN SUPPORT OF MOTION TO VACATE ARBITRATION AWARDS**

This case presents a unique and compelling need for a federal court to vacate invalid arbitration awards. The opening brief (ECF No. 3-1) described in exacting detail over 45 pages and through 79 exhibits the six reasons why the arbitration Awards[1] challenged here must be vacated. Those reasons include the sole arbitrator refusing to stay the arbitration or postpone the hearing in light of a pending, parallel criminal investigation that the Advantage Parties instigated against petitioners Gluck and Radetich knowing they would be forced to assert their Fifth Amendment rights; refusing to account for the Advantage Parties' spoliation of critical evidence that would have proven the Take 5 Parties' positions; and entering Awards against a distinct entity (RJV Marketing Corp.) absent any evidence to support that determination. All of these caused the respondents' rights to be prejudiced and denied them access to a fair hearing. These are precisely the types of egregious improprieties for which Congress envisioned federal courts would vacate arbitration awards. In opposition, respondents say *nothing* on the merits. Instead, the Advantage

---

[1]    The defined terms used herein are the same ones used in petitioners' opening brief.

Parties provide "interim" reasons why they *should not be required to* respond on the merits in a timely manner. *See* ECF Nos. 16, 22.

It is not for an opposing party to choose whether and when to respond to arguments in a dispositive motion. Local Rule 7(b) provides that, within 14 days after a motion is filed or as the Court otherwise directs (which it has not), "an opposing party *shall* serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." D.D.C. Local Rule 7(b) (emphasis added). "The rule is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." *Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) (quoting *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014)); *see also Kone v. District of Columbia*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded." (quoting *Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010)). Indeed, "[i]t is well understood in this Circuit that when a plaintiff files an opposition … addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002).

The D.C. Circuit emphasized this standard in *Texas v. United States*. There, the State of Texas filed "a three-page 'Advisory' declaring that it was the prevailing party" and "that 'the State d[id] not intend to respond' to the motions for attorneys' fees 'unless requested to do so by the Court.'" 798 F.3d at 1113 (record citation omitted). The district court enforced Rule 7(b) over "that deliberate refusal to join the issues raised by the motions" and "concluded that Texas had waived any argument" not raised. *Id.* at 1113. The D.C. Circuit affirmed, affording "Local Rule

7(b) … the same respect" as any other "material failure to follow the rules in district court [that] dooms a party's case." *Id.* at 1113-1116. The same should apply. Every unaddressed argument—which is all of them—should be deemed conceded, and the Take 5 Parties' motion to vacate granted.

Beyond that, the reasons that the Advantage Parties give for their "deliberate refusal to join the issues raised by the motion[]" only confirm that "basic fairness requires" that Rule 7(b) be enforced here. *Texas*, 798 F.3d at 1113-1114.

*First*, the Advantage Parties argue (ECF No. 16 at 2) that, because they have filed a motion asking this Court to exercise its discretion to decline jurisdiction under the *Colorado River* doctrine (ECF No. 15), they have no obligation to respond to the motion to vacate while awaiting a decision. Simply, the Advantage Parties made the tactical decision not to address the substantial heft of the motion in the hopes that the absence of substantive opposition will persuade the Court to abdicate its "virtually unflagging obligation … to exercise the jurisdiction given to [it]." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But "no authority in the Federal Rules of Civil Procedure or in our Local Rules … grants a party liberty from filing an opposition to a motion because it has filed an earlier [motion]." *Fudali v. Pivotal Corp.*, 2010 WL 4910263, at *4 (D.D.C. Dec. 2, 2010). The Advantage Parties' choice—to try to buttress their *Colorado River* argument by not substantively responding to the motion to vacate—was deliberate, and the ordinary operation of Rule 7(b) should apply.

*Second*, the Advantage Parties argue that, because they sent a Rule 11 letter on November 7, 2022, and intend to file a motion for Rule 11 sanctions, they do not have to respond to the motion

to vacate in compliance with Local Rule 7(b).[2]  That argument is unsupportable. Rule 11 is not a tool to avoid responding on the merits in compliance with court rules. Rule 11 motions "should not be employed … to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for these purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing claims that are fairly debatable, [or] to increase the costs of litigation." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. But that is exactly what the Advantage Parties attempt to do. Rather than address the merits in a timely opposition, they attempt to use the fact of having sent a Rule 11 letter to excuse compliance with this Court's rules for opposing a motion.

Worse, the Advantage Parties' mention of the Rule 11 letter and apparently forthcoming motion is a violation of the rule. Rule 11(c) makes clear that a Rule 11 motion "must not be filed *or be presented to the court*" until at least "21 days after service." Fed. R. Civ. P. 11(c) (emphasis added); *see also Ahuruonye v. U.S. Dep't of the Interior*, 312 F. Supp. 3d 1, 26 (D.D.C. 2018). But the Advantage Parties waited only a week before rushing to the Court to announce that they sent a Rule 11 letter and intend to pursue Rule 11 sanctions and to argue that, because they propose to do so, they do not have to respond to the motion on the merits. Not only have the Advantage Parties violated Rule 11's safe-harbor provision and precluded Rule 11 sanctions (because a safe-harbor violation is a defect "that cannot be corrected" when "that 'bell' has already been 'rung'" (*In re Jumper*, 909 A.2d 173, 175 (D.C. 2006)), the fact that the Advantage Parties admit to sending such

---

[2]    To be clear, there has not been any violation of Rule 11 by petitioners or their counsel, and the substantial support provided for the motion to vacate demonstrates on its face the good-faith bases for seeking to vacate the Awards. We will fully address the lack of merit in respondents' position in due course should respondents choose to persist with the misplaced use of Rule 11.

a letter proves that they could have timely filed an opposition on the merits but made a calculated choice not to. Their apparent decision that maligning the opposing parties and their lawyers would be more effective than anything they could say on the merits confirms that the ordinary operation of Rule 7(b) should apply.

*Third*, it is no answer for the Advantage Parties to "deem[]" their substantive response to be found within a combination of the challenged Interim Award, their post-hearing brief before the arbitrator, and the privately transmitted Rule 11 letter that is not on file. Leaving the Court to piece together respondents' legal arguments from multiple documents is not a proper opposition memorandum of points and authorities (*see* D.D.C. L. R. 7(b), 7(e)), and "the court ha[s] no obligation to 'perform * * * legal research for [the opposing party]'" (*Texas*, 798 F.3d at 1115 (second and third alterations in original) (quoting *Stanciel v. Gramley*, 267 F.3d 575, 578 (7th Cir. 2001)). Nor is respondents' approach fair to the moving parties. Rule 7(b) is meant to "'ensure[] * * * that litigants argue their causes on a level playing field.'" *Id.* at 1113-1114 (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004)). The Advantage Parties have attempted to purposefully deny that right to the Take 5 Parties by refusing to respond on the merits.

What is more, none of these documents properly provides points and authorities opposing the motion to vacate. The 44-page Interim Award cannot and does not respond to the substantial grounds petitioners raised for vacating it (along with the Final Award and Modified Final Award), and, regardless, the motion to vacate itself thoroughly debunked the validity of the Interim Award, arguments to which the Advantage Parties have elected not to respond. The Advantage Parties' 110-page post-hearing brief filed before issuance of the Interim Award is likewise not responsive to the grounds stated for vacating the Interim Award (or the Final Award and Modified Final

Award, for that matter); indeed, it was filed before any award issued. And an un-filed Rule 11 letter is not an appropriate response either.

* * *

The Advantage Parties deliberately chose not to address the substance of the unique and compelling reasons for vacating the arbitral awards. Instead, respondents seek a tactical advantage as to their *Colorado River* argument, all the while smearing petitioners and their counsel. As in *Texas v. United States*, the Advantage Parties' "chosen strategy of backhanding the issues" in this Court can and should "backfire." *Texas*, 798 F.3d at 1115. By failing to respond to the substance of the motion to vacate, the Advantage Parties have conceded each ground for vacating the Awards. *Id.* Accordingly, the Take 5 Parties' motion to vacate should be deemed conceded, and the Court should enter final judgment in their favor for all the reasons explained in the motion to vacate.[3]

Dated: November 21, 2022                    Respectfully submitted,

                                            /s/ *Lisa M. Richman*
                                            Lisa M. Richman (No. 488693)
                                            Lauren H. Evans (No. 156152)
                                            MCDERMOTT WILL & EMERY LLP
                                            500 North Capitol Street NW
                                            Washington, DC 20001
                                            (202) 756-8000
                                            lrichman@mwe.com
                                            levans@mwe.com

                                            *Counsel for Petitioners Petruss Media Group,*
                                            *LLC f/k/a Take 5 Media Group, LLC,*
                                            *Alexander Radetich, Richard Gluck, and RJV*
                                            *Marketing Corp.*

---

[3]    Should the Court decline to apply Rule 7(b) and allow the Advantage Parties another chance to oppose the motion to vacate in substance at a later date, the Take 5 Parties expressly reserve their rights to file another reply.