# Exhibit 84

Filing # 160355059 E-Filed 11/01/2022 09:12:15 AM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

ADVANTAGE SALES &
MARKETING LLC, et al.,

    Petitioners,                            CASE NO. 50-2022-CA-010374

v.

PETRUSS MEDIA GROUP, LLC,
F/K/A TAKE 5 MEDIA GROUP,
LLC, et al.

    Respondents.
_____/

**RESPONDENTS' MOTION TO STAY OR ABATE**
**PENDING RESOLUTION OF FEDERAL ACTION**

      Respondents Petruss Media Group, LLC, f/k/a Take 5 Media Group, LLC, Alexander Radetich, Richard Gluck, and RJV Marketing Corp. (collectively the "Take 5 Parties") hereby respectfully move to stay or abate this proceeding pending resolution of Case Number 1:22-cv-03278 currently pending in the United States District Court for the District of Columbia.

**PRELIMINARY STATEMENT**

      Respondents seek to stay this action pending the resolution of their petition to vacate and motion to vacate currently pending in the United States District Court for the District of Columbia because jurisdiction attached first in the District of Columbia. Respondents properly served all of the Respondents in the District of Columba Action (Petitioners here), perfecting service in the District of Columbia prior to Petitioners' perfection of service in this action. As a result, the District of Columbia action takes priority. State and federal courts provide that a stay is appropriate where two identical actions are pending in courts with concurrent jurisdiction and that confirmation proceedings should be stayed pending resolution of motions to vacate. Here, both

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 11/01/2022 09:12:15 AM

Digitally signed by The Honorable Joseph Abruzzo
Date: 2022.11.26 18:50:01 -05:00
Clerk of the Circuit Court & Comptroller, Palm Beach Coun
Location: 205 N. Dixie Highway, West Palm Beach, FL 334

I HEREBY CERTIFY THAT THIS DOCUMENT IS A TRUE AND CORRECT COPY OF AN OFFICIAL RECORD OR DOCUMENT AUTHORIZED BY LAW TO BE RECORDED OR FILED IN THE OFFICE OF THE PALM BEACH COUNTY CLERK OF THE CIRCUIT COURT & COMPTROLLER. THIS DOCUMENT MAY HAVE REDACTIONS AS REQUIRED BY LAW.
VISIT https://appsgp.mypalmbeachclerk.com/Services/EcertifyService/Helper/VerifyImage.html TO VALIDATE THIS DOCUMENT

Unique Code : CAA-FBH-BCAJJ-CAAFHCGHB-FBBHDB-C Page 1 of 15

Unique Code : CAA-FBH-BCAJ-CAAFHCGHB-FBBHDB-C Page 2 of 15

are the case and there are no extraordinary circumstances warranting variation from these rules. Thus, this action should be stayed pending resolution of the District of Columbia action.

**FACTUAL AND PROCEDURAL BACKGROUND**

Respondents and Petitioners were parties to an arbitration administered by the American Arbitration Association captioned *In the Matter of the Arbitration 01-19-002-7532, Petruss Media Group, LLC, et al. v. Advantage Sales & Marketing, LLC, et al.* (the "Arbitration). The Arbitration took place pursuant to Section 10.11 of an Asset Purchase Agreement ("APA") executed by Petitioners and Respondents on or about March 15, 2018. *Exhibit A* t*o Dkt. No. 1* (*Petition to Confirm Arbitration Award and for Entry of Final Judgment*). The APA provided that the Arbitration would be conducted in accordance with AAA Rules, that "the Law applicable to any controversy shall be the Law of the State of Delaware regardless of principles of conflicts of Laws," and that discovery would be governed by the Federal Rules of Civil Procedure. *Id.* at § 10.11(b). By agreement of the parties the situs of the arbitration was moved to Washington, DC. *See Ex. C* at Ex. 64 at ¶ 1 ("Pursuant to ¶ 8 of the Parties' Joint Submission to the AAA on March 23, 2020, the evidentiary hearing shall be deemed to take place in Washington, DC"); *Id.* at Ex. 65 at 1 ("The situs of this proceeding is the District of Columbia.").

The Arbitration proceedings involved substantial discovery and motions practice over nearly three years and the evidentiary hearing took place over the course of sixteen days between January 2022 and July 2022. The Arbitrator issued an Interim Award on August 4, 2022 making determinations concerning liability and damages but deferring rulings on costs and fees. The Arbitrator issued a Final Award on October 4, 2022, incorporating the Interim Award and awarding certain costs and fees, and issued a Modified Final Award on October 20, 2022, correcting a typographical error in the Final Award (collectively the "Awards.") *Ex. C* at Ex. 1

Unique Code : CAA-FBH-BCAJJ-CAAFHCGHB-FBBHDB-C Page 3 of 15

(Interim Award); *Id.* at Ex. 5. The AAA sent the Modified Final Award to counsel by email on October 20, 2022 at 2:49 PM. *Ex. E*, *Correspondence from AAA to parties*.

Less than one hour later (at 3:37:11 PM) the same day, Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc. and Karman Topco L.P. (the "Advantage Parties") initiated this action by filing the Petition to Confirm Arbitration Award and for Entry of Final Judgment. *See Dkt. No. 1* (the "Petition"). The Petition seeks to confirm only the Modified Final Award under Chapter 682 of the Florida Statutes.

On October 26, 2022, the Take 5 Parties initiated an action in the United States District Court for the District of Columbia seeking to vacate both the Interim Award and Modified Final Award pursuant to 9 U.S.C. § 10. *See Exhibit A, Petition to Vacate or Set Aside Arbitration Awards* (ECF No. 1) (filed under seal); *Ex. B, Notice of Petition to Vacate or Set Aside Arbitration Awards* (ECF No. 1-7); *Ex. C, Composite Exhibit containing Declaration of Lauren H. Evans in Support of Take 5 Parties' Petition to Vacate or Set Aside Arbitration Awards and all exhibits thereto* (ECF Nos. 1-8 – 1-87) (filed under seal); *Ex. D, Composite Exhibit containing Motion to Vacate or Set Aside Arbitration Awards, Memorandum of Points of Law & Authorities in Support of Petitioners' Motion to Vacate Arbitration Awards, Declaration of Lauren H. Evans in Support of Take 5 Parties' Motion to Vacate or Set Aside Arbitration Awards and all exhibits thereto* (ECF Nos. 3 – 3-82) (filed under seal). On October 28, 2022, the District Court for the District of Columbia issued the summons for each of the Advantage Parties and service of the summons was made on Advantage Sales & Marketing, LLC and Advantage Solutions, Inc. later that same day through their registered agents. The service agents for the remaining parties were closed by the time the Take 5 Parties' process server arrived at their offices. Accordingly, on the next business day, Monday, October 31, 2022, the remaining Advantage Parties, Advantage Sales & Marketing,

Inc., Karman Intermediate Corp., and Karman Topco L.P. were properly served, through their registered service agents. The proof of service for each of the five entities was filed with the federal court on October 31, 2022. *See Ex. F, Composite Exhibit with Affidavits of Service for Advantage Parties* (ECF Nos. 7-11).

On October 28, 2022, the Petitioners attempted to serve Mr. Radetich's wife with a summons in this action for Mr. Radetich, individually, as well as for Petruss Media Group, LLC, f/k/a Take 5 Media Group, LLC ("Take 5"). On October 29, 2022, the Petitioners attempted to serve Mr. Richard Gluck's stepson with a summons in this action by throwing it over the gate of Mr. Gluck's home. While the service of Mr. Radetich appears to have been proper, statements by each of the individuals served suggest that service may have been improper pursuant to Fla. Stats. §§ 48.031 and 48.062. For example, service of Take 5 through Mr. Radetich's wife was likely not effective service because she is not authorized to accept such service, Mr. Radetich is not the registered agent of Take 5, and there no circumstances which made it permissible to serve a limited liability company through the spouse of a former manager at his residence, the address of which is not listed for the company.[1]

On November 1, 2022, counsel for RJV Marketing Corp. accepted service for RJV in order to facilitate the filing of this motion and the Respondents' Motion to Vacate within the time period mandated by 9 U.S.C. §12.

---

[1] As set forth in Respondent's Motion to Quash, the affidavits of service are not yet available for each of the Respondents making it nearly impossible for them to fully challenge the sufficiency of process at this early stage of the proceeding. However, on their face, the facts surrounding the service of Take 5 and Mr. Richard Gluck suggest improper service sufficient to bring a motion to quash the summons and/or a motion to dismiss. Respondents reserve the right to argue that service on Mr. Radetich, Mr. Gluck, and Take 5 was improper under Florida law and to amend their motion to quash or motion to dismiss to provide additional facts in support of their arguments as such facts become available.

Unique Code : CAA-FBH-BCAJ-CAAFHCGHB-FBBHDB-C Page 4 of 15

Unique Code : CAA-FBH-BCAJ-CAAFHCGHB-FBBHDB-C Page 5 of 15

## ARGUMENT

### I. The FAA Applies

The FAA applies to "a written provision in . . . a contract evidencing a transaction involving commerce . . . ." 9 U.S.C. § 2. The statute defines "commerce" as "commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia." 9 U.S.C. § 1. The Arbitration was and continues to be governed by the FAA as it involves a contract, the APA, evidencing a transaction in interstate commerce because the APA provided for the acquisition of a Florida entity, Take 5, by a California entity, Advantage Sales & Marketing, LLC, and the assets acquired concerned the provision of digital marketing services across the entire United States. *See Ex. C* at Ex. 5; *see also Petition* at ¶ 13 ("The Petitioners are California residents"), ¶ 14 ("The Respondents are Florida residents or Florida entities"). During the course of the Arbitration the Arbitrator acknowledged that the FAA applied. *Ex. C* at Ex. 11 at 3 ("Because it involves interstate commerce, this matter is also governed by the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq.").

The FAA provides that "the United States court <u>in and for the district wherein the award was made</u> may make an order vacating the award upon the application of any party to the arbitration." 9 U.S.C. § 10 (emphasis added). The statute then lays out the four statutory grounds for vacatur. *Id.* The Interim Award and Modified Final Award were made in the District of Columbia. *Ex. C* at Ex. 64 at ¶ 1; *Id.* at Ex. 65 at 1.

Further, the APA provides that "judgment upon the award rendered by the Arbitrator may be entered in any court having jurisdiction thereof." *See Ex. A* at § 10.11(b). As a result, the Take 5 Parties moved to vacate the Interim Award and Modified Final Award in the United States district court in and for the district where the award was made, the United States District Court for the

District of Columbia, as set forth in the FAA. Notably, the Petitioners have not sought separately to confirm the Interim Award. Accordingly, it was proper and, strictly speaking, required for the Respondents to seek vacatur of the Interim Award in the District of Columbia, where that award was made.

The FAA further provides that notice of a motion to vacate must be served upon the adverse party or his attorney within three months after the award is filed or delivered. 9 U.S.C. § 12. Because the Take 5 Parties seek to vacate the Interim Award, in addition to the Modified Final Award, the Take 5 Parties' were required to serve notice of a motion to vacate on the Advantage Parties on or before November 2, 2022, three months from the issuance of the Interim Award on August 4, 2022. The Take 5 Parties timely served such notice on the Advantage Parties on October 28 and October 31, 2022, in compliance with the FAA.

II.     **The District Court for the District of Columbia Action has Priority**

"Where a state and federal court have concurrent jurisdiction over the same parties or privies and the same subject matter, the tribunal where jurisdiction first attaches retains jurisdiction exclusively and will be left to determine the controversy and to fully perform and exhaust its jurisdiction and to decide every issue or question properly arising in the case." *Shooster v. BT Orlando Ltd. P'ship*, 766 So. 2d 1114, 1115 (Fla. 5th DCA 2000) (*citing Wade v. Clower*, 114 So. 548, 551 (Fla. 1927)). Florida does not "apply a bright-line 'first-filed' test to resolve questions of competing jurisdictions in concurrent jurisdiction. . . priority hinges on the court's exercise of jurisdiction." *OPKO Health, Inc. v. Lipsius*, 279 So. 3d 787, 792-93 (Fla. 3d DCA 2019) (stating that a Delaware court had exercised jurisdiction before the Florida court because service was perfected in the Delaware action first and thus it was "clear" that "the ball [was] rolling" in Delaware before Florida."). Florida courts hold that jurisdiction attaches or is exercised when

Unique Code : CAA-FBH-BCAJ-CAAFHCGHB-FBBHDB-C Page 6 of 15

Unique Code : CAA-FBH-BCAJ-CAAFHCGHB-FBBHDB-C Page 7 of 15

service is <u>perfected</u>. *Shooster*, 766 So. 2d at 1115 (Fla. 5th DCA 2000) (citing *Mabie v. Garden St. Mgmt., Corp.*, 397 So. 2d 920 (Fla. 1981)).  Thus, when actions between the same parties are pending in different courts, jurisdiction lies where service was first <u>perfected</u> against all parties. *Id.*; *see also Reuther v. Reuther*, 524 So. 2d 1035 (Mem) (Fla. 4th DCA 1988) (finding that jurisdiction attached in Germany first because service of process was first perfected there).  Florida law further holds that in order for service to be perfected, <u>all</u> defendants must properly be served, not just one or some.  *See Fasco Indus., Inc. v. Goble*, 678 So. 2d 916, 917 (Fla. 5th DCA 1996).

The facts in *Shooster* are particularly instructive here.  There, a party filed an action in Orange County Florida on July 9, 1999 but service was not perfected until July 30, 1999.  766 So. 2d at 1115.  Meanwhile, on July 22, 1999 the other party filed an action in federal court and service was perfected in that action on July 26, 1999.  *Id.*  The court determined that even though the Florida state action had been filed first, jurisdiction attached first in the federal case because service was perfected for the federal action first.  *Id.* at 1116.  Thus, the court quashed an order vacating a stay of the state action, finding that the stay was warranted.  *Id.*  The *Shooster* court additionally noted that the Florida Supreme Court in *Wade v. Clower* stated that "a stay of the [state] action should be 'the usual practice' in the interest of state-federal comity."  *Id.*

The same situation was presented in *OPKO*, where a Florida state court action was filed in September 2018 and a Delaware action was filed the following month, in October 2018.  279 So. 3d at 789.  The court found that the Delaware action took priority and had exercised jurisdiction first because service was perfected in the Delaware action before the earlier-filed Florida action.  *Id.* at 793.

This state action and the federal action pending in the District of Columbia involve the identical parties and identical subject matter, although the federal action in the District of Columbia

-7-

Unique Code : CAA-FBH-BCAJJ-CAAFHCGHB-FBBHDB-C Page 8 of 15

also includes additional issues (by virtue of the Respondents' petition to vacate the Interim Award as well). The same nine parties appear on each side of the v. and the issues concern the Modified Final Award and the underlying Arbitration, along with the Interim Award (in the District of Columbia action). Thus, the Court must look to principles of priority and comity in determining which court should proceed with this controversy. Jurisdiction first attached in the United States District Court for the District of Columbia. Accordingly, the District of Columbia is where the action should proceed.

The Respondents acknowledge that the Florida action was filed first, however, service was perfected first in the District of Columbia action. Though the Petitioners did serve one party to this action, Mr. Radetich, first, Florida law plainly requires service of *all* defendants (or respondents) in order to perfect service and for jurisdiction to attach. *Fasco*, 678 So. 2d at 917 (Fla. 5th DCA 1996). Here, the Take 5 Parties first served all Respondents in the District of Columbia action on or before October 31, 2022, perfecting service. The Advantage Parties did not do this, failing to serve RJV prior to the Take 5 Parties' perfection of service, and improperly serving Take 5 and Mr. Gluck. *See Respondents' Motion to Quash.*

Though one court evaluated priority by determining who got "[t]he ball [] rolling" first, rather than looking purely to perfection of service, even under that standard jurisdiction attached first in the District of Columbia. *See Perelman v. Est. of Perelman*, 124 So. 3d 983 (Fla. 4th DCA 2013) (finding that Pennsylvania court first exercised jurisdiction by issuing a notice to counsel). Here, both actions are in the early stages. Thus, the court should look to the only differentiating factors in determining where the ball is rolling: (i) the perfection of service first in the District of Columbia; (ii) the filing of additional papers in the District of Columbia action, including Respondents' Motion to Vacate and supporting Memorandum of Law; and (iii) the additional

factual issue in the District of Columbia concerning the Interim Award. The Court should evaluate this action just as the Third District Court of Appeal did in *OPKO*, determining that the earlier perfection of service in the District of Columbia, combined with these other factors, makes it "clear" that the ball was rolling first in the District of Columbia federal case. 279 So. 3d at 793. Further, the District of Columbia is the most appropriate venue for this action pursuant to the APA and applicable law. As discussed above, the Arbitration was governed by the FAA and thus the FAA is applicable to any proceedings to confirm or vacate the Awards. Under the FAA, the appropriate venue for the Take 5 Parties to seek to vacate the Awards is the District of Columbia. In order to comply with this statute, the Take 5 Parties initiated their action to vacate in the District of Columbia. This was in part necessitated by the fact that the Advantage Parties' Petition only seeks to confirm the Modified Final Award, not the Interim Award. As set forth in their Petition to Vacate or Set Aside Arbitration Awards and Motion to Vacate in the federal action, as well as in the Counterclaims filed in this action, the Take 5 Parties believe the Interim Award was fundamentally flawed and numerous of its findings were in manifest disregard of the law, necessitating vacatur. Because this action does not concern the Interim Award, the Take 5 Parties had no choice but to file a separate action seeking to vacate the Interim Award in the venue set forth in the FAA.

For avoidance of doubt, the Take 5 Parties do not contend that this Court is an improper venue for the Advantage Parties' Petition. Further, the Take 5 Parties do not challenge the Advantage Parties' decision to initiate this action in Florida, despite the fact that venue is improper in this Court with respect to RJV Marketing Corp., because it resides in Miami-Dade County, not Palm Beach. However, in order to comply with the applicable law and preserve its rights, particularly concerning the Interim Award, the Take 5 Parties were required to initiate an action

in the District of Columbia, where they perfected service first. As a result, the action in the United States District Court for the District of Columbia has priority and should be adjudicated first.

**III.    Good Cause Exists to Stay and the Advantage Parties will Not be Prejudiced**

Florida law provides that "[a] grant of stay is appropriate where two actions are pending simultaneously which involve the same parties and substantially the same causes of action." *Robinson v. Royal Bank of Can.*, 462 So. 2d 101, 102 (Fla. 4th DCA 1985). This principle is based not only on comity between courts, but is to prevent unnecessary litigation and multiplicity of suits. *Hirsch v. DiGaetano*, 732 So. 2d 1177, 1178 (Fla. 5th DCA 1999). "Absent, extraordinary circumstances, . . . a trial court abuses its discretion when it fails to respect the principle of priority." *Id.*; *see also Robinson*, 462 So. 2d at 102 ("The trial court clearly departed from the essential requirements of law by refusing to decline jurisdiction as a matter of comity.").

Further, the FAA explicitly provides for a stay of confirmation proceedings in situations such as this, stating:

> For the purposes of the motion [to vacate, modify, or correct an award] any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of the motion, staying the proceedings of the adverse party to enforce the award.

9 U.S.C. § 12.

The Eleventh Circuit acknowledged this in *McLaurin v. Terminix International Company*, where the court stated that when a party files a motion to confirm the other "party can also take up to three months from the arbitration award to file a separate motion to vacate . . . [a]nd if the losing party files a timely motion, it may ask the court to stay the proceedings to confirm the award until the court rules on the separate motion to vacate." 13 F.4th 1232, 1239 (11th Cir. 2021).

As set forth above, this action and the District of Columbia action involve the same nine parties and the same legal issues. The only differences are that the Take 5 Parties' seek to vacate

-10-

Unique Code : CAA-FBH-BCAJJ-CAAFHCGHB-FBBHDB-C   Page 10 of 15

both Awards and the Advantage Parties seek to confirm just one award. However, the factual record and issues contemplated by the Florida action are the same as those covered by the District of Columbia action.[2]

Florida courts have acknowledged that trial courts have the discretion to deny a stay where the need for state-federal comity is outweighed by certain factors such as congestion of the federal court docket. *City of Miami Beach v. Miami Beach Fraternal Ord. of Police*, 619 So. 2d 447, 448 (Fla. 3d DCA 1993). Here, there are no extraordinary circumstances or factors outweighing comity. This is an action concerning an arbitration under Delaware and federal law, which took place in Washington D.C. There is no evidence to suggest this action should not or could not be appropriately handled by the District Court of the District of Columbia.

Furthermore, the only extraordinary factors at issue weigh in favor of the Take 5 Parties. First, as discussed, the Petition in this action does not discuss the Interim Award. The Take 5 Parties not only seek to vacate the Interim Award, but many of their legal arguments for vacatur are based upon the statements and findings set forth in that Award. Absent the ability to challenge the Interim Award, the Take 5 Parties would be seriously prejudiced.

Second, under Florida law certain legal arguments may not be available to the Take 5 Parties should this case proceed in Florida court. For example, the Take 5 Parties have moved to vacate in the District of Columbia, in part, on the common law ground of manifest disregard of the law. However, manifest disregard of the law, which is a permissible basis to seek vacatur under

---

[2] The Take 5 Parties' note that the District of Columbia federal action includes additional issues concerning the Interim Award not at issue here, absent the Take 5 Parties' motion to vacate filed today in an effort to preserve all rights under 9 U.S.C. § 12, should this Court decide to proceed with this action. The deadline to file a motion to vacate the Interim Award is no later than November 2, 2022, barring which Respondents' arguments concerning vacatur of the Awards would otherwise be waived.

Third Circuit, District of Columbia, and Delaware precedent, does not appear to be available under Florida and Eleventh Circuit law. *Bellantuono v. ICAP Secs. USA, LLC*, 557 F. App'x 168, 174 (3d Cir. 2014) (acknowledging circuit split on issue); *Regenery Pub., Inc. v. Miniter*, 368 F. App'x 148, 149 (D.C. Cir. 2010) ("[a]ssuming without deciding that the 'manifest disregard of the law' standard survives *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 [] (2008)"); *SPX Corp. v. Garda USA, Inc.*, 94 A.3d 745, 750 (Del. 2014) ("Under the FAA, vacatur is authorized where the arbitrator acts in 'manifest disregard' of the law."). Though this should not matter given the application of Delaware law to this proceeding, should this court decline to extend the manifest disregard standard available in the applicable federal courts and Delaware to this action, proceeding in the Florida courts would prejudice the Take 5 Parties.

       Third, it is <u>Respondents</u>, the Take 5 Parties, who are the Florida residents not the Petitioners. Yet, it is the Take 5 Parties who seek to litigate in the District of Columbia. The Advantage Parties are not Florida residents and have no ties to this jurisdiction. Further, this action does not involve issues of Florida law. Obviously, litigating an action in the hometown of three of the four Take 5 Parties would be more convenient to them, however, they maintain that the District Court for the District of Columbia has priority and is the most appropriate venue for this action because that is the law. Additionally, the Advantage Parties, which are based in California and Delaware, are not prejudiced by a stay of a proceeding in a court in a jurisdiction to which they have no connection nor are they prejudiced by litigating an action in the District of Columbia, to which they agreed as the situs of a hearing which lasted sixteen days earlier this year.

       Finally, the Advantage Parties represent in their Petition that "[t]he Court is required to confirm the Award unless the Award is vacated, modified, or corrected. No such motion or request has been filed by Respondents." *Petition at* ¶ 24. While this statement may have been true forty-

Unique Code : CAA-FBH-BCAJJ-CAAFHCGHB-FBBHDB-C Page 13 of 15

eight minutes after the Arbitrator issued the Modified Final Award when the Advantage Parties filed the Petition, it is no longer the case. The Take 5 Parties have timely moved to vacate, both in the District Court for the District of Columbia and now in this action in order to preserve their rights. The FAA and RFAC provide that a motion to confirm should be granted unless an award is vacated. 9 U.S.C. § 9; Fla. Stat. § 682.12. Here, a motion to vacate is currently pending. Both the FAA and federal courts provide that the" best practice" in this instance is to stay the confirmation proceeding until the motion to vacate is resolved. 9 U.S.C. § 12; *McLaurin,* 13 F.4th at 1239. Thus, this Court cannot and should not proceed with the Advantage Parties' request to confirm until the motion to vacate is resolved either by the federal court or this Court.

## CONCLUSION

For all the foregoing reasons, the Respondents respectfully request that the Court grant their motion to stay or abate this action pending resolution of the action captioned *Petruss Media Group, LLC, f/k/a Take 5 Media Group, LLC, et al. v. Advantage Sales & Marketing, LLC, et al.*, No. 1:22-cv-03278 currently pending in the United States District Court for the District of Columbia.

-13-

Unique Code : CAA-FBH-BCAJJ-CAAFHCGHB-FBBHDB-C Page 14 of 15

Dated:  November 1, 2022               Respectfully submitted,

/s/ *Lauren H. Evans*
Lauren H. Evans (Fla. Bar No. 125671)
Lisa M. Richman (*pro hac vice* pending)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
202.756.8000
202.756.8087 fax
levans@mwe.com
lrichman@mwe.com

*Attorneys for Respondents Petruss Media Group, LLC, f/k/a Take 5 Media Group, LLC, Alexander Radetich, Richard Gluck, and RJV Marketing, Corp.*

-14-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record via Florida Courts eFiling Portal this 1st day of November, 2022.

*/s/ Lauren H. Evans*
Lauren H. Evans

Unique Code : CAA-FBH-BCAJJ-CAAFHCGHB-FBBHDB-C Page 15 of 15