IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETRUSS MEDIA GROUP, LLC, f/k/a TAKE 5 MEDIA GROUP, LLC,<br><br>Petitioners,<br><br>v.<br><br>ADVANTAGE SALES & MARKETING LLC,<br><br>Respondents. | Case No. 1:22-cv-3278 |

**NOTICE OF MOTION AND MOTION FOR SANCTIONS
UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND TO
DISMISS ACTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE

**NOTICE THAT** Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P. (the "Advantage Parties") will move and hereby move this Court for an order imposing sanctions jointly against Petitioners Petruss Media Group LLC, f/k/a Take 5 Media Group, LLC, Alexander Radetich, Richard Gluck, and RJV Marketing Corp. (the "Take 5 Parties") and their attorneys, Lisa Richman and Lauren H. Evans, and their law firm McDermott Will & Emery (the "Take 5 Parties' counsel"), pursuant to Rule 11 of the Federal Rules of Civil Procedure, and to dismiss the above-captioned action.

The motion is based on the Take 5 Parties' violation of Rule 11(b)(1), (b)(2), (b)(3), and (b)(4) of the Federal Rules of Civil Procedure, namely the decision to continue to prosecute the Petition to Vacate or Set Aside Arbitration Awards (ECF No. 1), the Motion to Vacate or Set Aside Arbitration Awards (ECF No. 3) (collectively, the "Petition to Vacate"), and the

Memorandum of Points of Law and Authorities in Support of the Petition to Vacate (ECF No. 3-1) ("Memorandum") even though a reasonable inquiry under the circumstances would indicate that:

(1) the Petition and Memorandum are not being presented for a proper purpose, but instead are being presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions in the Petition and Memorandum are not warranted by existing law nor by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the Petition and Memorandum are based on factual contentions that have no evidentiary support nor will have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the Petition and Memorandum are based on denials of factual contentions that are not warranted by the evidence nor are reasonably based on belief or a lack of information.

The basis for the foregoing violation is that, as detailed in the November 7, 2022 letter to the Take 5 Parties' counsel and the accompanying Memorandum of Points and Authorities, the Petition to Vacate and Memorandum are entirely frivolous and completely without even arguable merit as against the Advantage Parties.

The sanctions requested by this motion include, as warranted for effective deterrence, an order dismissing this action and directing payment to the Advantage Parties of all the reasonable attorney's fees and other expenses directly resulting from the violation, as well as any other nonmonetary sanctions the Court deems appropriate. The Advantage Parties further request an award of their reasonable expenses, including attorney's fees, incurred for this motion.

Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, the Advantage Parties served a notice and motion, along with a safe harbor letter, 21 days before bringing this motion.

December 27, 2022                                     Respectfully submitted,

                                                                                                      _____
Michael H. Strub, Jr.
(*Admitted pro hac vice*)
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Tel.: 949-383-2770
mstrub@ggtriallaw.com

Sarah M. Gragert (No. 977097)
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004
Tel.: 202-637-2200
sarah.gragert@lw.com

*Attorneys for Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P.*