# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETRUSS MEDIA GROUP, LLC f/k/a TAKE 5 MEDIA GROUP, LLC, et al.<br><br>Petitioners,<br><br>v.<br><br>ADVANTAGE SALES & MARKETING LLC, et al.,<br><br>Respondents. | Case No. 1:22-cv-3278 |

**DECLARATION OF MICHAEL H. STRUB, JR., IN SUPPORT OF RESPONDENTS' MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND TO DISMISS ACTION**

## DECLARATION OF MICHAEL H. STRUB, JR.

I, Michael H. Strub, Jr., declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and am an inactive member of the District of Columbia bar (Bar No. 460268). I am with the law firm of Greenberg Gross LLP, counsel of record in this action for Respondents Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P. (the "Advantage Parties"). The facts stated herein are within my personal knowledge and, if called upon to testify, I can truthfully and competently do so as to all matters herein.

2. Attached hereto as Exhibit A is a true and correct copy of the Hearing Transcript of the hearing on the Take 5 Parties' request for a stay of proceedings, presided over by Judge James R. Eyler on June 29, 2021, in the matter styled *Petruss Media Group, LLC, f/k/a/ Take 5 Media Group, LLC v. Advantage Sales and Marketing, LLC, et al.*, AAA Case No. 01-19-0002-7532 (the "Arbitration").

3. Attached hereto as Exhibit B is a true and correct copy of the AAA Arbitration Answering Statement and Counterclaim Or Joinder/Consolidation Request, submitted on September 19, 2019.

4. Attached hereto as Exhibit C is a true and correct copy of Advantage Parties' Petition to Confirm the Award and for Entry of Final Judgment, filed on October 20, 2022, in Florida state court in Palm Beach, Florida.

5. Attached hereto as Exhibit D is a true and correct copy of an October 20, 2022 e-mail that I sent to Lisa Richman, Dennis Richards, and Melissa Mackiewicz, counsel for the Take 5 Parties.

6.  Attached hereto as Exhibit E is a true and correct copy of an October 25, 2022 e-mail that I received from Ms. Richman.

7.  Attached hereto as Exhibit F is a true and correct copy of my November 7, 2022 letter to Ms. Richman, which included a Notice of Motion and Motion for Sanctions under Rule 11.

8.  Attached hereto as Exhibit G is a true and correct copy of a letter that I received from Ms. Richman on November 28, 2022.

9.  I sent Ms. Richman a version of the Advantage Parties' Notice of Motion and Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure, Memorandum of Points and Authorities in Support of Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure, this declaration, and exhibits referenced herein, on December 16, 2022, to inform them that the Advantage Parties intended to file the motion for sanctions and supporting memorandum the following business day, on December 19, 2022, unless the Take 5 Parties withdrew the Petition to Vacate or Set Aside Arbitration Awards (ECF No. 1) (cited as "Pet."), a Motion to Vacate or Set Aside Arbitration Awards (ECF No. 3) (collectively, the "Petition to Vacate"), and a Memorandum of Points of Law and Authorities in Support of the Petition to Vacate (ECF No. 3-1) (the "Memorandum").  The Advantage Parties waited until December 27, 2022 to file the motion to give the Take 5 Parties and their counsel an additional opportunity to consider withdrawing the Petition to Vacate and Memorandum.

10. Attached hereto as Exhibit H is a true and correct copy of the Advantage Parties' letter brief in opposition to the Take 5 Parties' Motion for an Adverse Inference and Sanctions for Spoliation of Evidence, Motion to Remedy Advantage's Obstreperous Refusal to Comply with Orders, and Daubert Motion to Preclude Expert Testimony of Advantage's FTI Consulting,

Inc. Expert Witnesses Michael Wei and David Lasater, submitted on January 10, 2022, at Arbitration.

11. Attached hereto as Exhibit I is a true and correct copy of the Take 5 Parties' reply letter brief in support of their Daubert Motion to Preclude Expert Testimony of Advantage's FTI Consulting, Inc. Expert Witnesses Michael Wei and David Lasater, and Motion for an Adverse Inference and Sanctions for Spoliation of Evidence, submitted on January 14, 2022, at Arbitration.

12. Attached hereto as Exhibit J is a true and correct copy of the certified copy of the Arbitration Hearing Transcript for the December 20, 2021 hearing on the parties' motions for summary judgment.

13. Attached hereto as Exhibit K is a true and correct copy of relevant excerpts from the certified copy of the Deposition Transcript of Michael Boy, taken on May 18, 2021, at Arbitration.

14. Attached hereto as Exhibit L is a true and correct copy of the admitted Arbitration Hearing Exhibit A-99, which is an April 29, 2015 e-mail communication between A. Radetich and D. Johnson, *et al.*

15. Attached hereto as Exhibit M is a true and correct copy of the admitted Arbitration Hearing Exhibit A-56, which is a July 5, 2017 e-mail communication from E. Hodgens to Mr. Radetich, Mr. Morris, Ms. Jenkins, *et al.*

16. Attached hereto as Exhibit N is a true and correct copy of the admitted Arbitration Hearing Exhibit A-15, which is a March 31, 2019 text message thread between M. Benjoseph and A. Radetich.

17. Attached hereto as Exhibit O is a true and correct copy of the admitted Arbitration Hearing Exhibit A-743, which is a May 2, 2016 e-mail communication between A. Radetich and T. Finger.

18. Attached hereto as Exhibit P is a true and correct copy of the admitted Arbitration Hearing Exhibit A-184, which is a June 5, 2019 e-mail communication between A. Radetich and T. Coker, *et al.*

19. Attached hereto as Exhibit Q is a true and correct copy of the admitted Arbitration Hearing Exhibit A-185, which is a November 14, 2014 e-mail communication between A. Radetich and J. Cloyes.

20. Attached hereto as Exhibit R is a true and correct copy of the admitted Arbitration Hearing Exhibit A-186, which is a March 6, 2015 e-mail communication between A. Radetich and M. Angelis.

21. Attached hereto as Exhibit S is a true and correct copy of the admitted Arbitration Hearing Exhibit A-187, which is an April 3, 2015 e-mail communication between A. Radetich and S. Albert, *et al.*

22. Attached hereto as Exhibit T is a true and correct copy of the admitted Arbitration Hearing Exhibit A-188, which is an April 8, 2015 e-mail communication between A. Radetich and H. Speizman, *et al.*

23. Attached hereto as Exhibit U is a true and correct copy of the admitted Arbitration Hearing Exhibit A-189, which is an April 21, 2015 e-mail communication between A. Radetich, R. Gluck and T. Finger.

24. Attached hereto as Exhibit V is a true and correct copy of the admitted Arbitration Hearing Exhibit A-190, which is a November 9, 2015 e-mail communication between A. Radetich and J. Gluck.

25. Attached hereto as Exhibit W is a true and correct copy of the parties' mutual designations of the excerpts from the Deposition Transcript of Christopher Brown, taken on June 23, 2021, at Arbitration.

26. Attached hereto as Exhibit X is a true and correct copy of the parties' mutual designations of the excerpts from the Deposition Transcript of Mary Jo Benjoseph, taken on April 26 and April 27, 2021, at Arbitration.

27. Attached hereto as Exhibit Y is a true and correct of a letter that I received from Ms. Richman on November 9, 2022.

28. Attached hereto as Exhibit Z is a true and correct copy of an email that I received from Ms. Richman on December 17, 2022.

29. On December 21, 2022, Sarah Gragert and I participated in a conference call with Ms. Richman to discuss the Rule 11 motion. Attached hereto as Exhibit AA is a true and correct copy of my December 21, 2022 email to Ms. Richman that accurately summarizes our discussions.

30. Attached hereto as Exhibit BB is a true and correct copy of an email that I received from Ms. Richman on December 23, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on December 27, 2022.

Michael H. Strub Jr.