Case No. 1:22-cv-3278

EXHIBIT AA

| | |
|---|---|
| **From:** | Michael H. Strub |
| **Sent:** | Wednesday, December 21, 2022 4:01 PM |
| **To:** | 'Richman, Lisa' |
| **Cc:** | Evans, Lauren; Sarah.Gragert@lw.com; Edward A. Danielyan; Desiree N. Murray; Cheryl Winsten |
| **Subject:** | RE: Rule 11 Motion |

Lisa,

Thank you for the call this morning. As we expressed, we do not take this Rule 11 motion lightly and, indeed, I cannot recall ever bringing one before in my career. But for the reasons we have shared in writing and over the phone, the claims being asserted here call for such an extraordinary remedy. We recognize that you were not involved in the arbitration and are new to the issues and may not have appreciated the frivolous nature of the arguments for which your clients were pushing. However, we had hoped that with passage of the safe harbor notice period, you would have familiarized yourself sufficiently with the record to better understand these issues. After more than six weeks since receiving our letter, however, it appears that your position has not changed.

That said, given the gravity of the motion, we still want to make sure you have had appropriate time to reconsider some or all of the positions you and your client have taken. For that reason, we sent you the completed draft last Friday in advance of an anticipated Monday filing. We also agreed to further delay the filing until Thursday of this week to permit the parties to confer today, in case we could provide any additional clarification of the underlying arbitration record. You did not have any such questions, however. We also asked you on the call today whether it would make any difference if we provided additional time for you to further investigate, but you indicated that it would not make a difference.

In a similar vein, both in your prior email and on the call today, you expressed concern that the draft motion that we sent last week differed from the letter we sent on November 8, 2022. We disagree and believe that the letter provided adequate notice of all issues raised in the motion. But again, we don't want this to be about procedural gamesmanship and want to ensure that you have adequate time to meaningfully consider the issues we raised. Accordingly, we asked you for clarification of what you believed to be new so that we could assess whether more time would be appropriate. You again declined, choosing not to confer on the issue, informing us that you did not want to preview your reasons why you believed the motion was procedurally defective. The only example you would provide is one piece of evidence that was included in the draft motion—a statement by FTI auditor Chris Brown that he heard Mr. Radetich admit to committing fraud—but this does not alter any issue raised in our letter, nor did you state that you would reconsider your argument that this evidence did not exist.

Finally, we again pressed for any authority whatsoever that supports your clients' efforts to overturn a reasoned arbitration award with respect to the specific issues that you raised. For example, you argued in the Petition to Vacate that Mr. Radetich and Mr. Gluck were prejudiced because they invoked their Fifth Amendment rights after Judge Eyler refused to grant a stay. I reminded you that Mr. Radetich and Mr. Gluck had not been indicted and that the cases overwhelmingly hold that a stay should not be granted in those circumstances, so the argument would not prevail even in an ordinary appeal. Here, the Award is further insulated by the discretion that the Court must give to Judge Eyler's decision to grant the stay. I also reiterated that Mr. Radetich and Mr. Gluck were not prejudiced because they asked for a six-month stay and the arbitration started seven months later. I asked whether you at least agreed with the premise that Mr. Radetich and Mr. Gluck had to show

prejudice as stated in 9 U.S.C. § 10(a)(3), and you said that you were not prepared to discuss the issue further beyond repeating that they were prejudiced because they could not testify.

I also recounted the history of the parties' dispute regarding Google Analytics. Again recognizing that you likely aren't as familiar with the record, I explained that the Take 5 Parties raised this issue long after the close of discovery and that the Advantage Parties did not spoliate or destroy that information. The reason that the Advantage Parties were not able to access Take 5's Google Analytics account was because the Advantage Parties did not have the password to that account; this was information known to Take 5's IT employee (Cruze Mair), whom we had not been able to locate. I also said that Beth Jenkins, who was represented by the Take 5 Parties' counsel, almost certainly knew that password and could have given it to Take 5's counsel. She refused to testify when the Advantage Parties subpoenaed her. I also reiterated the point in our brief that the issues relating to Google Analytics were extensively briefed and explained why Judge Eyler correctly decided that the information in Take 5's Google Analytics was immaterial.

I asked you to cite a single case in which an arbitral award was overturned in this circumstance, and you referred me to *Lindsey v. Travelers Com. Ins. Co.*, No. 219CV01855KJMCKD, 2022 WL 12071302 (E.D. Cal. Oct. 20, 2022). The facts of *Lindsay*, however, are not remotely similar to those here. In that case, a black employee sued his employer for discrimination under California's Fair Employment and Housing Act arguing that he was being paid less than similarly qualified white employees. The arbitrator refused to order the employer to disclose how much it was paying its employees and then granted summary judgment in favor of the employer. *Id.* at *3. That is, the arbitrator prevented the employee from obtaining the only evidence that would support his claim—beyond his own testimony—and then summarily ruled in favor of the employer based on lack of evidence. Here, Judge Eyler found that the information was irrelevant and had a 15-day hearing during which voluminous evidence of the fraud was presented.

We also discussed the issue that you raised in the Petition concerning the payments to Schlam Stone and Bozorgi Law. You were not able to identify any authority whatsoever in which a court held that paying a witness's attorney's fees was improper.

As I said during the call, and as I am reiterating here, we would not file this motion if we had any alternative that would protect our clients' interests, but we are not providing adequate representation to our clients if we allow Mr. Radetich and Mr. Gluck to act with impunity in doing everything they can to delay the Advantage Parties' recovery regardless of the merits. Moreover, the Advantage Parties should not have to pay legal fees engendered by these actions. Indeed, I am concerned that if we do not take steps to try to stop them from doing this, it will embolden them. That said, after further discussion with our team and our client, we have decided that we would be willing to refrain from filing the Rule 11 motion if Take 5 Parties are willing to dismiss the action in D.C. and proceed in Florida. Our reluctance in making this proposal is that you will argue that this is proof that the Rule 11 motion is simply a tactical ploy to obtain the substantive relief that we are seeking in D.C. I assure you that it is not. As you know, we have the motion fully drafted and were prepared to file it this past Monday, but for your request that we delay. This is simply a last-ditch effort to avoid bringing a motion that we very much do not want to file.

Please let us know by Friday, December 23, 2022, if the Take 5 Parties are willing to accept our proposal. If not, we intend to proceed with our filing. But given the upcoming holidays, as we noted on the call, we are willing to consent to a reasonable extension of time for a response.

Best,

**Michael H. Strub Jr.**
*Partner*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626

Tel 949.383.2770 | Cell 323.868.7898 | Fax 949.383.2801
MStrub@GGTrialLaw.com | www.GGTrialLaw.com



---

**From:** Richman, Lisa
**Sent:** Sunday, December 18, 2022 12:43 PM
**To:** Michael H. Strub
**Cc:** Evans, Lauren ; Sarah.Gragert@lw.com; Edward A. Danielyan ; Desiree N. Murray ; Cheryl Winsten
**Subject:** [EXT] Re: Rule 11 Motion

Dear Michael,

Thank you for your email. We will have to agree to disagree and each of course reserve our rights, but I understand that you have your position as I am sure you can understand I have mine.

With that being said, would you have availability to speak on Wednesday 12/21 between 12pm-1pm ET / 9am-10am PT or after 5pm ET / 2pm PT?

Best,
Lisa


LISA M. RICHMAN
Partner
**McDermott Will & Emery LLP** The McDermott Building, 500 North Capitol Street, NW, Washington, DC 20001-1531
**Tel** +1 202 756 8090   **Mobile** +1 202 285 4738   **Email** lrichman@mwe.com
Biography | Website | vCard | Twitter | LinkedIn


> On Dec 17, 2022, at 3:32 PM, Michael H. Strub <MStrub@ggtriallaw.com> wrote:
>
> **[ External Email ]**
> Lisa:
>
> I do not believe that the differences between our memorandum in support of our Rule 11 motion and my November 7, 2022 letter are material. I appreciate the inconvenience caused by your travel; I had to give the closing argument in the arbitration from an Airbnb in Madrid, Spain.
>
> That said, we would prefer not to have to bring the motion and that the Take 5 Parties withdraw the petition to vacate voluntarily, so we will wait until Thursday, December 22, 2022 to file it. If we do, we will include your November 9 letter.
>
> We are always willing to meet and confer. If you believe that this would be productive, let me know. That said, as is apparent from our Rule 11 motion, we do not believe that the Take 5 Parties have any colorable grounds to seek to vacate Judge Eyler's awards.
>
> Best,

**Michael H. Strub Jr.**
*Partner*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2770 | Cell 323.868.7898 | Fax 949.383.2801
MStrub@GGTrialLaw.com | www.GGTrialLaw.com

---

**From:** Richman, Lisa <Lrichman@mwe.com>
**Sent:** Saturday, December 17, 2022 3:26 AM
**To:** Michael H. Strub <MStrub@GGTrialLaw.com>
**Cc:** Evans, Lauren <Levans@mwe.com>; Sarah.Gragert@lw.com; Edward A. Danielyan <EDanielyan@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Cheryl Winsten <CWinsten@GGTrialLaw.com>
**Subject:** [EXT] Re: Rule 11 Motion

Dear Michael,

Thank you for your email attaching what I understand you intend to file with the court on Monday. As you know, Lauren is out on maternity leave. I am traveling internationally with my family and have only had a brief opportunity to review your motion but note that it appears to differ in its arguments (at least in part) from the materials you sent me on November 7. Without waiving any of the Take 5 parties' rights, given these differences and the seriousness of your motion, and also your representation to the court that this was provided in advance of filing it to allow counsel and the Take 5 parties the opportunity to consider the materials and an opportunity to withdraw, I would appreciate the courtesy of being able to do so.

Unfortunately, given my current travels that may be impossible for me to do before I am back in the US again, which will be on Monday evening. I would respectfully ask, therefore, that you please hold off on filing your motion until I have had an opportunity to more fully review your motion and speak to my clients. Even though it will be difficult, I will make every effort to try to schedule that call before my return but as mentioned above that may be difficult. And I will notify you as soon as that has occurred.

Separately, and in any event, I note that you appear to have included only our November 28 letter with your motion. As previously requested, we would ask that you please also include our November 9, 2022 letter.

Finally, I reiterate the offer that I made in my November 28, 2022 letter that we discuss these issues before you file your motion with the court. I have been an arbitration specialist for over 20 years and have always prided myself on my integrity, reputation for honesty and ability to cooperate with opposing counsel. I have stated previously that as someone who was not counsel during the arbitration, it is absolutely more challenging for me to go back and try to interpret the record, but Lauren and I invested significant time and care in reviewing the underlying record here. You will note that I took very seriously your November 7, 2022 letter and responded in substance to every argument contained therein and why we believed those arguments did not warrant a Rule 11 motion. I note that your motion (from the quick review I have been able to make) now seems to include at least some new and different arguments than the ones in your November 7 letter. I would appreciate the courtesy of you allowing me to look into those issues in more detail and to respond to you on a counsel to counsel basis before you file them with the court.

Please let me know your position on the three issues above.

Best regards,
Lisa


LISA M. RICHMAN
Partner
**McDermott Will & Emery LLP** The McDermott Building, 500 North Capitol Street, NW, Washington, DC 20001-1531
**Tel** +1 202 756 8090   **Mobile** +1 202 285 4738   **Email** lrichman@mwe.com
Biography | Website | vCard | Twitter | LinkedIn



> On Dec 16, 2022, at 4:46 PM, Michael H. Strub <MStrub@ggtriallaw.com> wrote:
>
> **[ External Email ]**
> Counsel:
>
> As a courtesy, we are letting you know that we intend to file the attached documents with the Court on Monday, December 19, 2022.
>
> Below is a link to the exhibits to my declaration, which will expire in 30 days:
> https://ggtriallaw.sharefile.com/d-sa8ae64a5f041427c9123f19e2141df0f
>
> Regards,
>
> Michael H. Strub Jr.
> *Partner*
> Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
> Tel 949.383.2770 | Cell 323.868.7898 | Fax 949.383.2801
> MStrub@GGTrialLaw.com | www.GGTrialLaw.com
>
>
> This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

*********************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*********************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.