Case No. 1:22-cv-3278

EXHIBIT BB

| | |
|---|---|
| **From:** | Richman, Lisa <Lrichman@mwe.com> |
| **Sent:** | Friday, December 23, 2022 12:54 PM |
| **To:** | Michael H. Strub |
| **Cc:** | Evans, Lauren; Sarah.Gragert@lw.com; Edward A. Danielyan; Desiree N. Murray; Cheryl Winsten; Hogarth, Sarah |
| **Subject:** | [EXT] RE: Rule 11 Motion |

Dear Michael,

I write in response to your email summarizing your recollections of our call on December 21 and proposing that your clients would be prepared to forgo filing a Rule 11 motion in the DC District Court action if my clients agree to dismiss that action.

First, we have fundamentally different recollections of what occurred during our call on December 21. I have attempted below to explain how those recollections differ and to offer my own recollections of that call, but nothing in this email should be interpreted as an adoption or agreement to any of the assertions in your December 21 email.

Second, as I said to you on our call, we disagree that there is any colorable basis here to file a Rule 11 motion. You and Sarah both agreed during the call that you did not believe that McDermott Will & Emery, Lauren Evans or I had filed the petition to vacate in DDC in bad faith. You appear to admit as much in your email again where you state that you "had hoped that with passage of the safe harbor notice period, [I] would have familiarized [myself] sufficiently with the record to better understand" the issues involved in the record of the arbitration that spanned over three years in length such that we would agree with you that the arguments made in the petition are "frivolous".

As I have explained to you repeatedly, both Ms. Evans and I have made every effort to thoughtfully review the record and the law. I have admitted to you previously that we cannot be as familiar with the extensive record as are the attorneys, yourself included, who participated in the case over the three year period. However, in the limited time that was available to us, we reviewed every transcript and every document made available to us. Further, we determined any number of other issues on which a petition to vacate might have been filed but ultimately decided against it because we did not believe it would be sufficiently defensible. When we "sign[ed], fil[ed and] submit[ed]" our petition we had a good faith basis to the "best of [our] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the arguments were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support."

Further, I have repeatedly invited you to engage with me (given Ms. Evans unexpectedly and suddenly went out on maternity leave in early November) if you or your clients believe we misunderstand the law or the facts. Among other things, I specifically invited you in my November 28 letter to engage in such discussions with me. Instead, on December 16, weeks after I sent you a detailed letter responding to each and every one of the points in your November 7 letter – to which I never received a response from you telling me why you think my understanding of those facts or cases are incorrect – you sent me a motion that you said you would file on Monday, December 19 unless my clients withdrew their petition. You know the threat of your Rule 11 motion is distressing to me and to Ms. Evans. Not because either one of us thinks that we did anything wrong, but because it is insulting and mortifying to have you assert that we have acted in bad faith when you know that nothing is further from the truth. We have both enjoyed unblemished backgrounds for truthfulness and honesty, and we take the rules and following them incredibly seriously. And we know that the filing of a Rule 11 motion – even one that has no basis – can damage our reputations.

I have already identified for you that I believe your motion contains new arguments not addressed in your November 7 letter and also how your motion violates the safe harbor rules contained in Rule 11 (more on this below).  As such, I disagree that you have sufficiently tried to "make sure that [I] have had appropriate time to reconsider some or all of the positions" in the petition.  Quite simply, and as I already explained to you on our call, this is not how we as officers of the court are supposed to try to work together to amicably resolve issues and holding a frivolous, yet very serious sanctions motion over my head is neither a way to engender trust nor work collaboratively together to resolve matters, not to mention that it violates the safe harbor provision yet again.  I would note that this is not the first time you have violated the safe harbor provision (which we have pointed out repeatedly, including in our November 9 and November 28 letters).  You cannot remedy those violations of our rights, but if we work together we can move forward from this. In order to do so, you need to stop making threats of sanctions where you know none are warranted.

You are incorrect that I do not have questions concerning the underlying arbitration record and I do not agree with your assertion that I "did not have any such questions" nor do I agree with your assertion that I contended that it "would [not] make any difference if [you] provided additional time for [me] to further investigate".  What I said was that given your insistence on filing a Rule 11 motion even in the face of admitting that I have acted in utmost good faith at all times, I did not see how providing a few additional days before you file your motion would change your mind to do so.  I advised you during our call that I am still looking into your contentions – because that is the seriousness with which I approach this case and all of my other cases.  When opposing counsel makes an assertion or raises a concern, even if it seems outlandish or wrong, I look into it.  That does not mean that I believe that the assertions in your Rule 11 motion are accurate, it means that I nevertheless take them seriously, that I am continuing to investigate them, and that I have discussed and am discussing them with my clients.

Third, with respect to whether the grounds in your motion differ from your November 7, 2022 letter, they unquestionably do and I gave you at least two examples of meaningful ways in which the motion differs from your letter.  I also have identified for you that I believe your motion is procedurally deficient in other ways.  With respect to your contention that you "asked [me] for clarification of what you believed to be new so that [you] could assess whether more time would be appropriate" and that I "again declined, choosing not to confer on the issue, informing [you] that [I] did not want to preview [the] reasons why you believed the motion was procedurally defective" and giving you only one example, this is false.  What I said is that it is not my obligation to catalogue in detail for you the many procedural deficiencies in your motion.  That was not the purpose of our call nor is that my obligation.

And, in any event, in response to your request for examples, I gave you a number of examples of ways in which your motion is both wrong and deficient.  The Chris Brown testimony reference is one of them.  Incidentally, I disagree with your mischaracterization of Mr. Brown's testimony – he did not testify "that he heard Mr. Radetich admit to committing fraud" or anything of the sort.   Another one is that I pointed out to you that your new argument on page 25 of your motion that Take 5 purportedly "never argued that the payment to Schlam Stone and Bozorgi Law were inappropriate during the arbitration itself" is wrong.  I gave you an exact page and paragraph reference of one of the places where Take 5 previously made this assertion (in our Reply Costs Submission, page 31, para. 90).

There are other procedural deficiencies in your motion, but (again) it is not my obligation to help you to modify your motion to correct those, particularly not where you made it very clear that you intend to file your motion in any event because, as you said at the end of our call, this is about trying to collect your legal fees, the fact that you and your client are concerned that my clients do not have the capacity to pay, but that McDermott Will & Emery "certainly has the capacity to pay" them, which you admitted was a primary basis for your Rule 11 motion.

With respect to your contentions about "again press[ing me] for any authority whatsoever that supports [my] clients' efforts to overturn a reasoned award with respect to the specific issues that [I have] raised", I disagree with your inaccurate contentions concerning the authorities and what I supposedly said.  I explained to you that I did not believe the purpose of the call was to get into a detailed discussion concerning case law and directed you to the authorities we have cited previously.  I disagree with your contention that the fact that there has not been an indictment means that a stay was not warranted.  That is one of the factors courts consider, along with many others.  In fact, as explained in detail in the petition, it is the similarity or overlap of the issues that is the "most important" factor, not the status of the

criminal investigation. With respect to the issue of prejudice, you fail to mention that I directed you to two cases (*Lessin* and *Century Indemnity*) that relate to the question of whether a failure to hear pertinent and material evidence resulted in a fundamentally unfair hearing. There are of course any number of other cases which we cited in our petition that support the notion that failure to postpone a hearing, to stay a proceeding, or to fail to give a party an adequate opportunity to present its case may result in a fundamentally unfair proceeding.

With respect to Google Analytics, as I stated in our call, the factual contentions you made in our call (and again in your email) are the first time you have raised those facts to my attention. Notably, your November 7 letter says nothing about these facts nor does the motion you sent me on December 16. The fact that this issue was extensively briefed is of course also a new point in your motion, though your November 7 letter does discuss various pieces of testimony, to all of which I responded in my letter on November 28. Moreover, from our review of the record, we disagree with your contentions. Among other things, we note that the Advantage Parties' own experts admitted to having reviewed the Google Analytics data that was then withheld (we say inappropriately) from the Take 5 Parties and from Judge Eyler. We understand that we also view the law differently with respect to whether Judge Eyler's failure to consider this evidence sufficiently denied the Take 5 Parties a fundamentally fair hearing, but (again) that does not mean that this argument is "frivolous" under Rule 11. The same is true with respect to there not being a perfect case on point that encompasses the manifold ways in which this was a truly extraordinary and procedurally irregular case. As I admitted, demonstrating a basis to vacate an arbitral award is a high burden. However, we believe that were our facts applied to some of the cases to which we cited in which a petition to vacate was denied, the outcome would have been different based on the standards articulated by the court. As I mentioned to you, the fact that we have cited all of the seminal cases – including those that come out the wrong way for our clients – demonstrates that this is not a circumstance where a Rule 11 motion is appropriate.

I also disagree with your contention concerning payment of a witness's attorney's fees and the impropriety of the same. There are very narrow categories of payments that may be made to or on behalf of a witness. Hundreds of thousands of dollars in attorney's fees that you have not connected to the arbitration are not "reasonably incurred" by that witness "in attending or testifying" and do not fall within the limited, permitted categories. As already mentioned, I direct you (again) to our November 28 letter wherein we cited extensive case law at pages 6-7 and pages 34-39 of our Petition regarding the legal basis for our contention that it was inappropriate for the Advantage Parties to pay hundreds of thousands of dollars to induce Mr. Boy, Ms. Hodgens, and Mr. Ward to testify.

In sum, your stated basis for your Rule 11 motion – that you need to zealously "protect [your] clients' interests", ensure that they can recover their legal fees, and avoid delay – do not form a sufficient basis to file a Rule 11 motion. As you stated during our call, you have "no doubt" that we filed the petition in good faith.

Notwithstanding all of the above, I have discussed your motion and your email communication and offer to "refrain from filing the Rule 11 motion if [the] Take 5 Parties are willing to dismiss the action in D.C. and proceed in Florida" with my clients in detail. My clients are not prepared at this time to agree to dismiss the DC action for a number of reasons. However, the Take 5 parties would like to bring these actions and their own legal fees to an end as swiftly as possible. I note that when I asked you a number of months ago whether your clients would be willing to entertain settlement discussions, you did not believe given the past history between our clients that those would be fruitful. Nevertheless, I continue to believe that this case calls for an amicable resolution of the parties' dispute and that this hopefully will allow both parties to move forward with their lives and businesses and also to stop their considerable legal fees. To that end, the Take 5 Parties propose that the parties agree to a brief stay of the DC action and the Florida action and to conduct a mediation in January 2023 (or at the Advantage Parties' earliest convenience) to try to reach a global resolution of both actions and/or to agree on a path forward in the pending litigations even if they are unable to reach a global resolution.

Assuming your contention that you do not want to file the Rule 11 motion is true, I would hope that you and your client will consider this proposal seriously and work with us to try to reach an amicable resolution.

I appreciate your acknowledgment that filing the motion at this time of year creates a hardship and interferes with the holidays.  If you do file your Rule 11 motion in the near term as I understand you may do in light of your prior statements, we will indeed be requesting an extension of time for a response and appreciate your willingness to consent to "a reasonable extension of time".

Best,
Lisa


LISA M. RICHMAN
Partner
McDermott Will & Emery LLP  The McDermott Building, 500 North Capitol Street, NW, Washington, DC 20001-1531
Tel +1 202 756 8090    Mobile +1 202 285 4738    Email lrichman@mwe.com
Biography | Website | vCard | Twitter | LinkedIn

---

**From:** Michael H. Strub <MStrub@GGTrialLaw.com>
**Sent:** Wednesday, December 21, 2022 7:01 PM
**To:** Richman, Lisa <Lrichman@mwe.com>
**Cc:** Evans, Lauren <Levans@mwe.com>; Sarah.Gragert@lw.com; Edward A. Danielyan <EDanielyan@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Cheryl Winsten <CWinsten@GGTrialLaw.com>
**Subject:** RE: Rule 11 Motion

**[ External Email ]**

Lisa,

Thank you for the call this morning.  As we expressed, we do not take this Rule 11 motion lightly and, indeed, I cannot recall ever bringing one before in my career.  But for the reasons we have shared in writing and over the phone, the claims being asserted here call for such an extraordinary remedy.  We recognize that you were not involved in the arbitration and are new to the issues and may not have appreciated the frivolous nature of the arguments for which your clients were pushing.  However, we had hoped that with passage of the safe harbor notice period, you would have familiarized yourself sufficiently with the record to better understand these issues.  After more than six weeks since receiving our letter, however, it appears that your position has not changed.

That said, given the gravity of the motion, we still want to make sure you have had appropriate time to reconsider some or all of the positions you and your client have taken.  For that reason, we sent you the completed draft last Friday in advance of an anticipated Monday filing.  We also agreed to further delay the filing until Thursday of this week to permit the parties to confer today, in case we could provide any additional clarification of the underlying arbitration record.  You did not have any such questions, however.  We also asked you on the call today whether it would make any difference if we provided additional time for you to further investigate, but you indicated that it would not make a difference.

In a similar vein, both in your prior email and on the call today, you expressed concern that the draft motion that we sent last week differed from the letter we sent on November 8, 2022.  We disagree and believe that the letter provided adequate notice of all issues raised in the motion.  But again, we don't want this to be about procedural gamesmanship and want to ensure that you have adequate time to meaningfully consider the issues we raised.  Accordingly, we asked you for clarification of what you believed to be new so that we could assess whether more time would be appropriate.  You again declined, choosing not to confer on the issue, informing us that you did not want to preview your reasons why you believed the motion was procedurally defective.  The only example you would provide is one piece of evidence that was included in the draft motion—a statement by FTI auditor Chris Brown that he heard Mr. Radetich admit to committing fraud—but this does not alter any

issue raised in our letter, nor did you state that you would reconsider your argument that this evidence did not exist.

Finally, we again pressed for any authority whatsoever that supports your clients' efforts to overturn a reasoned arbitration award with respect to the specific issues that you raised. For example, you argued in the Petition to Vacate that Mr. Radetich and Mr. Gluck were prejudiced because they invoked their Fifth Amendment rights after Judge Eyler refused to grant a stay. I reminded you that Mr. Radetich and Mr. Gluck had not been indicted and that the cases overwhelmingly hold that a stay should not be granted in those circumstances, so the argument would not prevail even in an ordinary appeal. Here, the Award is further insulated by the discretion that the Court must give to Judge Eyler's decision to grant the stay. I also reiterated that Mr. Radetich and Mr. Gluck were not prejudiced because they asked for a six-month stay and the arbitration started seven months later. I asked whether you at least agreed with the premise that Mr. Radetich and Mr. Gluck had to show prejudice as stated in 9 U.S.C. § 10(a)(3), and you said that you were not prepared to discuss the issue further beyond repeating that they were prejudiced because they could not testify.

I also recounted the history of the parties' dispute regarding Google Analytics. Again recognizing that you likely aren't as familiar with the record, I explained that the Take 5 Parties raised this issue long after the close of discovery and that the Advantage Parties did not spoliate or destroy that information. The reason that the Advantage Parties were not able to access Take 5's Google Analytics account was because the Advantage Parties did not have the password to that account; this was information known to Take 5's IT employee (Cruze Mair), whom we had not been able to locate. I also said that Beth Jenkins, who was represented by the Take 5 Parties' counsel, almost certainly knew that password and could have given it to Take 5's counsel. She refused to testify when the Advantage Parties subpoenaed her. I also reiterated the point in our brief that the issues relating to Google Analytics were extensively briefed and explained why Judge Eyler correctly decided that the information in Take 5's Google Analytics was immaterial.

I asked you to cite a single case in which an arbitral award was overturned in this circumstance, and you referred me to *Lindsey v. Travelers Com. Ins. Co.*, No. 219CV01855KJMCKD, 2022 WL 12071302 (E.D. Cal. Oct. 20, 2022). The facts of *Lindsay*, however, are not remotely similar to those here. In that case, a black employee sued his employer for discrimination under California's Fair Employment and Housing Act arguing that he was being paid less than similarly qualified white employees. The arbitrator refused to order the employer to disclose how much it was paying its employees and then granted summary judgment in favor of the employer. *Id.* at *3. That is, the arbitrator prevented the employee from obtaining the only evidence that would support his claim—beyond his own testimony—and then summarily ruled in favor of the employer based on lack of evidence. Here, Judge Eyler found that the information was irrelevant and had a 15-day hearing during which voluminous evidence of the fraud was presented.

We also discussed the issue that you raised in the Petition concerning the payments to Schlam Stone and Bozorgi Law. You were not able to identify any authority whatsoever in which a court held that paying a witness's attorney's fees was improper.

As I said during the call, and as I am reiterating here, we would not file this motion if we had any alternative that would protect our clients' interests, but we are not providing adequate representation to our clients if we allow Mr. Radetich and Mr. Gluck to act with impunity in doing everything they can to delay the Advantage Parties' recovery regardless of the merits. Moreover, the Advantage Parties should not have to pay legal fees engendered by these actions. Indeed, I am concerned that if we do not take steps to try to stop them from doing this, it will embolden them. That said, after further discussion with our team and our client, we have decided that we would be willing to refrain from filing the Rule 11 motion if Take 5 Parties are willing to dismiss the action in D.C. and proceed in Florida. Our reluctance in making this proposal is that you will argue that this is proof that the Rule 11 motion is simply a tactical ploy to obtain the substantive relief that we are seeking in D.C. I assure you that it is not. As you know, we have the motion fully drafted and were prepared to file it this

past Monday, but for your request that we delay.  This is simply a last-ditch effort to avoid bringing a motion that we very much do not want to file.

Please let us know by Friday, December 23, 2022, if the Take 5 Parties are willing to accept our proposal.  If not, we intend to proceed with our filing.  But given the upcoming holidays, as we noted on the call, we are willing to consent to a reasonable extension of time for a response.

Best,


**Michael H. Strub Jr.**
*Partner*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2770 | Cell 323.868.7898 | Fax 949.383.2801
MStrub@GGTrialLaw.com | www.GGTrialLaw.com



---

**From:** Richman, Lisa <Lrichman@mwe.com>
**Sent:** Sunday, December 18, 2022 12:43 PM
**To:** Michael H. Strub <MStrub@GGTrialLaw.com>
**Cc:** Evans, Lauren <Levans@mwe.com>; Sarah.Gragert@lw.com; Edward A. Danielyan <EDanielyan@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Cheryl Winsten <CWinsten@GGTrialLaw.com>
**Subject:** [EXT] Re: Rule 11 Motion

Dear Michael,

Thank you for your email. We will have to agree to disagree and each of course reserve our rights, but I understand that you have your position as I am sure you can understand I have mine.

With that being said, would you have availability to speak on Wednesday 12/21 between 12pm-1pm ET / 9am-10am PT or after 5pm ET / 2pm PT?

Best,
Lisa


LISA M. RICHMAN
Partner
**McDermott Will & Emery LLP**  The McDermott Building, 500 North Capitol Street, NW, Washington, DC 20001-1531
**Tel** +1 202 756 8090    **Mobile** +1 202 285 4738    **Email** lrichman@mwe.com
Biography | Website | vCard | Twitter | LinkedIn


> On Dec 17, 2022, at 3:32 PM, Michael H. Strub <MStrub@ggtriallaw.com> wrote:
>
> [ External Email ]
> Lisa:

6

I do not believe that the differences between our memorandum in support of our Rule 11 motion and my November 7, 2022 letter are material.  I appreciate the inconvenience caused by your travel; I had to give the closing argument in the arbitration from an Airbnb in Madrid, Spain.

That said, we would prefer not to have to bring the motion and that the Take 5 Parties withdraw the petition to vacate voluntarily, so we will wait until Thursday, December 22, 2022 to file it.   If we do, we will include your November 9 letter.

We are always willing to meet and confer.  If you believe that this would be productive, let me know.  That said, as is apparent from our Rule 11 motion, we do not believe that the Take 5 Parties have any colorable grounds to seek to vacate Judge Eyler's awards.

Best,


**Michael H. Strub Jr.**
*Partner*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2770 | Cell 323.868.7898 | Fax 949.383.2801
MStrub@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>


**From:** Richman, Lisa <Lrichman@mwe.com>
**Sent:** Saturday, December 17, 2022 3:26 AM
**To:** Michael H. Strub <MStrub@GGTrialLaw.com>
**Cc:** Evans, Lauren <Levans@mwe.com>; Sarah.Gragert@lw.com; Edward A. Danielyan <EDanielyan@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Cheryl Winsten <CWinsten@GGTrialLaw.com>
**Subject:** [EXT] Re: Rule 11 Motion

Dear Michael,

Thank you for your email attaching what I understand you intend to file with the court on Monday. As you know, Lauren is out on maternity leave. I am traveling internationally with my family and have only had a brief opportunity to review your  motion but note that it appears to differ in its arguments (at least in part) from the materials you sent me on November 7. Without waiving any of the Take 5 parties' rights, given these differences and the seriousness of your motion, and also your representation to the court that this was provided in advance of filing it to allow counsel and the Take 5 parties the opportunity to consider the materials and an opportunity to withdraw, I would appreciate the courtesy of being able to do so.

Unfortunately, given my current travels that may be impossible for me to do before I am back in the US again, which will be on Monday evening. I would respectfully ask, therefore, that you please hold off on filing your motion until I have had an opportunity to more fully review your motion and speak to my clients. Even though it will be difficult, I will make every effort to try to schedule that call before my return but as mentioned above that may be difficult.  And I will notify you as soon as that has occurred.

Separately, and in any event, I note that you appear to have included only our November 28 letter with your motion. As previously requested, we would ask that you please also include our November 9, 2022 letter.

7

Finally, I reiterate the offer that I made in my November 28, 2022 letter that we discuss these issues before you file your motion with the court. I have been an arbitration specialist for over 20 years and have always prided myself on my integrity, reputation for honesty and ability to cooperate with opposing counsel.  I have stated previously that as someone who was not counsel during the arbitration, it is absolutely more challenging for me to go back and try to interpret the record, but Lauren and I invested significant time and care in reviewing the  underlying record here.  You will note that I took very seriously your November 7, 2022 letter and responded in substance to every argument contained therein and why we believed those arguments did not warrant a Rule 11 motion. I note that your motion (from the quick review I have been able to make) now seems to include at least some new and different arguments than the ones in your November 7 letter. I would appreciate the courtesy of you allowing me to look into those issues in more detail and to respond to you on a counsel to counsel basis before you file them with the court.

Please let me know your position on the three issues above.

Best regards,
Lisa


LISA M. RICHMAN
Partner

**McDermott Will & Emery LLP**  The McDermott Building, 500 North Capitol Street, NW, Washington, DC 20001-1531
**Tel** +1 202 756 8090    **Mobile** +1 202 285 4738    **Email** lrichman@mwe.com
Biography | Website | vCard | Twitter | LinkedIn


> On Dec 16, 2022, at 4:46 PM, Michael H. Strub <MStrub@ggtriallaw.com> wrote:
>
> **[ External Email ]**
> Counsel:
>
> As a courtesy, we are letting you know that we intend to file the attached documents with the Court on Monday, December 19, 2022.
>
> Below is a link to the exhibits to my declaration, which will expire in 30 days:
> https://ggtriallaw.sharefile.com/d-sa8ae64a5f041427c9123f19e2141df0f
>
> Regards,
>
> **Michael H. Strub Jr.**
> *Partner*
> Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
> Tel 949.383.2770 | Cell 323.868.7898 | Fax 949.383.2801
> MStrub@GGTrialLaw.com | www.GGTrialLaw.com
>
> <image001.png>
>
> This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
> <2022.12.16 RESPONDENTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS AND TO DISMISS ACTION.pdf>

<2022.12.16 RESPONDENTS' MEMORANDUM ISO MOTION FOR RULE 11 SANCTIONS AND TO DISMISS ACTION.pdf>
<2022.12.16 DECLARATION OF MHS ISO MOTION FOR RULE 11 SANCTIONS AND TO DISMISS ACTION.pdf>

*************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.