IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETRUSS MEDIA GROUP, LLC f/k/a TAKE 5 MEDIA GROUP, LLC et al.<br><br>Petitioners,<br><br>v.<br><br>ADVANTAGE SALES & MARKETING LLC, et al.,<br><br>Respondents. | Case No. 1:22-cv-03278-RC |

**MALA ROKADA LP AND JJEP HOLDINGS LLC'S MOTION FOR A PROTECTIVE ORDER REGARDING SUBPOENAS SERVED ON HAMISTER REALTY ESTATE EQUITY FUND AND CHARLES SCHWAB & CO. AND MEMORANUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION**

Pursuant to the Rules of this Court, Movants Mala Rokada LP ("Mala Rokada") and JJEP Holdings LLC ("JJEP") (collectively, "Movants") respectfully request that this Court enter a Protective Order directing Hamister Realty Estate Equity Fund ("Hamister") and Charles Schwab & Co. ("Schwab") to not produce the account records and related documents for Mala Rokada and JJEP.  On information and belief, these subpoenas are seeking information regarding the Movants because of their relationship with Alexander Radetich and Richard Gluck (against whom there is a judgment).  But that does not entitle the Advantage Sales & Marketing LLC, Advantage Sales & Marketing, Inc., Karman Intermediate Corp. Advantage Solutions Inc. and Jarman Topco L.P. (collectively, the "Judgment Creditors" or "Advantage Parties") to discovery into the finances of Mala Rokada and JJEP – who are ***not*** Judgment Debtors.

**Local Rule 7(m) Certification**,  In accordance with LCvR 7(m), counsel for Movants contacted counsel for Advantage Sales & Marketing LLC, Advantage Sales & Marketing, Inc.,

Karman Intermediate Corp. Advantage Solutions Inc. and Jarman Topco L.P. (collectively, the "Judgment Creditors" or "Advantage Parties") by email on Friday, April 19, 2024 in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. Counsel for the Advantage Parties did not consent to the Motion.[1]

## BACKGROUND

This action was commenced on October 26, 2022 when Petruss Media Group LLC (f/k/a Take 5 Media Group LLC), Alexander Radetich, Richard Gluck and RJV Marketing Corp. (collectively, the "Petitioners" or "Judgment Debtors") filed a Petition to Vacate or Set Aside Arbitration Awards entered in an American Arbitration Association in favor of the Advantage Parties. Doc. No. 1. On June 20, 2023, the Advantage Parties cross-moved, *inter alia*, to confirm the Arbitration Award. Doc. No. 30.

In a Memorandum Opinion entered on August 25, 2023, this Court, *inter alia*, denied Petitioners' motion to vacate, and granted the Advantage Parties' motion to confirm the arbitration award. Doc. No. 43. On November 8, 2023, the Court entered a Judgment in favor the Advantage Parties and against Petitioners for $74,816,835.37, plus interest. Doc. No. 52.

Since that time, the Judgment Creditors have engaged in post-judgment discovery. As described below, two of the Judgment Debtors (Alexander Radetich and Richard Gluck) have affiliations Mala Rokada and JJEP. *See* Declaration of Alexander Radetich (attached as Exhibit 3) ("Radetich Decl.") at ¶¶ 7-8. Since the time that the Judgment Creditors obtained the Judgment, they have engaged in post-judgment that discovery. The Judgment Creditors served a subpoena

---

[1] Concurrent with this Motion, Movants have filed a Motion for Expedited Briefing and Expedited Hearing Date Regarding this Motion for Protective Order. This expedited schedule is necessary because, Hamister's response to the subpoena served on it is due on May 1, 2024 and Schwab's response to its subpoena is presently due on May 13, 2024.

on Mr. Radetich personally and he produced a copy of the limited partnership agreement of Mala Rokada.  In addition, Judgment Creditors served a subpoena on Mala Rokada and JJEP, both of whom produced documents.  Radetich Decl. at ¶ 9.

On March 28, 2024, the Judgment Creditors served notice that they were serving several subpoenas, including a *subpoena duces tecum* directed to Hamister.  The Hamister Subpoena (attached as Exhibit 1) requested certain documents.  On April 10, 2024, the Judgment Creditors served notice that another series of subpoenas including a *subpoena duces tecum* directed to Schwab.  The Schwab Subpoena (attached as Exhibit 2) requested a similar set of documents.

The Hamister Subpoena and the Schwab Subpoena request a broad range of documents from January 1, 2017 to the present, including, inter alia:

- documents and communications **related** to property owned in whole or in part by any of the Judgment Debtors;

- documents **relating** to accounts held in the name of any Judgment Debtors;

- documents **relating** to any payments, payment history, checks, debits, direct deposits or any form of transfer of funds or assets between any Judgment Debtor and Hamister or Schwab;

- documents **relating** to any of the Judgment Debtors and any commercial papers, or beneficial interest in any trust; and

- agreements or contracts relating to any Judgment Debtor and Hamister or Schwab.

*See* Exhibits 1 and 2.  The documents which include the names of Messrs. Radetich may be "related" to property, payments, transfers, or accounts, and may, arguably be responsive, even though neither Mala Rokada nor JJEP are Judgment Debtors.

# ARGUMENT

## THIS COURT SHOULD ENTER A PROTECTIVE ORDER DIRECTING HAMISTER AND SCHWAB TO NOT PRODUCE DOCUMENTS REGARDING MALA ROKADA AND JJEP THAT ARE CONFIDENTIAL FINANCIAL INFORMATION

**A.     The Legal Standards.**

Although "'legal victors may engage in broad post-judgment discovery,' and '[t]he rules governing discovery in post[-]judgment execution proceedings are quite permissive,'" (*Doraleh Container Terminal SA v. Republic of Djib.*, Misc. Action 23-83 (BAH) slip op. at 6 (D.D.C. Sep. 21, 2023) *quoting Amduso v. Republic of Sudan*, 288 F.Supp.3d 90, 94 (D.D.C. 2017) and *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014)), the ability to do so is not unlimited:

> The court for the district where compliance is required must, on a timely motion, quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies …. Fed. R. Civ. P. 45(d)(3)(A).

*Dist. Title v. Warren*, Civil Action No. 14-1808 ABJ/DAR slip op. at 7 (D.D.C. June 2, 2017).

Moreover, although a party generally lacks standing to challenge a subpoena issued to a third party, there are exceptions when there is "a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter." *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C.2005); *see also West Coast Productions, Inc. v. Does*, 275 F.R.D. 9 (D.D.C. 2011).

**B.     This Court Should Ener a Protective Order Regarding the Hamister and Schwab Subpoenas Because The Subpoenas Are Overbroad in That They Potentially Seek Information Regarding Mala Rokada and JJEP That is Confidential Financial Information That is Personal to the Two Companies (Who Are Not Judgment Debtor).**

Neither Mala Roka not JJEP are named in the Judgment.  Radetich Decl. at ¶ 6.  Mr. Radetich's only affiliation to Mala Rokada is that he serves as the manager of PGR Fairway LLC,

the general partner of Mala Rokada. Radetich Decl. at ¶ 7. The Judgment Debtors do not have an ownership interest in Mala Rokada or JJEP, Radetich Decl. at ¶ 8.

The Hamister Subpoena and the Schwab Subpoena seek documents "related" to property, payments, transfers, or accounts of Judgment Debtors. Given that Mr. Radetich and Mr. Gluck are managers of JJEP and Mr. Radetich is the manager of a general partner of Mala Rokada, Judgment Creditors may argue that any document with their name on it is "related" to Judgment Debtors and therefore responsive to the Subpoena. Movants, who are not Judgment Creditors in this action, are entitled to a protective order because the information regarding each of them is protected because financial information that is personal to Mala Rokada and JJEP. *Warren*, slip op. at 7; *Thurgood Marshall Academy*, 230 F.R.D. at 21. Simply because of the Judgement Debtors' affiliations with Mala Rokada and JJEP does not entitle the Judgment Creditors to unfettered financial discovery into the finances of Mala Rokada and JJEP.[2] *Cf. Peskoff v. Faber*, 230 F.R.D. 25, 29 (D.D.C. 2005) ("… this Court will not order the production of the defendant's personal account information. To do otherwise, in this Court's view, would allow an unwarranted fishing expedition.").

## CONCLUSION

For the foregoing reasons, Movants Mala Rokada and JJEP respectfully request that this Court enter a Protective Order directing Hamister and Schwab to **_not_** produce documents related to Movants.

---

[2] Mala Rokada and JJEP are not requesting that the entire subpoena be quashed – they merely request that an Order be entered to directs Hamister and Schwab to **_not_** produce documents related to Mala Rokada and JJEP.

| | |
|---|---|
| Dated: April 24, 2024 | Respectfully submitted, |
| | KALBIAN HAGERTY, LLP |

By:   /s/ William P. McGrath, Jr.
     William P. McGrath, Jr
       (Bar No. 422160)
     888 17th Street, N.W.
     Suite 1200
     Washington, D.C. 20006
     Telephone: (202) 223-5600
     wmcgrath@kalbianhagerty.com

*Attorney for*
*Movants Mala Rokada LP and*
*JJEP Holdings LLC*

## CERTIFICATE OF SERVICE

I hereby certify on April 24, 2024 that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael H. Strub, Jr.
Greenberg Gross LLP 650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Tel.: 949-383-2770
mstrub@ggtriallaw.com

*with a courtesy copy sent by email to Mr. Strub at his new firm*:
Michael H. Strub, Jr.
Jeffer Mangels Butler & Mitchell LLP
3 Park Plaza
#1100
Irvine, CA  92614
MStrub@jmbm.com

Sarah M. Gragert
Jason R. Burt
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004
sarah.gragert@lw.com
jason.burt@lw.com

By:   /s/ William P. McGrath, Jr.
     William P. McGrath, Jr