AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| Petrus Media Group, LLC f/k/a Take 5 Media Group | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:22-cv-03278-RC |
| Advantage Sales & Marketing, LLC, et al. | ) | |
| *Defendant* | ) | |

EXHIBIT

1

exhibitsticker.com

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Hamister Real Estate Equity Fund

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Attachment 1**

| Place:  **See Attachment 1** | Date and Time:  **See Attachment 1** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/28/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc.,
Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P. _____ , who issues or requests this subpoena, are:
Michael H. Strub, Jr., GREENBERG GROSS LLP, 650 Town Center Dr., Ste. 1700, Costa Mesa, CA 92626
(949) 383-2800   MStrub@GGTrialLaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-03278-RC

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial‐preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial‐preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PETRUSS MEDIA GROUP, LLC f/k/a
TAKE 5 MEDIA GROUP, LLC, et al.

                Petitioners,

v.

ADVANTAGE SALES & MARKETING
LLC, et al.,

                Respondents.

Case No. 1:22-cv-03278-RC

**ATTACHMENT 1 TO SUBPOENA TO HAMISTER REAL ESTATE EQUITY FUND**

Pursuant to Federal Rule of Civil Procedure 45, **Hamister Real Estate Equity Fund** is commanded to cause to be delivered all of the following documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its agents, attorneys, or employees, by **May 1, 2024** at **10:00 a.m. PST** to:

GREENBERG GROSS LLP
Attn:  Michael H. Strub, Jr.
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
Tel:  949-383-2800

Upon receipt of this subpoena, please have your attorney contact Michael H. Strub, Jr. by phone at 949-383-2770 or email at MStrub@GGTrialLaw.com to discuss the production.

-1-

## **DEFINITIONS**

As used in this Request for Documents, certain terms have specific meanings as defined in this section.

A.      The term "all" shall mean "any and all" so as to bring within the scope of the requests herein all documents and things that otherwise might be construed to be outside its scope.

B.      The terms "and" as well as "or" shall be construed both disjunctively and conjunctively, as necessary, to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

C.      The terms "any" and "each" should be understood to include and encompass "all."

D.      "Document", "documents" and "documentation" means any written or graphic matter or other means of preserving thought or expression including correspondence, memoranda, notes, messages, letters, emails, invoices, reports, receipts and statements of account, ledgers, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, and other data compilations from which information can be obtained, including both written or electronic communications. "Documents" shall also include all electronically stored information (hereinafter "ESI") including but not limited to all computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, mobile devices, smart phones, disks, back up tapes or other media.

E.      "Communication" and "communications" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise by any means, including in writing and electronically (including emails) by social media or otherwise.

F.      The term "You" and "Your" shall mean the individual or entity this subpoena is directed to including any (as applicable) of their owners, principals, partners, members, directors,

-2-

executives, officers, managers, employees, parents, subsidiaries, affiliates, partners, predecessors and/or successors in interest, agents, servants, representatives, attorneys, accountants, consultants, assigns, agents or any person or entity acting or purporting to act on behalf of, in concert with, or is subject to Your direction and/or control.

G.     "Creditors" shall mean collectively Advantage Sales & Marketing LLC, Advantage Sales & Marketing, Inc., Karman Intermediate Corp., Advantage Solutions, Inc., and Karman Topco L.P. and/or any person acting or purporting to act on its and/or their behalf.

H.     "Debtors" shall mean jointly Petruss Media Group, LLC f/k/a Take 5 Media Group, LLC, Alexander Radetich, Richard Gluck, and RJV Marketing Corp., and/or any person acting or purporting to act on its and/or their behalf.

I.     The term "any of the Debtors" shall mean Petruss Media Group, LLC f/k/a Take 5 Media Group, LLC, Alexander Radetich, Richard Gluck, and/or RJV Marketing Corp.

J.     The term "assets" shall mean money, cash, bank accounts, brokerage accounts, accounts receivable, mortgages, contracts, art, vehicles, jewelry, real estate, land, personally owned businesses, investments, stocks, mutual funds, bonds, electronically traded funds, marketable securities, promissory notes, intellectual property, patents, copyrights, legal claims, equitable claims, insurance claims, real property, personal property, trusts and all other tangible or intangible items and/or property that have value.

K.     The term "relating to" shall mean having as its subject, concerning, referring to, describing, evidencing or, in whole or in part, constituting.

L.     The term "including" shall be construed to mean "including, but not limited to" and shall be construed as a term of inclusion, not exclusion.

M.    The term "person" or "persons" include natural persons, firms, partnerships, associations, joint venturers, corporations, and businesses operating under an assumed name.

N.    The past tense of a verb includes the present tense and vice versa.

## INSTRUCTIONS

A.  These Requests are intended to cover all documents in your possession, custody or control, or that you have the legal right or practical ability to obtain, whether located at your home or at any of your offices, at the offices or homes of family members, agents, successors or assigns, accountants, attorneys, assistants, bankers, affiliates or others, or at any other place, including in any remote or online storage (including, for example, in a Web-based or other online document storage system, contact storage or management system, calendar system or email account).

B.  These Requests are intended to cover all documents in whatever form including, without limitation, in electronic form on any computer (including any personal computer), PDA, mobile phone, email device, portable electronic storage device, or information storage media (including without limitation any Web-based or other online document storage system, contact storage or management system, calendar system or email account) in the possession, custody or control of you, your agents, any service subscribed to by you or on your behalf, or any other persons acting or purporting to act on your behalf.

C.  These Requests are intended to cover all drafts of documents regardless of whether they were executed or not, as well as incomplete or partial documents, to the extent such draft or incomplete documents differ from other produced documents.

D.  Documents shall be produced in their original file folders or, in lieu thereof, any writing on the file folders from which documents are taken shall be copied and appended to such

documents, and the persons for whom, or department, division, or office for which, such file folders are maintained shall be identified.

E.  Documents produced pursuant to these Requests shall be identified by the number of the Request in response to which they are produced or produced as they are kept in the usual course of business.

F.  Production of Electronically Stored Information ("ESI") or any electronically stored data shall be in native format unless otherwise agreed, consistent with attached **Schedule "1."**  In producing documents consisting of electronically stored data in machine-readable form in response to any Request, provide such data in a form that does not require specialized or proprietary hardware or software.

G.  If a claim of privilege is asserted in objecting to any Request, or sub-part thereof, and a full response is not provided on the basis of such assertion, respond to any part of the Request which is not objectionable, produce all nonprivileged portions of responsive documents in redacted form, and furnish the following information in a privilege log with respect to that portion of the Request as to which the claim of privilege is asserted: (1) the nature of the privilege that is being claimed; (2) the type of document or thing withheld; (3) the general subject matter of the document; (4) the date of the document; (5) such other information as is sufficient to identify the document for a *subpoena duces tecum* including where applicable, the author(s) of the document, the addressee(s) of the documents, and the other recipients, and, where not apparent, the relationship of the author, addressee and other recipients to each other.

H.  If you maintain that any document or record responsive to these Requests has been destroyed or is no longer in your possession, custody or control, state whether it: (1) is missing or lost; (2) has been destroyed; (3) has been transferred, voluntarily or involuntarily, to others; or (4)

-5-

has been disposed of in some other manner.  In addition, where possible, set forth (i) the content of said documents, (ii) the location of any copies of said document, (iii) the date of such destruction, and (iv) the name of any person(s) who ordered, authorized or participated in such destruction.

I.   If a document is no longer in your possession, but a copy of said document has been maintained by an agent or consultant to you (such as, but not limited to, your accountants, auditors, attorneys, assistants, bankers, affiliates, or any expert retained by you), identify such document and identify the present custodian of such document.

J.   Each request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation or modification.

K.   These requests seek responsive documents from **January 1, 2017 to the present**.

L.   These are continuing Requests for the production of documents and things.  If, after making your initial production, you or your attorneys, agents or representatives, obtain or become aware of any further documents or things responsive to these Requests, you are requested to promptly produce such additional documents or things.

**<u>DOCUMENT REQUESTS</u>**

1.      All documents and communications relating to assets and/or property owned (in whole or in part) by any of the Debtors (Petruss Media Group, LLC f/k/a Take 5 Media Group, LLC, Alexander Radetich, Richard Gluck, and/or RJV Marketing Corp.).

2.      All documents relating to accounts (including account opening documents, statements, signature cards, and closing documents) held in the name of any of the Debtors.

3.      All documents relating to any payments, payment history, checks, debits, direct deposits, or any form of transfer of funds or assets made between You and any of the Debtors.

4.      All documents relating to any mortgages, loans and/or lines of credit (and any applications for any of these items) relating to any of the Debtors.

5.      All documents relating to any of the Debtors and any of the following:

      (a)      promissory notes, drafts, bills of exchange or other commercial papers;

      (b)      judgments;

      (c)      a beneficial interest in any trusts; and

      (d)      patents, copyrights, trademarks, service marks, franchises, or licenses to use the same.

6.      All agreements relating to You and any of the Debtors.

7.      All contracts relating to You and any of the Debtors.

8.      All documents which have not otherwise been produced in response to the earlier requests herein, which relate to You and any of the Debtors' accounts, assets and/or property.

**SCHEDULE "1"**
**Production of Electronically Stored Information (ESI)**

**FORM OF PRODUCTION**

ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with **ALL** native files provided and word searchable OCR/extracted text (Optical Character Recognized – i.e., searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5 x11 canvas.**

The files should be delivered with the following folder structure:

IMAGES – contains the TIF and JPG files, up to 10,000 items.
DATA – contains the OPT and LFP files and the metadata text file (DAT)
NATIVES – contains all the original native files named as the BEGDOC
TEXT – contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegAttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |

-8-

| Eclipse Metadata Field | Field Description |
|---|---|
| CC | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DD/YYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MM/DD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name + email) |
| Hash_Code | MD5 hash |
| Header | Email header |
| InternetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password_Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD, hard drive; brief desc. Of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xls (**Excel**), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel_Comments | Comments |
|---|---|

| Excel_HiddenColumns | Hidden Columns |
|---|---|
| Excel_HiddenRows | Hidden Rows |
| Excel_HiddenWorksheets | Hidden Worksheets |
| Num_Lines | Number of lines |
| Num_Paragraphs | Number of paragraphs |
| Num_slides | Number of slides |
| Num_Notes | Number of notes |
| Num_HiddenSlides | Number of hidden slides |
| Num_Multimedia | Number of multimedia clips |
| Security | Security |