IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETRUSS MEDIA GROUP, LLC f/k/a TAKE 5 MEDIA GROUP, LLC et al.<br><br>Petitioners,<br><br>v.<br><br>ADVANTAGE SALES & MARKETING LLC, et al.,<br><br>Respondents. | Case No. 1:22-cv-03278-RC |

## MALA ROKADA LP'S MOTION FOR A PROTECTIVE ORDER REGARDING SUBPOENA SERVED ON TD BANK, N.A. AND MEMORANUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION

Pursuant to the Rules of this Court, Movant Mala Rokada LP ("Mala Rokada" or "Movant") respectfully request that this Court enter a Protective Order directing TD Bank, N.A. ("TD Bank") to not produce documents belonging to Mala Rokada.[1] The subpoena is seeking information regarding Mala Rokada because of its relationship with Alexander Radetich (against whom there is a judgment). The mere existence of a relationship between Mala Rokada and Mr. Radetich does not entitle Advantage Sales & Marketing LLC, Advantage Sales & Marketing, Inc., Karman Intermediate Corp. Advantage Solutions Inc. and Jarman Topco L.P. (collectively, the "Judgment Creditors" or "Advantage Parties") to discovery of the account records, tax statements, checks, transfers, safe deposit records loan documents and trust documents of Mala Rokada – who is ***not*** a Judgment Debtor.

---

[1] T.D. Bank's response to the subpoena is due on June 17, 2024.

**Local Rule 7(m) Certification**, In accordance with LCvR 7(m), counsel for Movant contacted counsel for the Judgment Creditors by email on Wednesday, May 22, 2024 in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. Counsel for the Advantage Parties did not consent to the Motion.

## BACKGROUND

This action was commenced on October 26, 2022 when Petruss Media Group LLC (f/k/a Take 5 Media Group LLC), Alexander Radetich, Richard Gluck and RJV Marketing Corp. (collectively, the "Petitioners" or "Judgment Debtors") filed a Petition to Vacate or Set Aside Arbitration Awards entered in an American Arbitration Association in favor of the Advantage Parties. Doc. No. 1. On June 20, 2023, the Advantage Parties cross-moved, *inter alia*, to confirm the Arbitration Award. Doc. No. 30.

In a Memorandum Opinion entered on August 25, 2023, this Court, *inter alia*, denied Petitioners' motion to vacate, and granted the Advantage Parties' motion to confirm the arbitration award. Doc. No. 43. On November 8, 2023, the Court entered a Judgment in favor the Advantage Parties and against Petitioners for $74,816,835.37, plus interest. Doc. No. 52.

Since that time, the Judgment Creditors have engaged in post-judgment discovery. As described below, one of the Judgment Debtors (Alexander Radetich) has an affiliation with Mala Rokada. *See* Declaration of Alexander Radetich (previously filed in connection with Mala Rokada's Motion for a Protective Order, Doc. 55-3, with a courtesy copy attached as Exhibit 2) ("Radetich Decl.") at ¶¶ 6-7. Since the time that the Judgment Creditors obtained the Judgment, they have engaged in post-judgment that discovery. The Judgment Creditors served a subpoena on Mr. Radetich personally and he produced a copy of the limited partnership agreement of Mala

Rokada. In addition, Judgment Creditors served a subpoena on Mala Rokada, who produced documents as part of a rolling production. Radetich Decl. at ¶ 9.

On May 16, 2024, the Judgment Creditors served notice that they were serving a *subpoena duces tecum* directed to TD Bank (attached as Exhibit 1). The TD Bank Subpoena requests a broad range of documents regarding twenty-five (25) different individuals or entities (only five of who are judgment debtors) from January 1, 2017 to the present, including, inter alia:

- documents and communications *related* to the accounts of the twenty-five (25) different individuals or entities, including Mala Rokada;

- documents *relating* to accounts for the same twenty-five (25) individuals or entities, including Mala Rokada;

- a wide variety of documents including tax statements, checks, transfers, safe deposit records loan documents and trust documents *relating* to the same twenty-five (25) individuals or entities, including Mala Rokada.

*See* Exhibit 1. Mala Rokada is not a judgment debtor, yet defendants go so far as to seek direct information regarding its assets.

## ARGUMENT

### THIS COURT SHOULD ENTER A PROTECTIVE ORDER DIRECTING TD BANK TO NOT PRODUCE DOCUMENTS THAT CONTAIN CONFIDENTIAL FINANCIAL INFORMATION REGARDING MALA ROKADA

**A.    The Legal Standards.**

Although "'legal victors may engage in broad post-judgment discovery,' and '[t]he rules governing discovery in post[-]judgment execution proceedings are quite permissive,'" (*Doraleh Container Terminal SA v. Republic of Djib.*, Misc. Action 23-83 (BAH) slip op. at 6 (D.D.C. Sep. 21, 2023) *quoting Amduso v. Republic of Sudan*, 288 F.Supp.3d 90, 94 (D.D.C. 2017) and *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014)), the ability to do so is not unlimited:

> The court for the district where compliance is required must, on a timely motion, quash or modify a subpoena that … requires

> disclosure of privileged or other protected matter, if no exception or waiver applies …. Fed. R. Civ. P. 45(d)(3)(A).

*Dist. Title v. Warren*, Civil Action No. 14-1808 ABJ/DAR slip op. at 7 (D.D.C. June 2, 2017).

Moreover, although a party generally lacks standing to challenge a subpoena issued to a third party, there are exceptions when there is "a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter." *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C.2005); *see also West Coast Productions, Inc. v. Does*, 275 F.R.D. 9 (D.D.C. 2011).

**B.      This Court Should Enter a Protective Order Regarding the TD Bank Subpoena Because The Subpoena Is Overbroad in That It Seeks Information Regarding Mala Rokada That is Confidential Financial Information and Personal to the Company (Which is Not a Judgment Debtor).**

Mala Rokada is not named in the Judgment. Radetich Decl. at ¶ 14. Mr. Radetich's only affiliation to Mala Rokada is that he serves as the manager of PGR Fairway LLC, the general partner of Mala Rokada. Radetich Decl. at ¶ 13. The Judgment Debtors do not have an ownership interest in Mala Rokada, Radetich Decl. at ¶ 7.

The TD Bank Subpoena seeks, *inter alia*, account statements and records, communications, tax statements, checks, transfers, safe deposit records, loan documents and trust documents **relating** to Mala Rokada. The subpoena, as written would require TD Bank to potentially produce confidential and private financial records of Mala Rokada.[2]

Movant, who is not a Judgment Creditor in this action, is entitled to a protective order because the information regarding it is protected as financial and private information that is personal to Mala Rokada. *Warren*, slip op. at 7; *Thurgood Marshall Academy*, 230 F.R.D. at 21.

---

[2]     The Subpoena is also overbroad in that, given that Mr. Radetich is the manager of a general partner of Mala Rokada, Judgment Creditors may argue that any document with his name on it is "related" to Judgment Debtors and therefore responsive to the Subpoena. But, the assets of Mala Rokada are not subject to being collected as part of the judgment, and the records regarding those same assets should be viewed as personal to Mala Rokada and not produced.

Simply because of a Judgement Debtor's affiliation with Mala Rokada does not entitle the Judgment Creditors to unfettered financial discovery into the finances of Mala Rokada.[3] *Cf. Peskoff v. Faber*, 230 F.R.D. 25, 29 (D.D.C. 2005) ("… this Court will not order the production of the defendant's personal account information. To do otherwise, in this Court's view, would allow an unwarranted fishing expedition.").

## CONCLUSION

For the foregoing reasons, Movant Mala Rokada respectfully requests that this Court enter a Protective Order directing TD Bank to ***not*** produce documents related to Mala Rokada.

Dated: May 23, 2024

Respectfully submitted,

KALBIAN HAGERTY, LLP

By: /s/ William P. McGrath, Jr.
William P. McGrath, Jr
(Bar No. 422160)
888 17th Street, N.W.
Suite 1200
Washington, D.C. 20006
Telephone: (202) 223-5600
wmcgrath@kalbianhagerty.com

*Attorney for
Movants Mala Rokada LP and
JJEP Holdings LLC*

---

[3] Mala Rokada is not requesting that the entire subpoena be quashed – it merely requests that an Order be entered to directs TD Bank to ***not*** produce documents related to Mala Rokada.

## CERTIFICATE OF SERVICE

I hereby certify on May 23, 2024 that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Michael H. Strub, Jr.<br>Jeffer Mangels Butler & Mitchell LLP<br>3 Park Plaza<br>#1100<br>Irvine, CA  92614<br>MStrub@jmbm.com | Sarah M. Gragert<br>Jason R. Burt<br>Latham & Watkins LLP<br>555 Eleventh Street, NW,<br>Suite 1000<br>Washington, D.C., 20004<br>sarah.gragert@lw.com<br>jason.burt@lw.com |

By:    /s/  William P. McGrath, Jr.
        William P. McGrath, Jr.