UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PETRUSS MEDIA GROUP, LLC f/k/a TAKE 5 MEDIA GROUP, LLC,** *et al.*, <br><br> Petitioners, <br><br> v. <br><br> **ADVANTAGE SALES & MARKETING LLC,** *et al.*, <br><br> Respondents. | No. 22-cv-3278-RC-ZMF |

## MEMORANDUM OPINION AND ORDER

Non-party movants Mala Rokada LP ("Mala Rokada") and JJEP Holdings LLC ("JJEP") (collectively, "Movants") seek a protective order modifying two subpoenas issued to non-party financial institutions. For the reasons set forth herein, the Court will DENY the motion.

**I.     BACKGROUND**

On November 8, 2023, the court entered judgment in favor of respondents Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P. ("Advantage Parties") in the amount of $74,816,853.37 plus interest to be recovered jointly and severally from petitioners Petruss Media Group, LLC f/k/a Take 5 Media Group LLC, RJV Marketing Corp., Richard Gluck, and Alexander Radetich ("Judgment Debtors"). *See* Judgment, ECF No. 52.

The Advantage Parties have since engaged in post-judgment discovery. On March 28, 2024, the Advantage Parties issued a subpoena to Hamister Real Estate Equity Fund ("Hamister") seeking documents relating to assets of the Judgment Debtors. *See* Mala Rokada and JJEP's Mot.

1

for Protective Order ("Mot."), Ex. 1, Subpoena ("Hamister Subpoena"), ECF No. 55-1. On April 10, 2024, the Advantage Parties issued a similar subpoena to Charles Schwab & Co. ("Schwab"). *See* Mot., Ex. 2, Subpoena ("Schwab Subpoena"), ECF No. 55-2.

The subpoenas do not specifically request documents concerning either Movant; however, Movants fear that Hamister and Schwab may produce documents "related to" Movants because of Movants' connection to Judgment Debtor Alexander Radetich. Mot. at 5. The precise nature of Movants' relationship with the Judgment Debtors is unclear. Movants assert that Judgment Debtor Alexander Radetich is the manager of the general partner of movant Mala Rokada, and that Radetich and Judgment Debtor Richard Gluck are managers (but not owners) of JJEP. *See* Mot., Ex. 3, Decl. of Alexander Radetich ("Radetich Decl.") ¶¶ 7–8, ECF No. 55-3. However, the Advantage Parties note that both Radetich and Gluck are listed as members (*i.e.*, owners) of JJEP. *See* Opp'n Mot. Protective Order ("Opp'n"), Ex. 1, Decl. of Michael H. Strub, Jr. ("Strub Decl.") ¶ 4, ECF No. 61-1.

Regardless, Movants seek a protective order directing Hamister and Schwab to not produce Movants' account records and related documents. *See* Mot. at 5. Movants fear "unfettered financial discovery into the finances of Mala Rokada and JJEP." *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 69(a)(2) directs that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person." "[T]he standards for receiving post-judgment discovery are quite permissive." *Amduso v. Republic of Sudan*, 288 F. Supp. 3d 90, 94 (D.D.C. 2017) (internal quotation marks omitted). Permissible post-judgment discovery includes Rule 45 subpoenas. *See, e.g.*, *Dist. Title v. Warren*, No. 14-cv-1808, 2017 WL 2462489, at *4 (D.D.C. June 2, 2017).

## III.   DISCUSSION

Protective orders may issue under Rule 26 or Rule 45. Movants do not identify the Rule under which they seek a protective order. *See* Mot. at 4–5. Rule 26(c) permits only "[a] party or any person from whom discovery is sought" to seek such an order. Fed. R. Civ. P. 26(c). Movants are not parties to the case, nor are they persons from whom discovery is sought. The Court will accordingly construe the motion under Rule 45(d)(3), which imposes no such restriction. *Cf. Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) (construing a party's motion to quash under Rule 26(c) instead of Rule 45 where the party would not have had standing under Rule 45).

Rule 45(d)(3)(A) provides that a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." "The burden is on the movant to establish that a protective order should be granted or that a subpoena duces tecum should be quashed." *Washington*, 230 F.R.D. at 21 (first citing *Fonville v. District of Columbia,* No. 02-cv-2353, 2005 WL 1244816, at *1 (D.D.C. May 25, 2005), then citing *U.S. v. Intern. Bus. Mach. Corp.,* 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

### A.   Standing

As a preliminary matter, the standing inquiry in this case involves statutory—not constitutional[1]—standing. "[T]he term 'statutory standing' is somewhat misleading." *United States v. Preston*, 123 F. Supp. 3d 24, 29 (D.D.C. 2015) (quoting *Lexmark Int'l v. Static Control*

---

[1] "The 'irreducible constitutional minimum of standing' has three requirements: (1) an 'injury in fact,' (2) 'a causal connection between the injury and the conduct complained of,' and (3) it 'must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Seed v. Env't Prot. Agency*, 100 F.4th 257, 260 (D.C. Cir. 2024) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Movants here allege that the subpoenas will cause them injury, which the protective order they seek would redress.

*Components, Inc.,* 572 U.S. 118, 128 n.4 (2014)). "Statutory standing is not really about standing at all, in the sense that it limits a 'court's statutory or constitutional *power* to adjudicate the case.' Instead, statutory standing is nothing more than an inquiry into whether the statute at issue conferred a 'cause of action' encompassing 'a particular plaintiff's claim.'" *United States v. Emor*, 785 F.3d 671, 677 (D.C. Cir. 2015) (quoting *Lexmark Int'l,* 572 U.S. at 127–28 & n.4). The parties dispute whether Rule 45 authorizes Movants, nonparties who did not receive the subpoenas, to object to the subpoenas.[2]

"[A]bsent a privilege, personal interest, or proprietary interest," a person other than the person from whom the documents are requested "has no [statutory] standing to seek to quash, under [Rule] 45." *Washington*, 230 F.R.D. at 22. Many courts have found that parties and non-parties alike have standing to challenge subpoenas seeking their financial information, even when it is sought from a third-party financial institution.[3] Yet some courts have held that "nonparties who were not themselves the targets of the subpoena do not have standing pursuant to Rule 45(d)(3)(A)." *R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*, No. 12-cv-8261, 2014 WL

---

[2] "A motion . . . for a protective order, should generally be made by the person from whom the documents or things are requested." *W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 16 (D.D.C. 2011) (quoting *Washington*, 230 F.R.D. at 21). However, like an NPC bank teller in *Free Guy*, Hamister and Schwab are continuing with their scripted lives unmoved by the potential problems caused by the subpoenas.

[3] *See Khouj v. Darui*, 248 F.R.D. 729, 732 n.6 (D.D.C. 2008) (reasoning that a party has a "legitimate interest in protecting his own private financial information"); *Griffith v. United States*, No. M8-85, 2007 WL 1222586, at *1 (S.D.N.Y. Apr. 25, 2007) (finding that a non-party "who claims a privacy interest in the records of his [financial] accounts . . . has standing to move pursuant to Federal Rule 45(c) to quash" a subpoena of those records); *Arias-Zeballos v. Tan*, No. 06-cv-1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) ("[I]ndividuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution."); *Broadcort Cap. Corp. v. Flagler Sec., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993) (finding that a nonparty claiming privilege has standing to challenge a subpoena under Rule 45).

2804276, at *3 (D. Ariz. June 20, 2014) (citing cases); *In re Yassai*, 225 B.R. 478, 480–82 (Bankr. C.D. Cal. 1998).

The Advantage Parties cite two cases holding that non-parties lack standing to seek to modify or quash subpoenas of their information from a third-party financial institution. *See* Opp'n at 5 (citing *In re Yassai*, 225 B.R. at 481–82 and *Salem Vegas, L.P. v. Guanci*, No. 2:12-cv-1892, 2013 WL 5493126, at *3 (D. Nev. Sept. 30, 2013)). The *Yassai* court compared Rule 45(d)(3)(A) with 45(d)(3)(B):[4] both permit subpoena modification, but the latter includes the introductory clause "[t]o protect a person subject to or affected by a subpoena." *Yassai*, 225 B.R. at 481 (quoting Fed. R. Civ. P. 45(d)(3)(B)). The *Yassai* court reasoned that the omission of similar language from Rule 45(d)(3)(A) suggested that parties "who are merely 'affected by,' but not 'subject to' the subpoena" do not have standing to move to quash or modify a subpoena under Rule 45(d)(3)(A). *Id.* In addition, the *Yassai* court reasoned that the title of Rule 45—"Protection of Persons Subject to Subpoenas"[5]—indicated a focus on the rights of persons subject to subpoenas to the exclusion of those merely affected by them. *Id.*

But *Yassai* is unconvincing. "It is by now a familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself." *Id.* (internal quotation marks omitted). Rule 45(d)(3)(A) does not, by its letter, prohibit any class of persons from seeking to quash or modify a subpoena. Titled "When Required," the subsection reads: "On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that" meets one of four criteria. Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). The Rule

---

[4] The *Yassai* court analyzed a precursor to Rule 45(d)(3), then numbered 45(c)(3), but the Rule has not significantly changed. *See* 225 B.R. at 480–82.

[5] The title is now "Protecting a Person Subject to a Subpoena; Enforcement."

does not define classes of movants who can or cannot move to modify subpoenas under its provisions. And because the Rule uses "must," courts have no discretion in complying with the Rule. *See, e.g.*, *Nat'l Ass'n of Postal Supervisors v. U.S. Postal Serv.*, 26 F.4th 960, 971 (D.C. Cir. 2022).

By contrast, Rule 45(d)(3)(B), titled "When Permitted," provides two criteria by which a court "*may*, on motion, quash or modify the subpoena." Fed. R. Civ. P. 45(d)(3)(B) (emphasis added). "[T]he word 'may' in [a statute] merely grants discretion . . . , the limits of which are ascertained by reference to the section's other language, its structure and its purpose." *Halverson v. Slater*, 129 F.3d 180, 188 (D.C. Cir. 1997). The introductory clause "[t]o protect a person subject to or affected by a subpoena" is best understood as framing for a court what it should consider while exercising that discretion. *See id.* Instead reading the introductory clause to deny standing by negative implication to movants under another provision of the Rule affected by a subpoena is a bridge too far. *Cf. Nat'l Women, Infants, & Child. Grocers Ass'n v. Food & Nutrition Serv.*, 416 F. Supp. 2d 92, 100 (D.D.C. 2006) (not imputing a limiting word in one section of a statute to another section that lacked the limiting word).

Further, the language in Rule 45(d) is appropriately compared to that of Rule 26(c)—not only because Rule 26 governs related discovery matters, but because a number of changes have been made to Rule 45 over the years to synchronize it with Rule 26.[6] Rule 26(c) explicitly limits

---

[6] *See* Fed. R. Civ. P. 45 Advisory Committee Notes, 1991 Amendment (changing the Rule in various parts to "track[] the provisions of Rule 26(c)," "correspond[] to Rule 26(c)(7)"; and "correspond[] to . . . Rule 26(b)(5)"); Advisory Committee Notes, 2005 Amendment (comparing part of Rule 45 with part of Rule 26(c)); Advisory Committee Notes, 2006 Amendment (changing the Rule to "conform the provisions for subpoenas to changes in other discovery rules" and ensuring that parts of Rule 45(d)(1)(D) track Rule 26(b)(2)(C)); Advisory Committee Notes, 2007 Amendment (replacing language in former Rule 45(d)(2) with the wording of Rule 26(b)(5)).

protective orders to "[a] party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c). In contrast, Rule 45(d) contains no such limiting language. "[W]hen one statutory section includes particular language that is omitted in another section of the same Act, it is presumed that Congress acted intentionally and purposely." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 439–40 (2002). Thus, the drafters of the Rules—who knew how to limit which persons could move to modify a subpoena—made different choices on this matter between Rule 26(c) and Rule 45(d). *See id*.

In sum, this Court follows the Southern District of New York in holding that Rule 45(d)(3)(A) does not silently divest non-parties asserting a privilege in subpoenaed matter of standing to move to quash or modify that subpoena. *See Griffith*, 2007 WL 1222586, at *1. "[I]ndividuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." *Id.* (quoting *Arias-Zeballos v. Tan*, No. 06-cv-1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007)) Thus, the Movants have standing to object to the subpoenas. *See id.*

B.   Merits of Modification Under Rule 45

Movants have not met their burden of demonstrating that the information sought in the subpoenas is "privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii).

"A blanket assertion of the privilege [claimed] will not suffice. Rather, the proponent must conclusively prove each element of the privilege." *Dist. Title*, 2017 WL 2462489, at *5. Movants provide no recognized privilege, let alone step through an element-by-element analysis. On the contrary, there is no recognized privilege in federal court for financial information held by a financial institution. *See In re Yassai*, 225 B.R. at 482–83 (citing cases for the proposition that there is no federal banker-depositor privilege). Indeed, "a person does not have a general right to

7

or privilege in his banking records held by his bank." *Robertson v. Cartinhour*, No. 09-cv-3436, 2010 WL 716221, at *1 (D. Md. Feb. 23, 2010) (denying motion to quash a subpoena for bank records).

Movants alternatively argue that the subpoenas are "protected" because the financial information sought is "personal" to Movants, and that Movants "will be harmed in that the information sought will reveal [their] confidential, private, and sensitive financial information." Mot. at 5; Reply Mem. P. & A. Supp. Mot. Protective Order ("Reply") 1, ECF No. 62. Movants also set forth a generalized concern that "the Judgement [sic] Debtors' affiliations with Mala Rokada and JJEP [will] entitle the Judgment Creditors to unfettered financial discovery into the finances of Mala Rokada and JJEP." Mot. at 5. But the subpoenas only request information relating to the Judgment Debtors; Movants are not mentioned. *See* Hamister Subpoena, Schwab Subpoena. The subpoenas do not authorize disclosure of Movants' information except insofar as Movants engaged in transactions with a Judgment Debtor, hold accounts or assets jointly with a Judgment Debtor, or are otherwise related to a Judgment Debtor. *See id.* Yet, given the apparent close ties between the Judgment Debtors and the Movants, some documents relating to Movants may be swept up in the subpoena returns. But Movants fail to substantiate their assertions of protection or cite any authority that their financial information is a "protected matter"[7] requiring modification

---

[7] Neither case cited by Movants suggests that a third party's financial information, as held by a financial institution, is privileged or protected. The cases movants cite—*District Title v. Warren*, No. 14-cv-1808, 2017 WL 2462489 (D.D.C. June 2, 2017) and *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18 (D.D.C. 2005)—are inapposite. *See* Mot. at 5. In *District Title*, the court *denied* a request for a protective order from a third party from whom the prevailing party sought post-judgment discovery where the third party had discoverable information and failed to offer a cogent explanation of why he was not required to comply with the subpoena. *See* 2017 WL 2462489 at *4. In *Washington*, the court modified subpoenas pursuant to the parties' requests under Rule 26 to meet that Rule's relevance standard. 230 F.R.D. at 22–24.

of the subpoena, as is their burden. *See Washington*, 230 F.R.D. at 21. "Therefore, the Court declines to [modify] the subpoenas on the basis of any asserted privacy rights by the [Movants]." *W. Coast Prods.,* 275 F.R.D. at 14.

Thus, there is no basis to modify the subpoena under Rule 45(d)(3)(A). *See Doraleh Container Terminal SA v. Republic of Djibouti*, No. 23-mc-83, 2023 WL 6160015, at *2 (D.D.C. Sept. 21, 2023).

### IV.  CONCLUSION

The Court accordingly hereby **DENIES** the motion.

However, to address Movants' concern about disclosure of their financial information, the Court hereby **ORDERS** the Advantage Parties to limit the use of these subpoenas returns to assist only in recovering the judgment in this case and not to share that information or otherwise use it for unrelated purposes. *See Washington*, 230 F.R.D. at 24 (protecting the privacy rights of individuals whose personal information was subject to discovery by limiting permissible use of discovery to the case at hand).

This is a final order issued pursuant to Local Rule 72.2. The parties are hereby advised that, under the provisions of Local Rule 72.2(b) of the U.S. District Court for the District of Columbia, any party who objects to this Order must file a written objection thereto with the Clerk of this Court within fourteen days of the party's receipt of this Order. When considering an objection, the District Judge will determine whether this Order is clearly erroneous or contrary to law. *See* LCvR 72.2(c).

Date: June 5, 2024  _____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE