UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETRUSS MEDIA GROUP, LLC f/k/a
TAKE 5 MEDIA GROUP, LLC, *et al.*

      Petitioners,

      v.                          Case No. 1:22-cv-03278-RC (ZF)

ADVANTAGE SALES
& MARKETING LLC, *et al.*,

      Respondents.

_____/

**MOTION FOR PROTECTIVE ORDER REGARDING THIRD-PARTY SUBPOENAS**

Non-parties Carolyn Gluck, individually and as trustee of the 2021 Gluck Family Trust Dated October 21, 2021 (the "Trust"), and JoJo Limited Partnership ("JoJo") (collectively, the "Carolyn Non-Parties"), pursuant to Federal Rules of Civil Procedure 26(b)(2)(C)(i), 26(c)(1), and 45(d)(3)(A), respectfully seek an order quashing the subpoena served on Kaufman, Rossin & Co. ("Kaufman") by Respondents Advantage Sales & Marketing LLC, Advantage Sales & Marketing Inc., Karman Intermediate Corp., Advantage Solutions Inc., and Karman Topco L.P. (the "Judgment Creditors") in the above-captioned matter (the "District Case").  In support, the Carolyn Non-Parties state as follows:

**Local Rule 7(m) Certification**

In accordance with Local Rule 7(m), the undersigned counsel for the Carolyn Non-Parties certifies that Florida counsel for the Carolyn Non-Parties, Eric Pendergraft, Esq., conferred with California counsel for the Judgment Creditors, Alan Greenberg, Esq., on April 28, 2025 in a good faith effort to determine whether there is any opposition to the relief sought herein, and to narrow

the areas of disagreement without Court intervention. Such counsel did not reach an agreement, and this instant motion is therefore opposed.

### Summary of Argument

1.       The Court should grant this motion and quash the subpoena in question because such subpoena is wholly duplicative of the subpoena issued by the Judgment Creditors in the active case pending in Florida. The subpoena also implicates Florida's accountant-client privilege. Therefore, the subpoena issued in this instant District Case is unreasonably duplicative under Federal Rule of Civil Procedure 26(b)(2)(C)(1), and the Court should quash such subpoena pursuant to Federal Rules of Civil Procedure 26(c)(1) and 45(d)(3)(A).

### Relevant Facts

2.       The above-captioned case involves this District Court's diversity jurisdiction. On November 8, 2023, this District Court entered a final judgment in the principal sum of $74,816,853.37 (the "Judgment") against Petitioners, Petruss Media Group, LLC f/k/a Take 5 Media Group, LLC ("Take 5 Media"), Alexander Radetich, Richard Gluck,[1] and RJV Marketing Corp. in favor of the Judgment Creditors in connection with an arbitration proceeding concerning the sale of Take 5 Media's Florida business assets to the Judgment Creditors (the "District Case").

3.       Judgment debtors Alexander Radetich and Richard Gluck reside in Florida, as does Carolyn Gluck. JoJo operates in Florida.

4.       On December 18, 2023, the Judgment Creditors commenced post-judgment collection proceedings (the "Florida Proceedings")[2] in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Florida Court") under the Florida Enforcement

---

[1] Richard Gluck is married to Carolyn Gluck.

[2] Case No. 50-2023-Ca-017115-XXXA-MB, in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

of Foreign Judgments Act, Fla. Stat § 55.501, *et seq.*

8.      Since December 2023, Florida has been the focus of litigation in this matter, with steadily increasing frequency, and the Judgment Creditors have conducted extensive discovery in aid of execution, as well as litigation, in the Florida Proceedings.

5.      On September 24, 2024, the Florida Court commenced proceedings supplementary against Richard Gluck and Alexander Radetich.  On October 22, 2024 in the Florida Court, the Judgment Creditors moved to implead Mala Rokada, L.P. and JoJo Limited Partnership as defendants in the Proceedings Supplementary.[3]  Further, the Judgment Creditors requested leave from the Florida Court to file a supplemental complaint asserting claims for fraudulent transfer avoidance and reverse veil piercing liability against Mala Rokada, L.P. and JoJo Limited Partnership.

6.      Between December 18, 2024 and January 16, 2025, the Judgment Creditors conducted the examinations[4] of Alexander Radetich and Richard Gluck under before a Special Magistrate, retired Florida appellate Judge Frederick A. Hazouri.  The Judgment Creditors also issued and served numerous subpoenas in the Florida Proceedings—augmented by numerous Rule 45 subpoenas in this District Court Case—upon banks, financial institutions, and corporate entities, including Mala Rokada, JoJo Limited Partnership.

9.      As a result of this prior discovery, the Judgment Creditors have already obtained tens of thousands of documents including banking records, investment accounts, corporate formational documents, trust documents, together with other documents and information relating

---

[3] The Judgment Creditors withdrew this request following their examinations of Richard Gluck and Alexander Radetich.

[4] *See* Fla. Stat. § 56.30.

to the assets of the Richard Gluck, Carolyn Gluck, Alexander Radetich, Mala Rokada, JoJo Limited Partnership, and other entities.

10.     Having obtained such extensive pre-complaint discovery, on December 17, 2024 in the Florida Court, the Judgment Creditors filed their *Complaint For: (1) Avoidance of Fraudulent Transfers and Related Relief; and (2) Alter-Ego and Reverse Veil Piercing Liability* against Mala Rokada, L.P., JoJo Limited Partnership, and Katherine Radetich (the "Florida Fraudulent Transfer Action").[5]

11.     On February 13, 2025, the Judgment Creditors amended this complaint to, among other things, assert six new causes of action to avoid and recover alleged fraudulent transfers, and added Carolyn Gluck and others as defendants.

12.     Last week, the Florida Court presiding over the Florida Fraudulent Transfer Action entered its *Amended Order Designating Case A "Complex Case," Directions to the Clerk of Court and Order Setting Initial Case Management Conference* which, among other things, set an Initial Case Management Conference for May 7, 2025.

## The Florida Subpoenas and DC Subpoenas

13.     On April 16, 2025 in the Florida Fraudulent Transfer Action, the Judgment Creditors filed and served a notice of subpoena (the "Florida Subpoena") intended to be served upon Kaufman, an accounting firm.  A copy of the Florida Subpoena is attached hereto as **Exhibit A**.

14.     Also on April 16, 2025, in this District Case, the Judgment Creditors served a Rule 45 subpoena (the "DC Subpoena") on Kaufman, a copy of which is attached hereto as **Exhibit B**.

15.     Both the Florida Subpoenas and DC Subpoenas are substantially similar with each

---

[5] Case No. 50-2024-CA-011891-XXXA-MB, in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

4

subpoena containing nearly identical categories of document requests.

16.    Carolyn Gluck, JoJo, and the Trust are tax advice and accounting clients of Kaufman, and any documents in the possession of Kaufman relating to Carolyn Gluck, JoJo, or the Trust are confidential communications or confidential documents obtained by Kaufman from its clients for the purpose of rendering tax advice and accounting services in Florida.

17.    Such documents are thus subject to Florida's accountant-client privilege.[6]

18.    On April 25, 2025, Carolyn Gluck, JoJo, and another party defendant filed, with the Florida Court, their objection to the Florida Subpoena based upon Florida's accountant-client privilege.  A copy of such objection—without the exhibits attached to the objection—is attached hereto as **Exhibit C**.

19.    Carolyn Gluck and JoJo fully expect that their objection, and the scope and permissibility of the Florida Subpoena, will be resolved by the Florida Court.

### Legal Argument

20.    "Although the standard for discovery is a broad one, it is not boundless.  Pursuant to Rule 26(b)(2), the court 'shall' limit the discovery available to a party if it is determined that: 'the discovery sought is unreasonably cumulative or duplicative[.]'" *E.E.O.C. v. District of Columbia Public Schools*, 217 F.R.D. 12, 14 (D.D.C. July 1, 2003).  Here, the DC Subpoena is fully duplicative of the Florida Subpoena.

21.    Moreover, Carolyn Gluck and JoJo have already objected to the Florida Subpoena—on the basis of Florida's accountant-client privilege—in the active Florida Fraudulent

---

[6] "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client. This privilege includes other confidential information obtained by the accountant from the client for the purpose of rendering accounting advice." Fla. Stat. § 90.5055(2).

Transfer Action in which the Florida Court will manage discovery between the Judgment Creditors and the mostly Florida-based defendants leading up to the Florida Court's determination of the fraudulent transfer avoidance claims brought pursuant to Florida's Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, *et seq.* The Florida Court is well-positioned to manage discovery and other pre-trial matters, including objections invoking Florida's accountant-client privilege under section 90.5055 of the Florida Statutes.[7]

22.    Further, under Federal Rule of Procedure 45(d)(3)(iii), a subpoena requesting production of privileged matter should be quashed, and under Federal Rule of Civil Procedure 26(c)(1), the Court may issue protective orders forbidding discovery.

23.    Accordingly, good cause exists for this District Court to quash the DC Subpoena as to the Carolyn Non-Parties, because the DC Subpoena is unreasonably duplicative of the Florida Subpoena, and because the DC Subpoena improperly requests production, from an accounting firm, of matter protected by Florida's accountant-client privilege, a dispute over which will be managed by Florida Court presiding over the Florida Fraudulent Transfer Action.

**WHEREFORE**, Carolyn Gluck, individually, and as trustee of the 2021 Gluck Family Trust Dated October 21, 2021, and JoJo respectfully requests that the Court enter an order quashing the DC Subpoena.

*[Signature on Following Page]*

---

[7] Such Florida accountant-client privilege may properly be invoked in this non-Florida District Court by the Carolyn Non-Parties, who are residents of Florida. *See Ray v. CLH New York Ave., LLC*, 2020 WL 5594064 (D.D.C. 2020) (permitting Maryland resident in diversity jurisdiction case to invoke Maryland's accountant-client privilege).

Respectfully Submitted,


/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
DC Bar #1034066
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Telephone: (301) 444-4600
Facsimile: (301) 444-4600
Electronic Mail: mac@mbvesq.com
*Counsel for JoJo Limited Partnership*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2025, a copy of the foregoing was

served via this Honorable Court's CM/ECF system, upon all parties registered to receive notice.


/s/ Maurice B. VerStandig
Maurice B. VerStandig

7